# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASHAYILA SAYERS, BRITTNEY TINKER, JENNIFER MONACHINO, KIMBERLY MULLINS, HILDA MICHELLE MURPHREE, and AMANDA JIMENEZ, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>      v.<br><br>ARTSANA USA, INC.<br><br>                  Defendant. | Case No. 7:21-cv-07933-VB |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
## <u>FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND............................................. 3

III.     THE TERMS OF THE PROPOSED SETTLEMENT .......................................... 5

     A.    The Class Definition ................................................................................. 5

     B.    Monetary Relief ........................................................................................ 5

     C.    Injunctive Relief ....................................................................................... 6

     D.    Release Of Claims .................................................................................... 7

     E.    Notice, Claims Process, And Settlement Administration ........................... 7

     F.    Attorneys' Fees, Costs, Expenses, And Service Awards............................ 7

IV.     STANDARD FOR PRELIMINARY APPROVAL............................................. 8

V.     THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT ........... 10

     A.    The Settlement Is Procedurally Fair And Not A Product Of Collusion ........ 10

     B.    The Settlement Is Substantively Fair, Reasonable, And Adequate ............. 12

         1.     Rule 23(e)(2)(C)(i) – The Costs, Risks, And Delay Of Trial And Appeal And First, Fourth, Fifth, And Sixth *Grinnell* factors.................... 12

         2.     Rule 23(e)(2)(C)(ii) – The Proposed Method Of Distributing Relief To The Class ................................................................................... 14

         3.     Rule 23(e)(2)(C)(iii) – Terms Of Any Proposed Award Of Attorneys' Fees ............................................................................................... 15

         4.     Rule 23(e)(2)(C)(iv) –Agreements Required To Be Identified Under Rule 23(e)(3) ................................................................................... 15

         5.     Rule 23(e)(2)(D) – The Proposal Treats Class Members Equitably......... 15

         6.     Second *Grinnell* Factor – The Class's Reaction Will Likely Be Positive............................................................................................ 16

         7.     Third *Grinnell* Factor – Stage Of Proceedings And Amount Of Discovery ........................................................................................ 16

         8.     Seventh *Grinnell* Factor – Ability To Withstand A Greater Judgment .... 17

i

9.      Eighth And Ninth *Grinnell* Factors – The Settlement Amount Is Reasonable In Light Of The Possible Recovery And Attendant Risks Of Litigation ................................................................................. 18

C.    Certification Of The Settlement Class Is Appropriate ............................... 19

1.     Rule 23(a) Is Met ................................................................... 20

a)     Joinder Of All Members Is Impracticable ..................... 20

b)     There Are Questions Of Law Or Fact Common To The Class ..... 20

c)     Plaintiffs' Claims Are Typical Of The Claims Of The Class ....... 20

d)     Plaintiffs Will Fairly And Adequately Protect The Class's Interests ................................................................ 21

e)     Class Members Are Readily Identifiable And Ascertainable ....... 21

2.     The Settlement Class Satisfies Rule 23(b)(3) ........................... 21

a)     Common Questions Predominate Over Individual Issues ........... 22

b)     A Class Action Is Superior To Alternative Methods Of Adjudication ............................................................ 22

D.    The Proposed Class Notice And Notice Plan Are Reasonable ................. 22

E.    Plaintiffs' Counsel Should Be Appointed As Settlement Class Counsel ................. 24

VI.    CONCLUSION ........................................................................... 8

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Athale v. Sinotech Energy Ltd.*,
  2013 U.S. Dist. LEXIS 199696 (S.D.N.Y. Sep. 4, 2013)....................................................... 17

*Ayzelman v. Statewide Credit Servs. Corp.*,
  238 F.R.D. 358 (E.D.N.Y. 2006)............................................................................................ 19

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
  222 F.3d 52 (2d Cir. 2000) .................................................................................................... 21

*Carlotti v. ASUS Computer Int'l*,
  2019 WL 6134910 (N.D. Cal. Nov. 19, 2019) ...................................................................... 16

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974) ............................................................................................ 9, 18

*City of Providence v. Aeropostale, Inc.*,
  2014 U.S. Dist. LEXIS 64517 (S.D.N.Y. May 9, 2014) ....................................................... 13

*D'Alauro v. GC Servs. Ltd. P'ship*,
  168 F.R.D. 451 (E.D.N.Y. 1996)............................................................................................ 20

*D'Amato v. Deutsche Bank*,
  236 F.3d 78 (2d Cir. 2001) .................................................................................................... 11

*Denney v. Deutsche Bank AG*,
  443 F.3d 253 (2nd Cir. 2006) ................................................................................................ 19

*Denney v. Jenkens & Gilchrist*,
  230 F.R.D. 317 (S.D.N.Y. 2005)............................................................................................ 17

*Famular v. Whirlpool Corp.*,
  2019 U.S. Dist. LEXIS 44907 (S.D.N.Y. Mar. 18, 2019)...................................................... 18

*Frank v. Eastman Kodak Co.*,
  228 F.R.D. 174 (W.D.N.Y. 2005) ..................................................................................... 8, 18

*Heerwagen v. Clear Channel Commc'ns*,
  435 F.3d 219 (2d Cir. 2006) .................................................................................................. 22

*Hernandez v. Immortal Rise, Inc.*,
  306 F.R.D. 91 (E.D.N.Y. 2015).............................................................................................. 9

*Hesse v. Godiva Chocolatier*,
  2022 U.S. Dist. LEXIS 72641 (S.D.N.Y. Apr. 20, 2022) ..................................................... 16

iii

*In re "Agent Orange" Prod. L*iab. Litig.,
   611 F. Supp. 1396 (E.D.N.Y. 1985) ............................................................... 19

*In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*,
   271 F. App'x 41 (2d Cir. 2008) .................................................................... 23

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
   2014 U.S. Dist. LEXIS 180914 (E.D.N.Y. Oct. 15, 2014)........................... 20

*In re Am. Bank Note Holographics, Inc. Sec. Litig.*,
   127 F. Supp. 2d 418 (S.D.N.Y. 2001) .......................................................... 13

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   689 F.3d 229 (2d Cir. 2012) ......................................................................... 22

*In re Austrian & German Bank Holocaust Litig.*,
   80 F. Supp. 2d 164 (S.D.N.Y. 2000) ..................................................... 11, 12

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   574 F.3d 29 (2d Cir. 2009) ........................................................................... 20

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   2010 U.S. Dist. LEXIS 119702 (S.D.N.Y. Nov. 8, 2010)............................ 18

*In re Global Crossing Sec. & ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y. Nov. 24, 2004) .................................................. 13

*In re Petrobras Secs.*,
   862 F.3d 250 (2d Cir. 2017) ......................................................................... 21

*In re PPDAI Grp. Inc. Sec. Litig.*,
   2022 U.S. Dist. LEXIS 11427 (E.D.N.Y. Jan. 21, 2022) ............................ 10

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
   163 F.R.D. 200 (S.D.N.Y. 1995)................................................................. 14

*In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*,
   2022 U.S. Dist. LEXIS 137329 (E.D.N.Y. Aug. 2, 2022) ............................. 9

*In re Traffic Exec. Association-Eastern Railroads,*
   627 F.2d 631 (2d Cir. 1980) ........................................................................... 8

*In re Vitamin C Antitrust Litig.*,
   2012 U.S. Dist. LEXIS 152275 (E.D.N.Y. Oct. 22, 2012)........................... 16

*In re Warner Commc'ns Sec. Litig.*,
   618 F. Supp. 735 (S.D.N.Y. 1985) .............................................................. 13

*Jankowski v. Castaldi*,
   2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 13, 2006) .............................. 22

*Maley v. Del Global Techs. Corp.*,
   186 F. Supp. 2d 358 (S.D.N.Y. 2002) ..................................................................... 13

*Marisol A. v. Giuliani*,
   126 F.3d 372 (2d Cir. 1997) ................................................................................... 19

*McReynolds v. Richards-Cantave*,
   588 F.3d 790 (2d Cir. 2009) ..................................................................................... 8

*Newman v. Stein*,
   464 F.2d 689 (2d Cir. 1972) ................................................................................... 18

*Nichols v. Noom, Inc.*,
   2022 U.S. Dist. LEXIS 123146 (S.D.N.Y. July 12, 2022) ........................................ 9

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*,
   237 F.R.D. 26 (E.D.N.Y. May 18, 2006) ............................................................... 23

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) ................................................................................... 20

*Rosenfeld v. Lenich*,
   2021 U.S. Dist. LEXIS 26950 (E.D.N.Y. Feb. 4, 2021) ......................................... 15

*TBK Partners, Ltd. v. Western Union Corp.*,
   517 F. Supp. 380 (S.D.N.Y. 1981) ........................................................................ 12

*Teachers' Ret. Sys. of La. v. A.C.L.N., Ltd.*,
   2004 U.S. Dist. LEXIS 8608 (S.D.N.Y. May 14, 2004) ......................................... 19

*Torres v. Gristede's Operating Corp.*,
   2010 WL 5507892 (S.D.N.Y. Dec. 21, 2010) ........................................................ 16

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011)............................................................................................ 20

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005) .......................................................................... 8, 23, 25

*Weinberger v. Kendrick*,
   698 F.2d 61 (2d Cir. 1982) ....................................................................................... 8

*Yang v. Focus Media Holding Ltd.*,
   2014 U.S. Dist. LEXIS 126738 (S.D.N.Y. Sept. 4, 2014) ...................................... 11

**STATUTES**

15 U.S.C. § 2301 ........................................................................................................... 3

Colo. Rev. Stat. § 6-1-101 ............................................................................................. 4

New York General Business Law ("GBL") § 349 .......................................................... 3, 4

New York General Business Law ("GBL") § 350 ............................................................. 4

U.C.C. § 2-607(3)(a) ................................................................................................. 3

**RULES**

Fed. R. Civ. P. 15(a)(2) ............................................................................................. 4

Fed. R. Civ. P. 23 .......................................................................................... passim

**OTHER AUTHORITIES**

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* (4th ed. 2002) ............................ 8

Manual for Complex Litigation (Third) (1995) ............................................................. 8

Plaintiffs Mashayila Sayers, Brittney Tinker, Jennifer Monachino, Kimberly Mullins, Hilda Michelle Murphree, and Amanda Jimenez (collectively, "Plaintiffs") submit this memorandum of law in support of their Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion").

## I.     INTRODUCTION

Plaintiffs commenced this class action lawsuit against Artsana USA, Inc. ("Defendant" or "Artsana") arising out of the advertising and sale of Defendant's Chicco-brand KidFit booster seats ("Booster Seats" or "Products").[1] Artsana's labeling and marketing has included representations that the Booster Seats are safe for children as small as 30 pounds (the "30-pound Claim") and that the Products offer side-impact collision protection (the "Side-Impact Claim"). The Settlement encompasses Eligible Products[2] purchased at retail from April 22, 2015 through December 31, 2021. *See* Declaration of Martha A. Geer in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Geer Decl.") ¶ 14. The manufacturer's suggested retail prices for the Booster Seats in the United States in 2021 ranged from $99.99 to $149.99. *Id.* ¶ 20. Plaintiffs allege that the 30-pound Claim and the Side-Impact Claim were false and misleading. *See* Consolidated Amended Complaint ("CAC") ¶¶ 5-13, 72-95 (ECF No. 39). Defendant denies these allegations.

The Parties have agreed to a settlement that provides substantial monetary benefits to Settlement Class Members. For Settlement Class Members who submit a valid Claim Form along with proof of purchase, Artsana will provide relief in the amount of $50 for each Eligible Product purchased during the Class Period. Because manufacturers' suggested retail prices for the Booster

---

[1] The Booster Seats at issue include the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus.

[2] All capitalized terms used and not otherwise defined herein have the definitions set forth in the Settlement Agreement.

Seats ranged from $99.99 to $149.99 each, this equates to an approximate recovery of 33% to 50% of the purchase price of the Products for Class Members with proof of purchase. Geer Decl. ¶ 20. For Settlement Class Members who submit a valid Claim Form without proof of purchase, but who corroborate their purchase by answering certain basic questions, Artsana will provide relief in the amount of $25 for each Eligible Product purchased during the Class Period. This equates to an approximate recovery of 17% to 25% of the purchase price for Class Members without proof of purchase. *Id.* ¶ 21. Further, Artsana will pay the costs of notice and administration, as well as any service awards and attorneys' fees, costs, and expenses that the Court may award. Those payments will be separate from the monetary relief paid to Class Members and will not reduce the amount of relief available and paid to Class Members under the Settlement. There is no cap on the number of Claims or total amount of relief Defendant will pay to the Class, and Class Members' relief will not be prorated for any reason. This is an exceptional result for the Settlement Class.

The proposed Settlement, which was reached following three mediations and extensive post-mediation work with the Hon. Diane M. Welsh (Ret.) from JAMS, is fair, reasonable, and adequate. The Settlement is the product of extensive arm's-length negotiations between experienced attorneys familiar with the legal and factual issues of this case. Moreover, the Parties have engaged in informal and confirmatory discovery and have ample knowledge of the legal claims and defenses, the risks presented by the case, and the value achieved by the proposed Settlement. The Settlement is an outstanding result for the Class because, despite the significant risks of litigation, Plaintiffs secured substantial monetary relief for Class Members, including the opportunity to receive up to approximately 50% of their Booster Seat purchase price, as well as meaningful injunctive relief.

Moreover, conditional certification of the Settlement Class is proper as it meets every element of certification under Rule 23(a) and (b)(3) for settlement purposes. Accordingly, Plaintiffs respectfully submit that preliminary approval of the Settlement is appropriate. A true and correct copy

of the Stipulation of Settlement is attached as Exhibit 1 to the Geer Declaration, along with a proposed Order Granting Preliminary Approval of Class Settlement (the "proposed Preliminary Approval Order").  Entry of the proposed Preliminary Approval Order will: (1) grant preliminary approval of the Settlement; (2) conditionally certify the Settlement Class; (3) designate Plaintiffs as Class Representatives; (4) designate the law firms of Milberg Coleman Bryson Phillips Grossman, PLLC, Bursor & Fisher, P.A., and Vozzolo LLC as Class Counsel; (5) establish procedures for giving notice to Members of the Settlement Class; (6) establish a deadline for Plaintiffs to file a motion for attorneys' fees, costs, and expenses; (7) approve forms of notice to Class Members; (8) mandate procedures and deadlines for class exclusion requests and objections; and (9) set a date, time, and place for a final approval hearing.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2021, counsel for Plaintiff Amanda Jimenez served pre-suit notice and demand for corrective action on Artsana, pursuant to U.C.C. § 2-607(3)(a), concerning breaches of express and implied warranties, for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*. and New York General Business Law ("GBL") §§ 349-50.

On April 22, 2021, Plaintiffs Sayers, Tinker, Monachino, Mullins, and Murphree commenced a proposed class action in the Eastern District of Pennsylvania against Artsana, captioned *Sayers, et al. v. Artsana USA, Inc.*, Case No. 21-cv-01876-JMG, ECF No. 1 (the "*Sayers* Action"). The Parties fully briefed Defendant's motion to dismiss and separate motion to strike portions of the complaint. *Id.* ECF Nos. 18-20, 27, 29, 31).

On September 23, 2021, Plaintiff Jimenez commenced a proposed class action in the Southern District of New York against Artsana, captioned *Jimenez v. Artsana USA, Inc.*, Case No. 21-cv-07933-VB (the "*Jimenez* Action").

Shortly thereafter, the Parties initiated settlement discussions and have since had lengthy

and hard-fought negotiations about the terms of a settlement.  The negotiations included three mediations with Judge Welsh, a well-respected mediator and retired Magistrate Judge of the U.S. District Court for the Eastern District of Pennsylvania.  Geer Decl. ¶¶ 9-12.  The Parties made substantial progress toward resolution during the mediation sessions, which occurred on September 30, 2021, November 8, 2021, and June 6, 2022.  *Id.* ¶¶ 10-12.  The Parties also participated in multiple phone conferences with each other, along with the assistance of Judge Welsh, to finalize the terms included in the Stipulation of Settlement.  *Id.* ¶¶ 11-12.  Before and during the mediation sessions, the Parties had an arm's length exchange of information or informal discovery to permit Plaintiffs and their counsel to evaluate their claims and the potential defenses and to meaningfully conduct informed settlement discussions.  *Id.* ¶ 13.  Prior to and during the mediation sessions and follow-up sessions/discussions, the Parties engaged in protracted, informed, and hard-fought settlement negotiations.  *Id.* ¶¶ 13-16.  These efforts culminated in and were memorialized in the Stipulation of Settlement, which was fully executed on January 17, 2023.  *Id.* ¶ 18.

On January 17, 2023, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Jimenez filed a Consolidated Amended Complaint adding the claims of Plaintiffs Sayers, Tinker, Monachino, Mullins, and Murphree.  (ECF No. 39.)  Plaintiffs bring causes of action under the MMWA and various state laws.[3]  Specifically, the CAC alleges, *inter alia*, that the 30-pound Claim and Side Impact Claim were false and misleading.

Prior to and throughout negotiations, Plaintiffs, by and through their respective counsel,

---

[3] Plaintiffs assert claims for violations of Pennsylvania's UTPCPL; Colorado's Commercial Code for breach of express and implied warranties; the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*; Florida's Commercial Code for breach of express and implied warranties; the FDUTPA; Illinois's Commercial Code for breach of express and implied warranties; Illinois's ICFA; Illinois's UDTPA; Maryland's Commercial Code for breach of express and implied warranties; the Maryland Consumer Protection Act; Texas's Commercial Code for breach of express and implied warranties; Texas's DTPA; New York's Commercial Code for breach of express and implied warranties; N.Y. GBL § 349; and N.Y. GBL § 350; and unjust enrichment.

conducted a thorough examination and investigation of the facts and law relating to the issues in

this case, including, but not limited to, research and assessment of the claims and products at issue,

discussions with experts, review and analysis of Artsana's documents and data, and confirmatory

discovery.  *Id.* ¶¶ 7-8, 13.  The Parties engaged in rigorous debate of legal and factual theories and

Class Counsel assessed the merits of all Parties' contentions and ultimately thoroughly evaluated

all aspects of this Settlement, as it affects all Parties, including Settlement Class Members.  *Id.*

¶¶ 13-14, 36.  Plaintiffs and Class Counsel, after taking into account the foregoing, along with the

risks and costs of further litigation, are satisfied that the terms and conditions of this Settlement

are fair, reasonable and adequate, and that this Settlement is in the best interest of the Settlement

Class.  *Id.* ¶ 36.

## III.     THE TERMS OF THE PROPOSED SETTLEMENT

### A.     The Class Definition

The proposed Settlement Class consists of: All persons and entities in the United States, its

territories, and/or its possessions who purchased one or more of the Eligible Products during the

Class Period.  *See* Geer Decl., Ex. 1 ("Settlement") ¶ 9.[4]

### B.     Monetary Relief

If the Settlement is approved, Artsana will provide relief in the amount of $50 for each

Eligible Product purchased during the Class Period to Settlement Class Members who submit a

valid Claim Form along with proof of purchase.[5]  *Id.* ¶ 46.  Given that suggested retail prices for

---

[4] Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Artsana or its subsidiaries and affiliated companies; (b) persons or entities that purchased the Eligible Products primarily for the purposes of resale; (c) governmental entities; (d) persons and entities that timely and properly exclude themselves from the Class as provided in the Stipulation of Settlement; (e) persons and entities that purchased the Eligible Products via the Internet or other remote means while not residing in the United States; and (f) the Court, the Court's immediate family, and Court staff.  Settlement ¶ 9

[5] Proof of purchase can take a variety of forms and is defined to include a valid receipt or retail rewards submission from an authorized retailer, product packaging, a picture of the Eligible Product showing a new or recently purchased product, evidence of the purchase in Artsana's records (either as a result of a direct purchase from Artsana or by registration of the Eligible Product with Defendant or the National Highway Traffic Safety Administration

the Booster Seats ranged from $99.99 to $149.99 each in 2021, this equates to an approximate recovery of 33% to 50% of the purchase price of the Products for Class Members with proof of purchase.  Geer Decl. ¶ 20.  Artsana will provide relief in the amount of $25 for each Eligible Product purchased during the Class Period to Settlement Class Members who submit a valid Claim Form without proof of purchase, but who corroborate their purchase by satisfying at least two of four requirements.[6]  Settlement ¶ 47.  This equates to an approximate recovery of 17% to 25% of the purchase price for Class Members without proof of purchase.  Geer Decl. ¶ 21.  Notably, there is no limit on the number of claims that a Class Member may submit or that Defendant will ultimately pay to the Class, and Class Members' relief will not be prorated for any reason.

### C.    Injunctive Relief

In addition to the significant monetary relief described above, Artsana has also agreed to the following injunctive relief:

- Artsana will include a link on its consumer-facing website for Chicco USA to an informational video previously only available on Facebook.com (the "Facebook Video"), giving consumers increased access to information regarding safe weight, height, and age requirements for the Booster Seats;

- Artsana will add an overlay of text to the Facebook Video, stating: "The National Highway Traffic Safety Administration (NHTSA) recommends that you keep your child in a forward-facing car seat with a harness and tether until he or she reaches the top height or weight limit allowed by your car seat's manufacturer" (the "NHTSA Overlay");

- Artsana will create a new educational video, which discusses the subject of transitioning a child to a booster seat and addresses the minimum requirements for safe use of a booster, including weight, age, height, and child maturity level (the "New Video").  The New Video will appear on the Chicco USA website on the product video page.  Artsana will either

---

("NHTSA"), or other physical evidence corroborating the Class Member's purchase claim (*e.g.*, a credit card statement or invoice showing the class member's purchase). Settlement ¶ 46.

[6] On the Claim Form, Class Members without proof of purchase will be asked to corroborate their purchase of the Products by satisfying at least two of the following four requirements: (1) identifying the serial number; (2) identifying the model of the Eligible Product they purchased and either the primary and/or secondary colors of the seat; (3) identifying the retailer from which they purchased, as well as the approximate month (or season) and year of purchase; or (4) if the Eligible Product was not purchased online, identifying the municipality and state in which the Eligible Product was purchased and attaching a picture of the Eligible Product.  An incorrect response to the primary and/or secondary color question will not be counted against the Claimant.  Settlement ¶ 47.

include an audio message identical to the language utilized in the NHTSA Overlay or display the NHTSA Overlay on the New Video.

Settlement ¶ 51.

### D.    Release Of Claims

In exchange for the foregoing relief, Class Members who do not opt out of the Settlement will provide the Released Parties with a release of claims that were asserted or that could have reasonably been asserted in the Actions.  The release is set forth in paragraph 29 of the Stipulation of Settlement.  *See also id.* ¶¶ 72-77.

### E.    Notice, Claims Process, And Settlement Administration

Defendant has agreed to bear the costs of providing notice and administration of the Settlement, including processing Claim Forms and requests for exclusion.  *Id.* ¶ 44.  As further detailed *infra* § V.D, the Notice Plan includes: (a) direct email and mail notice; (b) print publication notice; (c) a press release; (d) an online media campaign; and (e) a settlement website. *Id.* ¶ 63.  Artsana will collect and provide to the Settlement Administrator available contact information (including email and physical addresses) from its records.  *Id.* ¶ 57.

### F.    Attorneys' Fees, Costs, Expenses, And Service Awards

Artsana agrees to pay attorneys' fees, costs, and expenses awarded by the Court. Settlement ¶ 65.  However, the Parties have no agreement on the amount of attorneys' fees, costs, and expenses and Artsana reserves the right to oppose the amount of attorneys' fees ultimately sought by Class Counsel.  *Id.* ¶ 66.  Class Counsel will petition the Court for fees, costs, and expenses, the payment of which is separate from and in addition to the monetary relief afforded to the Settlement Class.  Geer Decl. ¶¶ 25, 27.  Similarly, Class Counsel will petition the Court for service awards for each Class Representative in the amount of $1,500, for their service on behalf of the Class.  Settlement ¶ 71.

## IV.     STANDARD FOR PRELIMINARY APPROVAL

There is a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *see also* Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("Newberg") § 11.41 (4th ed. 2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").  It is within the Court's discretion to approve a proposed class action settlement upon determination that the proposed settlement is fair, reasonable, and adequate.  *McReynolds v. Richards-Cantave*, 588 F.3d 790, 800 (2d Cir. 2009).  "There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation[.]" *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982).

Preliminary approval is the first step in the settlement approval process.  It may be granted if the court finds there is "'probable cause' to submit the [proposed settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980); Newberg § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose the grounds to doubt its fairness . . . and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members).

"Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005).  "A 'presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery.'" *Wal-Mart Stores*, 396 F.3d at 116 (quoting Manual for Complex Litigation (Third) § 30.42 (1995)).  Where a settlement is achieved through arm's length negotiations by experienced counsel and there is no evidence of fraud or collusion, a "court should be hesitant to substitute its judgment for that of the parties who negotiated the settlement."

*Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 99 (E.D.N.Y. 2015) (internal quotation omitted).

Rule 23(e)(2), as amended in 2018, instructs the Court to consider whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.   FRCP 23(e)(2).   Further, courts in this Circuit have long been guided by the factors enumerated in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). These factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation[.]

*Id.* at 463 (citations omitted).[7]   "Importantly, not every factor must weigh in favor of the settlement, rather the court should consider the totality of these factors in light of the particular circumstances." *Nichols v. Noom, Inc.*, 2022 U.S. Dist. LEXIS 123146, at *21 (S.D.N.Y. July 12, 2022) (internal quotation marks, alteration, and citation omitted).

---

[7] The 2018 amendments to Rule 23 did not aim "to displace" the *Grinnell* factors; rather, they sought "to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve" the settlement.   *See* 2018 Advisory Notes to FRCP 23, Subdiv. (e)(2).   Accordingly, Courts in the Second Circuit continue to be guided by the *Grinnell* factors.   *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 2022 U.S. Dist. LEXIS 137329, at *21 (E.D.N.Y. Aug. 2, 2022) (explaining district courts consider the *Grinnell* factors in tandem with Rule 23(e)(2)).

## V.     THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT

The Settlement is the result of months of arm's length negotiations and is informed by the exchange of significant information through the settlement process and the assistance of an experienced mediator.  Geer Decl. ¶¶ 9-17.  The Settlement provides favorable monetary benefits to Class Members, as well as injunctive relief, considering Plaintiffs' burden to prove their theory of liability and all of the risks associated with continued litigation.  Prior to reaching resolution, Class Counsel thoroughly investigated the case and gathered information to assess the strengths and weaknesses of the Parties' positions.  *Id.* ¶¶ 7-8.  Having weighed the likelihood of success and inherent risks and expense of litigation, Plaintiffs and Class Counsel strongly believe that the Settlement is "fair, reasonable, and adequate" under FRCP 23(e)(2).  *Id.* ¶¶ 14, 35-36.

### A.     The Settlement Is Procedurally Fair And Not A Product Of Collusion

Factors (A) and (B) under Rule 23(e)(2) direct the Court to consider the procedural fairness of the Settlement, specifically, whether the class representatives and class counsel have adequately represented the class and whether the proposal was negotiated at arm's length.

Here, Plaintiffs and their counsel are adequate representatives because Plaintiffs' interests are consistent with, and not antagonistic to, the interests of other Settlement Class Members and they are represented by qualified and experienced counsel.  *See In re PPDAI Grp. Inc. Sec. Litig.*, 2022 U.S. Dist. LEXIS 11427, at *18 (E.D.N.Y. Jan. 21, 2022) (finding plaintiffs fairly and adequately represented the class under FRCP 23(a)(4) and 23(e)(2)(A) where plaintiffs' interests aligned with those of the settlement class, and they retained qualified and experienced counsel to pursue the actions).  Plaintiffs and each Class Member were injured in the same manner, and Plaintiffs assert the same legal claims as those of the Class.  Thus, they share a common interest in establishing liability and securing the maximum possible recovery.  Plaintiffs have taken their obligations to the Settlement Class seriously, engaging in the prosecution of the matter, conferring

with their counsel, reviewing the various pleadings, and consulting with Class Counsel regarding the propriety of the Settlement.  Geer Decl. ¶ 26.

The Settlement here is also the product of intense arm's length negotiations over an eleven-month period, conducted by experienced counsel knowledgeable in complex consumer class actions.  *See In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000) (a settlement will enjoy a presumption of fairness if the court finds that it "is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation"), *aff'd sub nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001).  Plaintiffs' Counsel have considerable experience in handling consumer class actions and are capable of assessing the strengths and weaknesses of their positions.  *Id.* ¶¶ 32-35; *see also* Exs. 2-4 (firm resumés).  Plaintiffs' counsel regularly engage in complex litigation and have extensive experience in consumer class actions similar in size, scope, and complexity to this one, including false advertising and labeling cases. Geer Decl. ¶¶ 32-35.  The combined experience of the firms and attorneys involved demonstrate the Settlement Class Members are well-represented and were well-represented throughout the negotiations.  *See Yang v. Focus Media Holding Ltd.*, 2014 U.S. Dist. LEXIS 126738, at *14 (S.D.N.Y. Sept. 4, 2014).

Moreover, the Parties reached the Settlement with the assistance of an experienced mediator.  Judge Welsh is a highly respected and experienced class action mediator, with over 27 years of experience as a JAMS neutral and federal Magistrate Judge.  *Id.* ¶¶ 9-12.  Over the course of three mediations and multiple phone conferences, the Parties engaged in hard-fought negotiations to reach a final agreement on the Settlement.  *See Focus Media Holding Ltd.*, 2014 U.S. Dist. LEXIS 126738, at *14 (noting "the participation of [a] highly qualified mediator strongly supports a finding that negotiations were conducted at arm's length and without collusion").

11

**B.      The Settlement Is Substantively Fair, Reasonable, And Adequate**

The proposed Settlement is also substantively fair under FRCP 23(e)(2)(C) and 23(e)(2)(D) and the *Grinnell* factors.

      **1.      Rule 23(e)(2)(C)(i) – The Costs, Risks, And Delay Of Trial And Appeal And First, Fourth, Fifth, And Sixth *Grinnell* factors**

Consideration of the costs, risks, and delay of trial and appeal under Rule 23(e)(2)(C)(i) overlaps with several *Grinnell* factors, including the complexity, expense and likely duration of the litigation, and the risks of establishing liability, damages, and maintaining the class action through trial (first, fourth, fifth, and sixth *Grinnell* factors).   Here, the Settlement provides favorable monetary benefits to the Settlement Class while avoiding the significant expenses, risks, and delays associated with litigation.   Indeed, "[m]ost class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them."   *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 174.   Unless the proposed settlement is clearly inadequate, its acceptance and approval are preferable to the continuation of lengthy and expensive litigation with uncertain results.   *TBK Partners, Ltd. v. Western Union Corp.*, 517 F. Supp. 380, 389 (S.D.N.Y. 1981), *aff'd*, 675 F.2d 456 (2d Cir. 1982).

In this case, the costs, risks, complexity and likely duration of the litigation weigh heavily in favor of preliminary approval.   Plaintiffs understand that proceeding through litigation to trial is a risky, labor-intensive undertaking, which will include defeating Defendant's motions to dismiss and to strike, obtaining and maintaining class certification (including potentially interlocutory appeals), completing fact and expert discovery, briefing motions *in limine*, and establishing liability and proving damages at trial.   Discovery, motion practice, expert disclosures, and other pretrial activities could take years, and any trial would likely last weeks, and involve numerous fact witnesses, experts, and voluminous documentary evidence.   Moreover, any favorable judgment would be the subject of post-trial motions and appeals, further prolonging the

litigation. *See*, *e.g.*, *City of Providence v. Aeropostale, Inc.*, 2014 U.S. Dist. LEXIS 64517, at *14-15 (S.D.N.Y. May 9, 2014) ("Even if the Class could recover a judgment at trial, the additional delay through trial, post-trial motions, and the appellate process could prevent the Class from obtaining any recovery for years").

Plaintiffs considered the significant risks of litigation prior to entering into the settlement and anticipate that Defendant would vigorously contest this matter at every stage, including at the motion to dismiss stage (a motion is currently pending), as well as at class certification, summary judgment, trial, and on appeal.   Even though Plaintiffs believe the evidence will establish (1) that the Booster Seats are not safe for children weighing as little as 30 pounds and do not deliver the promised benefits regarding side-impact collisions and (2) that Artsana knew its representations otherwise were not true, there is no assurance a jury will agree.

In addition to the uncertainties regarding proof of liability, Plaintiffs will need to establish Defendant's marketing claims were material and resulted in damages.  Plaintiffs must meet certain burdens to prove damages at trial.  Plaintiffs' reliance on expert testimony to establish damages will be a substantial expense and a jury's acceptance of that expert testimony is far from certain, especially when Defendant will offer contrary expert testimony.  *See In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 127 F. Supp. 2d 418, 426-27 (S.D.N.Y. 2001) ("Plaintiffs' Counsel recognize the possibility that a jury could be swayed by experts for Defendants, who could minimize or eliminate the amount of Plaintiffs' losses."); *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 744 (S.D.N.Y. 1985) ("In this 'battle of the experts' it is virtually impossible to predict with any certainty which testimony would be credited . . . .").[8]  By settling, Plaintiffs avoid

---

[8] Analyzing these risks "does not require the Court to adjudicate the disputed issues . . . ; rather, the Court need only assess the risks of litigation against the certainty of recovery under the proposed settlement."  *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 459 (S.D.N.Y. Nov. 24, 2004).  In other words, "the Court should balance the benefits afforded to members of the Class and the immediacy and certainty of a substantial recovery against the continuing risks of litigation," where the Class might obtain no recovery at all.  *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 364 (S.D.N.Y. 2002).

the inherent risks, the uncertainty associated with litigation, the delay of final resolution, and the expenditure of resources and guarantee a quicker recovery to the Class.  *See*, *e.g.*, *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 210 (S.D.N.Y. 1995).

### 2. Rule 23(e)(2)(C)(ii) – The Proposed Method Of Distributing Relief To The Class

The effectiveness of the proposed method of distributing relief to the Class, including the method of processing Class Members' claims, weighs in favor of approval.  The claims process here is simple and straightforward.  To claim a monetary benefit, Settlement Class Members must submit a simple claim form online or by mail.  Settlement ¶ 83.  Class Members who provide proof of purchase may claim a cash payment of $50.00 per unit, and proof of purchase is broadly defined. Settlement ¶ 46.  However, proof of purchase is not required to claim a significant cash benefit. Settlement Class Members who submit Claim Forms without proof of purchase, but who can corroborate their class membership by answering basic questions about their purchase, may claim a cash payment of $25.00 per unit.  *Id.* ¶ 47.

A substantial number of potential Settlement Class Members will be identified through Artsana's records.  Geer Decl. ¶ 29.  Further, the Settlement Website will maintain a tool to enter a Class Member's name and mailing address (at the time of purchase) that would pre-populate Eligible Product details into the Claim Form, including the model number, and/or model name, and/or serial number and/or manufacturer date, if their name and address matches contact information in Artsana's applicable records.  Settlement ¶ 61.  Similarly, email notice for Settlement Class Members for whom an email address is available in Artsana's records will have a hyperlink that Class Member recipients may click and be taken to a landing page on the Settlement Website, prepopulated with Class Member data.  *Id.* ¶ 58.

This process is fair and efficient and strikes the appropriate balance between "deter[ing] or defeat[ing] unjustified claims" while "facilitat[ing] filing legitimate claims."  FRCP 23(e), 2018

Advisory Committee Notes.

### 3. Rule 23(e)(2)(C)(iii) – Terms Of Any Proposed Award Of Attorneys' Fees

The Parties have no agreement as to the amount of any award of attorneys' fees, costs, and expenses to Plaintiffs' Counsel. Settlement ¶ 65. Rather, Artsana agrees only to pay any attorneys' fees, costs, and expenses awarded by the Court and reserves the right to oppose the amount of fees sought by Plaintiffs. *Id.* ¶ 66. The Parties have agreed to meet and confer regarding Plaintiffs' anticipated motion for attorneys' fees, costs, and expenses at least forty-five (45) days before Class Counsel files its motion with the Court. *Id.* If the Parties are unable to reach an agreement, the Parties will participate in a mediation with Judge Welsh concerning Class Counsel's request for attorneys' fees, costs, and expenses at least seven days before Class Counsel files that motion with the Court. *Id.* If, after the mediation, the Parties do not agree on the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel, then the amount of the attorneys' fees, costs, and expenses will be determined by the Court. *Id.* Where the fee award is "specifically reserved to the court's discretion, [it] pose[s] no obstacle to preliminary approval." *Rosenfeld v. Lenich*, 2021 U.S. Dist. LEXIS 26950, at *19 (E.D.N.Y. Feb. 4, 2021). Under the Parties' proposed schedule, Plaintiffs will provide information in support of their motion at least 35 days before the final approval hearing, allowing the Class sufficient time to consider and respond. This is fair to the Settlement Class and supports preliminary approval.

### 4. Rule 23(e)(2)(C)(iv) –Agreements Required To Be Identified Under Rule 23(e)(3)

There are no agreements between Plaintiffs or their counsel and Artsana other than the Settlement Agreement. Geer Decl. ¶ 18.

### 5. Rule 23(e)(2)(D) – The Proposal Treats Class Members Equitably

The Settlement Agreement applies to all Class Members equally as they are each entitled

to receive the same payment based on the number of Booster Seats purchased and whether they have proof of purchase.  *See Hesse v. Godiva Chocolatier*, 2022 U.S. Dist. LEXIS 72641, at *28 (S.D.N.Y. Apr. 20, 2022).  This is so even though Class Members with proof of purchase will recover more than those without.  *See id.* (citing *Carlotti v. ASUS Computer Int'l*, 2019 U.S. Dist. LEXIS 201564, at *39, 2019 WL 6134910, at *13 (N.D. Cal. Nov. 19, 2019) (holding class members were treated equitably even when those with proof of purchase could recover more)).

### 6.       Second *Grinnell* Factor – The Class's Reaction Will Likely Be Positive

It is not yet possible to measure the reaction of the Settlement Class because the Class has not yet received Notice.  However, the Stipulation of Settlement proposes to offer meaningful monetary relief in the amount of $25.00 or $50.00 per booster seat, depending on whether or not a Class Member has proof of purchase.  Settlement ¶¶ 46-47.  Given that the suggested retail prices for the Booster Seats ranged from $99.99 to $149.99 each, and that there is no limit to the number of claims for relief Defendant will pay to the Class, and Class Members' relief will not be prorated, this equates to an approximate recovery of between 17% to 50% of the purchase price for each Class Member.  Geer Decl. ¶¶ 20-21.  Thus, it is likely that the Settlement Class will view the terms of the Settlement favorably.

### 7.       Third *Grinnell* Factor – Stage Of Proceedings And Amount Of Discovery

Under this factor, "[t]he pertinent question is whether counsel had an adequate appreciation of the merits of the case before negotiating."  *See Torres v. Gristede's Operating Corp.*, 2010 U.S. Dist. LEXIS 139144, at *16, 2010 WL 5507892, at *5 (S.D.N.Y. Dec. 21, 2010) (internal quotation marks omitted).  "This *Grinnell* factor is intended to assure the Court that counsel for plaintiffs have weighed their position based on a full consideration of the possibilities facing them.. . . Formal discovery is not a prerequisite . . . ."  *In re Vitamin C Antitrust Litig.*, 2012 U.S. Dist. LEXIS 152275, at *17 (E.D.N.Y. Oct. 22, 2012) (internal citation and quotation marks omitted).

Here, while the settlement was reached in the early stages of litigation, prior to formal discovery, the Parties have exchanged sufficient information so that they can responsibly resolve the case and make an informed decision regarding the value of the Settlement.  Specifically, the Settlement was reached after the Parties completed informal confirmatory discovery, including Defendant providing data concerning manufacturer's suggested retail prices, total sales nationwide on an annual basis and for the Class period, total sales for each Plaintiff's state of residence on an annual basis, estimates of average purchase price, and total revenue received by Artsana from April 22, 2015 through December 31, 2021.  Geer Decl. ¶ 13.  Moreover, in addition to full briefing on Defendant's motion to dismiss and/or strike the complaint in the *Sayers* Action, the Parties also exchanged mediation submissions that helped to clarify the factual and legal issues.  *Id.* ¶¶ 5, 9.  Additionally, members of Class Counsel also have had substantial involvement in identical class action litigation against other booster seat manufacturers involving the same issues—this experience has provided Class Counsel with additional knowledge relevant to the merits of this case and the Settlement.  Class Counsel, therefore, has had sufficient information to make an informed decision about the merits of this case relative to the benefits provided by the proposed Settlement.

### 8.    Seventh *Grinnell* Factor – Ability To Withstand A Greater Judgment

The seventh *Grinnell* factor considers whether a defendant could withstand a judgment substantially higher than the proposed settlement amount if the case were to proceed to trial. *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 338 (S.D.N.Y. 2005).  A defendant's ability to withstand a greater judgment, does not, standing alone, suggest that a settlement is unfair.  *See Athale v. Sinotech Energy Ltd.*, 2013 U.S. Dist. LEXIS 199696, at *18 (S.D.N.Y. Sep. 4, 2013). This factor is either neutral or supports the reasonableness of the Settlement because it is not known whether Artsana could withstand a potentially enormous statutory damages award that could be

assessed if the case succeeded at trial and survived appeal.  *See Famular v. Whirlpool Corp.*, 2019 U.S. Dist. LEXIS 44907, at *26 (S.D.N.Y. Mar. 18, 2019) (noting "[s]tatutory damages are permissible in class actions alleging [GBL] violations brought in federal court" even if those damages would be impermissible in state court).

> **9.** **Eighth And Ninth *Grinnell* Factors – The Settlement Amount Is Reasonable In Light Of The Possible Recovery And Attendant Risks Of Litigation**

Courts typically analyze the last two *Grinnell* factors together, "consider[ing] and weigh[ing] the nature of the claim, the possible defenses, the situation of the parties, and the exercise of business judgment in determining whether the proposed settlement is reasonable."  *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 U.S. Dist. LEXIS 119702, at *57, (S.D.N.Y. Nov. 8, 2010) (quoting *Grinnell*, 495 F.2d at 462).  The determination of whether a settlement amount is reasonable "does not involve the use of a mathematical equation yielding a particularized sum."  *Frank*, 228 F.R.D. at 186 (internal quotation marks omitted).  "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact . . . and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'"  *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972), *cert. denied*, 409 U.S. 1039 (1972)).  Because a settlement provides certain and immediate recovery, courts often approve settlements even where the benefits obtained as a result of the settlement are less than those originally sought.  As the Second Circuit stated in *Grinnell*, "there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth of a single percent of the potential recovery."  495 F.2d at 455 n.2.

Here, each Class Member is able to recover cash benefits of $25.00 or $50.00 per booster seat, without any limit to the number of claims Defendant will pay.  Settlement ¶¶ 46-47.  Given the complexity of the action and the potential of a non-recovery, the Settlement provides a favorable resolution for Class Members.  More specifically, based on suggested retail prices for

the Booster Seats, this equates to an approximate recovery of 17% to 50% of the purchase price for each Class Member.  Geer Decl. ¶¶ 20-21.  This recovery falls well within the range that courts have traditionally found to be fair and adequate.

Moreover, the fact that the Settlement provides for a prompt payment to claimants favors approval.  *See Teachers' Ret. Sys. of La. v. A.C.L.N., Ltd.*, 2004 U.S. Dist. LEXIS 8608, at *16 (S.D.N.Y. May 14, 2004) ("[T]he proposed Settlement provides for payment to Class members now, not some speculative payment of a hypothetically larger amount years down the road . . . . Given the obstacles and uncertainties attendant to this complex litigation, the proposed Settlement is within the range of reasonableness, and is unquestionably better than the other likely possibility – little or no recovery.") (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 611 F. Supp. 1396, 1405 (E.D.N.Y. 1985), *modified on other grounds*, 818 F.2d 179 (2d Cir. 1987) ("Much of the value of a settlement lies in the ability to make funds available promptly.")).  Therefore, these factors militate in favor of preliminarily approving the Settlement.

### C.    Certification Of The Settlement Class Is Appropriate

Under Rule 23(c)(1), "the court can make a conditional determination of whether an action should be maintained as a class action, subject to final approval at a later date."  *Ayzelman v. Statewide Credit Servs. Corp.*, 238 F.R.D. 358, 362 (E.D.N.Y. 2006) (internal quotation omitted). Where a class is proposed with a preliminary approval motion, "a court must ensure that the requirements of Rule 23(a) and (b) have been met."  *Denney v. Deutsche Bank AG*, 443 F.3d 253 at 270 (2nd. Cir. 2006).  Courts employ a "liberal rather than restrictive construction" of Rule 23, "adopt[ing] a standard of flexibility" in deciding certification.  *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997) (internal quotations omitted).

Because the proposed Settlement Class satisfies requirements under Rule 23(a) and at least one of the subsections of Rule 23(b), and Defendant consents to conditional certification for

settlement purposes only, the Court should provisionally certify the Settlement Class.

       1.      **Rule 23(a) Is Met**

       a)      **Joinder Of All Members Is Impracticable**

Numerosity is met if "the class is so numerous that joinder of all members is impracticable[.]" FRCP 23(a)(1). Here, between April 22, 2015, and December 31, 2021, hundreds of thousands of Artsana Booster Seats were sold in the United States. CAC ¶ 141. Given the number and geographic dispersion of Class Members, joinder would be impracticable.

       b)      **There Are Questions Of Law Or Fact Common To The Class**

To be certified as a class action, there must be "questions of law or fact common to the class[.]" FRCP 23(a)(2). The requirement of commonality does not require identical claims and arguments. "To satisfy commonality, 'even a single common question will do.'" *In re Air Cargo Shipping Servs. Antitrust Litig.*, 2014 U.S. Dist. LEXIS 180914, at *178 (E.D.N.Y. Oct. 15, 2014) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011)). Here, commonality is satisfied because there are numerous common issues of fact and law, including: (a) whether the 30-pound Claim and Side-Impact Claim are likely to deceive a reasonable consumer, and (b) whether Class Members were all injured by overpaying for the Booster Seats.

       c)      **Plaintiffs' Claims Are Typical Of The Claims Of The Class**

Rule 23(a)(3) is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)). "When the same unlawful conduct was directed at both the named plaintiff and the class to be represented, the typicality requirement is usually met . . . ." *Labbate-D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451, 456-57 (E.D.N.Y. 1996) (internal quotation marks omitted). Here, Plaintiffs allege that Defendant made false and

misleading representations concerning the benefits of the Booster Seats. CAC ¶¶ 5-13, 72-95. Plaintiffs allege that these material misrepresentations caused them injury because they would not have purchased the Products or overpaid for the Products as a result. *Id.* ¶¶ 96-125. Defendant's conduct caused similar injury to each member of the Settlement Class. Thus, because Plaintiffs allege that they were harmed by the same overall course of conduct and in the same way as the Class, their claims are typical of Class Members.

### d)   Plaintiffs Will Fairly And Adequately Protect The Class's Interests

The final Rule 23(a) prerequisite mandates that "representative parties will fairly and adequately protect the interests of the class." FRCP 23(a)(4). The requirement is met if the plaintiff: (1) is represented by counsel who is "qualified, experienced and able to conduct the litigation" and (2) does not possess interests "antagonistic to the interest of other members of the class[.]" *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). As discussed above, § V.A, both those criteria are met here.

### e)   Class Members Are Readily Identifiable And Ascertainable

The ascertainability doctrine in the Second Circuit requires "only that a class be defined using objective criteria that establish a membership with definite boundaries." *In re Petrobras Secs.*, 862 F.3d 250, 264 (2d Cir. 2017). Here, the Class is readily identifiable because it consists of all persons who purchased one or more of the Eligible Products from April 22, 2015 up to and including December 31, 2021. Because all Class Members are able to determine their membership in the Class through objective criteria, this requirement is met.

### 2.   The Settlement Class Satisfies Rule 23(b)(3)

To satisfy Rule 23(b)(3), common questions of law or fact must "predominate" over any individual questions, and class treatment must be superior to other methods for the fair and efficient adjudication of the controversy. FRCP 23(b)(3). In the settlement context, the issue of

manageability "drop[s] out of the predominance analysis because the proposal is that there be no trial." *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 240 (2d Cir. 2012) (internal quotation marks omitted).

### a)       Common Questions Predominate Over Individual Issues

The predominance requirement requires "that those issues in the proposed action that are subject to generalized proof outweigh those issues that are subject to individualized proof." *Heerwagen v. Clear Channel Commc'ns*, 435 F.3d 219, 226 (2d Cir. 2006).  Predominance is satisfied here, where the issues center on Defendant's uniform marketing and labeling for the Products and whether Defendant's representations concerning the Booster Seats are false, misleading, and/or likely to deceive a reasonable consumer.  Every Class Member's claim may be proven by the same common evidence regarding the safety of the Products for children as small as 30 pounds and the ability of the Products to provide side-impact protection.

### b)       A Class Action Is Superior To Alternative Methods Of Adjudication

Given each Class Member's claim is of a relatively low value, individual Class Members will likely have little incentive to pursue their claims on an individual basis.  A class action enables Class Members to bring together claims that would be economically infeasible to litigate otherwise and conserves judicial resources.  Thus, a class action is a superior method of fairly and efficiently adjudicating this case.  *See, e.g.*, *Jankowski v. Castaldi*, 2006 U.S. Dist. LEXIS 4237, at *13 (E.D.N.Y. Jan. 13, 2006) (class treatment appropriate where class members are sufficiently numerous and possess relatively small claims unworthy of individual adjudication).

### D.       The Proposed Class Notice And Notice Plan Are Reasonable

Where a class is certified for purposes of settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ."  FRCP 23(e)(1)(B).  This requires "the best notice that is practicable under the circumstances, including

individual notice to all members who can be identified through reasonable effort." FRCP

23(c)(2)(B). The "best practicable" notice standard does not require that every class member

actually receive notice. *In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 271 F. App'x

41, 44 (2d Cir. 2008). The proposed forms of notice should "fairly apprise the prospective

members of the class of the pendency of the class action, the terms of the proposed settlement, and

the options that are open to them in connection with the proceedings, including the option to

withdraw from the settlement." *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26

at 34 (E.D.N.Y. May 18, 2006).

The proposed forms of notice, attached as Exhibits E and G to the Stipulation of Settlement

and discussed at Section V of the Stipulation of Settlement, satisfy the criteria in Rule 23(c)(2)(B).

The notice clearly and concisely states in plain, easily understood language, all the necessary

information, including: (1) a summary of the action and the claims asserted; (2) a plain definition

of the Settlement Class; (3) a description of the terms of the Settlement and its binding effect;

(4) information regarding the claim criteria and instructions on how to make a claim; (5) disclosure

of the release of claims by Class Members who do not opt out of the Settlement; (6) an explanation

of opt-out rights and information on how to do so; (7) instructions on how and when to object to

the Settlement; (8) the date, time and location of the final approval hearing; (9) the fact a Class

Member may enter an appearance through an attorney if desired; (10) the address for the

Settlement Website; (11) the names and contact information for Class Counsel representing the

Settlement Class; and (12) an estimate of the maximum amount in attorneys' fees, costs, and

expenses that Class Counsel expects to seek. This information fairly apprises prospective Class

Members of the terms of the Settlement and the options available to them. *See Wal-Mart Stores,*

*Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 114 (2d Cir. 2005).

Under the Settlement, Notice will be sent in multiple formats consisting of: (1) e-mail

notice to all Class Members for whom email addresses have been identified including through Artsana's records;[9] (2) post card notice via regular mail to all Class Members for whom the Parties do not have a valid email address but do have a mailing address from Artsana's records; (3) website notice via a dedicated case-specific Settlement Website where the Notices and other court filings will be posted; (4) Internet banner ads, with embedded hyperlinks to the Settlement Website, directed towards likely Class Members, including but not limited to parents of preschoolers to teens and those with an interest in Chicco and/or child safety seats; (5) summary notice published in *People* magazine, in the magazine's nationwide print edition and its online digital replica; (6) an informational press release with a reach of approximately 15,000 media outlets, including English and Spanish language outlets; and (7) a toll-free telephone number through which Class Members can call the Settlement Administrator to get information about the Settlement. Settlement ¶ 63.  The Notice Plan is formulated to provide broad and effective Notice to prospective Class Members. Geer Decl. ¶¶ 28-31.  Accordingly, the content of the Notices and the Notice Plan satisfies the requirement of Rule 23.

### E.   Plaintiffs' Counsel Should Be Appointed As Settlement Class Counsel

Rule 23(g) requires a court to appoint class counsel when it certifies a class.  In appointing class counsel, the court considers several factors: (1) work done by counsel in identification or investigation of the claims in the action; (2) counsel's experience; (3) counsel's knowledge of the applicable law; and (4) counsel's resources committed to representing the proposed class.  FRCP 23(g)(1)(A).  All of these factors support appointing Milberg Coleman Bryson Phillips Grossman, Bursor & Fisher, and the Vozzolo firm as Class Counsel.

First, proposed Class Counsel spent a significant amount of time identifying and

---

[9] Artsana has provided information that it has 116,434 registrations for potential Class Members (of which 32,686 have an email address) from April 22, 2015 through December 31, 2021, representing a significant portion of the potential Class.  Geer Decl. ¶ 29.

investigating Plaintiffs' claims before filing these cases.  Geer Decl. ¶¶ 7-8.  Second, proposed

Class Counsel is experienced in the litigation, certification, trial, and settlement of multi-state

consumer class actions like this one, including serving as lead or co-lead counsel in booster seat

litigation against other manufacturers.  Geer Decl. ¶¶ 32-35, Exs. 2-4 (firm resumes of Class

Counsel).  In negotiating this Settlement, proposed Class Counsel had the benefit of years of

relevant experience and a familiarity with the relevant substantive case law and specific factual

issues.  *Id.* ¶¶ 32-35.  Finally, all three firms have well-regarded practices that are currently

litigating dozens of cases in state and federal courts throughout the nation, and they have devoted

substantial resources to representing the Class.  *Id.*  Thus, the Court should appoint Plaintiffs'

Counsel to act as Class Counsel for the Settlement Class.

## VI.    CONCLUSION

For all the above reasons, Plaintiffs respectfully request that the Court (1) preliminarily

approve the Settlement Agreement as provided in the Proposed Preliminary Approval Order

(Settlement Agreement Ex. D), (2) certify the Rule 23(b)(3) class described above, (3) appoint the

named Plaintiffs as Class Representatives, (4) appoint Milberg Coleman Bryson Phillips

Grossman, PLLC, Bursor & Fisher, P.A., and Vozzolo, LLC as Class Counsel; (5) appoint

Angeion Group as Settlement Administrator; and (6) enter a schedule for notice, opt-out deadlines,

objection deadlines, the filing of Plaintiffs' motion for attorneys' fees, expenses, and costs, and

dates for final approval briefing and hearing.

Dated:  January 17, 2023                          Respectfully submitted,

                                                  **BURSOR & FISHER, P.A.**

                                                  By: */s/ Alec M. Leslie*

                                                  Alec M. Leslie
                                                  888 Seventh Avenue
                                                  New York, NY 10019
                                                  Telephone: (646) 837-7150

Facsimile: (212) 989-9163
Email: aleslie@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (*pro hac vice* forthcoming)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC**
Martha A. Geer
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
Email: mgeer@milberg.com

-and-

**VOZZOLO LLC**
Antonio Vozzolo
Andrea Clisura
345 Route 17 South
Upper Saddle River, NJ 07458
Telephone: (201) 630-8820
Facsimile: (201) 604-8400
Email: avozzolo@vozzolo.com

*Proposed Co-Class Counsel*