**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAYERS, *et al.*,

        Plaintiff,

    v.

ARTSANA USA, INC.,

        Defendant.

Case No. 5:21-cv-01876-JMG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JIMENEZ,

        Plaintiff,

    v.

ARTSANA USA, INC.,

        Defendant.

Case No. 7:21-cv-07933-VB

## STIPULATION OF SETTLEMENT

## EXHIBIT LIST

**Exhibit A**:      [Proposed] Final Order

**Exhibit B**:      [Proposed] Final Judgment

**Exhibit C**:      Claim Form

**Exhibit D**:      [Proposed] Preliminary Approval Order

**Exhibit E**:      Long Form Notice

**Exhibit F**:      Settlement Administration Protocol

**Exhibit G**:      Summary Notice

**Exhibit H**:      Declaration of the Settlement Administrator

Plaintiffs Mashayila Sayers, Brittney Tinker, Jennifer Monachino, Kimberly Mullins, Hilda Michelle Murphree, and Amanda Jimenez ("Plaintiffs"), and Defendant Artsana USA, Inc. ("Artsana") (collectively "the Parties"), by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Stipulation of Settlement, hereby stipulate and agree, subject to Court approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

## I.      RECITALS

WHEREAS, on or about April 22, 2021, Plaintiffs Mashayila Sayers, Brittney Tinker, Jennifer Monachino, Kimberly Mullins, and Hilda Michelle Murphree filed a putative class action lawsuit against Artsana in the United States District Court for the Eastern District of Pennsylvania, Case No. 5:21-cv-01876-JMG ("*Sayers*"), which asserted nationwide counts for violation of the Magnuson-Moss Warranty Act, unjust enrichment, and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, as well as counts for breach of express warranty, breach of implied warranty, and violation of consumer protection acts under the specific laws of Colorado, Florida, Illinois, Maryland, and Texas, that related to, *inter alia*, alleged misrepresentations in Artsana's advertising, labeling, and marketing concerning the minimum weight requirement for and side-impact collision protection provided by Artsana KidFit booster seats—on behalf of a putative nationwide class of consumers, as well as Colorado, Florida, Illinois, Maryland, and Texas subclasses of consumers (*Sayers*, ECF No. 1);

WHEREAS, on or about September 23, 2021, Plaintiff Amanda Jimenez filed a putative class action lawsuit against Artsana in the United States District Court for the Southern District of New York, Case No. 7:21-cv-07933-VB ("*Jimenez*"), which asserted counts of deceptive acts or practices under New York General Business Law section 349, false advertising under New York General Business Law section 350, fraud, unjust enrichment, breach of implied warranty, and

breach of express warranty, that related to, *inter alia*, alleged misrepresentations in Artsana's advertising, labeling, and marketing concerning the minimum weight requirement for and side-impact collision protection provided by Artsana KidFit booster seats—on behalf of a putative nationwide class of consumers, as well as a subclass of consumers who purchased Artsana booster seats in New York (*Jimenez*, ECF No. 1);

WHEREAS, prior to the filing of the Actions, Artsana updated the individual web pages for the Eligible Products to note that KidFit booster seats should not be used by any child weighing under 40 pounds, and made similar changes to the packaging and user guides for Eligible Products;

WHEREAS, Artsana filed a Motion to Dismiss and/or Strike, in part, the *Sayers* Plaintiffs' Class Action Complaint on July 28, 2021 (*Sayers*, ECF Nos. 18–19);

WHEREAS, Artsana's Motion to Dismiss and/or Strike was fully briefed by the Parties to the *Sayers* action and pending before the Court at the time the Parties mediated;

WHEREAS, the Parties initiated discussions about the prospect of engaging in settlement discussions to resolve the litigation, and since that date, the Parties have had a series of settlement negotiations;

WHEREAS, while finalizing this Stipulation of Settlement, in order to assess the merits of the claims and potential claims, Plaintiffs, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations, including informal confirmatory discovery;

WHEREAS, the Parties participated in three mediation sessions with a respected mediator, the Honorable Diane M. Welsh of JAMS, who is a retired Magistrate Judge of the U.S. District Court for the Eastern District of Pennsylvania.  The Parties also participated in multiple phone conferences with each other, along with the assistance of Judge Welsh to finalize the terms

included in this Stipulation of Settlement.  Before and during the mediation sessions, the Parties had an arms'-length exchange of sufficient information to permit Plaintiffs and their counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions;

WHEREAS, Plaintiffs, as class representatives, believe that the claims settled herein have merit, but they and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through class certification, trial, and appeal. Plaintiffs and their counsel have also taken into account the uncertain outcome and risk of any litigation, as well as the difficulties and delay inherent in such litigation, and they believe that the settlement set forth in this Stipulation of Settlement confers substantial benefits upon the Class Members.  Based upon their evaluation, they have determined that the settlement set forth in this Stipulation of Settlement is in the best interests of the Class;

WHEREAS, based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs, and Class Counsel, on behalf of Plaintiffs and the other members of the proposed Class, have agreed to settle the Actions pursuant to the provisions of this Stipulation of Settlement, after considering, among other things: (i) the substantial benefits to the Class Members under the terms of this Stipulation of Settlement; (ii) the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (iii) the desirability of consummating this Stipulation of Settlement promptly to provide effective relief to the Class Members;

WHEREAS, weighing the above factors, as well as all other risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Plaintiffs and Class Counsel

3

are satisfied that the terms and conditions of this settlement are fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Class;

WHEREAS, Artsana has vigorously denied and continues to dispute all of the claims and contentions alleged in the Actions, and it denies any and all allegations of wrongdoing, fault, liability, or damage of any kind to Plaintiffs and the Class. Artsana further denies that it acted improperly or wrongfully in any way, and believes that these Actions have no merit. Nevertheless, Artsana desires to settle the Actions upon the terms and conditions set forth in this Stipulation of Settlement after considering, on the one hand, the risks, uncertain outcome, the burdens of full-blown discovery, and potential costs of continued litigation, and the benefits of the proposed settlement, including a concrete resolution of all class claims at an early stage of the litigation;

WHEREAS, Artsana has agreed to class action treatment of the claims alleged in the Actions solely for the purpose of compromising and settling those claims on a class basis as set forth herein; and

WHEREAS following the execution of the Settlement Agreement, Plaintiffs will file a consolidated amended class action complaint in the *Jimenez* action pending in the Southern District of New York that joins the parties and claims included in the *Sayers* action currently pending in the Eastern District of Pennsylvania.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and between the Parties, through their respective counsel, that: (a) the Actions be fully and finally compromised, settled, and released upon final settlement approval by the Court(s) after the hearings as provided for in this Stipulation of Settlement; and (b) upon such approval by the Court(s), a Final Order and Final Judgment, substantially in the form attached hereto as Exhibits "A" and "B," respectively, be entered dismissing the Actions with prejudice upon the following terms and conditions.

## II.   **DEFINITIONS**

As used in this Stipulation of Settlement and the attached exhibits, the following terms have the following meanings, unless this Stipulation of Settlement specifically provides otherwise. Unless otherwise indicated, defined terms include the plural as well as the singular.  Other capitalized terms used in this Settlement Agreement but not defined below shall have the meaning ascribed to them in this Settlement Agreement and the exhibits attached hereto.

1.      "Actions" mean the class action lawsuits entitled *Sayers v. Artsana USA, Inc.*, Case No. 5:21-cv-01876-JMG, pending in the United States District Court, Eastern District of Pennsylvania, and *Jimenez v. Artsana USA, Inc.*, Case No. 7:21-cv-07933-VB, pending in the United States District Court, Southern District of New York, collectively.

2.      "Artsana" means Artsana USA, Inc., the defendant in these Actions.

3.      "Approved Claims" means those claims that are approved by the Settlement Administrator for payment.

4.      "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for their fees and expenses in connection with the Actions and the Settlement, as described in Paragraphs 65 to 70 of this Stipulation of Settlement.

5.      "Bar Date" means 60 days after Final Approval, by when a Claim Form must be received by the Settlement Administrator for a Class Member to be entitled to any of the settlement consideration contemplated in this Stipulation of Settlement.

6.      "Claimant" means a Settlement Class Member who submits a Claim Form.

7.      "Claim Form" means the proof of claim and release form(s) substantially in the form attached hereto as Exhibit "C," which may be modified to meet the requirements of the Settlement Administrator, pursuant to which Class Members can recover one of the benefits described in Paragraphs 46 to 47.

8.      "Claims Period" means the time period from the Notice Date through the Bar Date, which is the time period that Class Members will have to claim the benefits contemplated by Paragraphs 46 to 47 of this Stipulation of Settlement.

9.      "Class" or "Class Members" or "Settlement Class Members" means all persons and entities in the United States, its territories, and/or its possessions who purchased one or more of the Eligible Products during the Class Period as defined herein.  Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of Artsana or its subsidiaries and affiliated companies; (b) persons or entities that purchased the Eligible Products primarily for the purposes of resale; (c) governmental entities; (d) persons and entities that timely and properly exclude themselves from the Class as provided in this Stipulation of Settlement; (e) persons and entities that purchased the Eligible Products via the Internet or other remote means while not residing in the United States; and (f) the Court, the Court's immediate family, and Court staff.

10.      "Class Counsel" or "Plaintiffs' Counsel" means the law firms of Bursor & Fisher, P.A.; Milberg Coleman Bryson Phillips Grossman, PLLC; and Vozzolo LLC.

11.      "Class Notice" or "Notice"  means notice of the proposed settlement, including the Long Form Notice and Summary Notice provided to the Class as provided herein, but which may be modified as necessary to comply with the provisions of any order of Preliminary Approval entered by the Court.

12.      "Class Period" means the period from April 22, 2015 up to and including December 31, 2021.

13.      "Complaints" mean, collectively, (i) the Class Complaint filed by Mashayila Sayers, Brittney Tinker, Jennifer Monachino, Kimberly Mullins, and Hilda Michelle Murphree on

April 22, 2021 (*Sayers*, ECF No. 1);  and (ii) the Class Complaint filed by Amanda Jimenez on September 23, 2021 (*Jimenez*, ECF No. 1).

14.     "Court" means the United States District Court for the Southern District of New York and the Judge assigned to the *Jimenez* action (the Honorable Vincent L. Briccetti).

15.     "Defense Counsel" means the law firm of Gibson, Dunn & Crutcher LLP.

16.     "Effective Date" means the date on which the Final Order and Final Judgment (defined below) in the Actions become "Final."  As used in this Stipulation of Settlement, "Final" means three (3) business days after all of the following conditions have been satisfied:

(a)     the Final Order and Final Judgment have been entered; and

(b)     (i) if reconsideration and/or appellate review is not sought from the Final Order and Final Judgment, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or (ii) if reconsideration and/or appellate review is sought from the Final Order and Final Judgment: (A) the date on which the Final Order and Final Judgment are affirmed and are no longer subject to judicial review, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Order and Final Judgment are no longer subject to judicial review.

17.     "Eligible Products" mean Artsana booster seats marketed under the "KidFit" branding, which includes the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus.  The Eligible Products are those Artsana booster seats at issue in the Actions and subject to the Plaintiffs' claims arising out of or relating to representations through any medium (*e.g.*, on-label, Internet, or otherwise) concerning the Artsana booster seats' minimum weight requirements and side-impact collision protection.

18.    "Fairness Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order for purposes of:  (a) determining whether the Settlement should be approved as fair, reasonable, and adequate; (b) entering the Final Order and Final Judgment and dismissing the Actions with prejudice; (c) ruling upon a motion by Class Counsel for Attorneys' Fees and Expenses; and (d) entering any final order awarding Attorneys' Fees and Expenses.  The Parties shall request that the Court schedule the Fairness Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d) and as soon as reasonably possible after briefing on Class Counsel's motion for Attorneys' Fees and Expenses is complete.

19.    "Final Approval" means the Court's entry of a Final Order and Final Judgment following the Fairness Hearing.

20.    "Final Order and Final Judgment" means the Court's order and judgment fully and finally approving the Settlement and dismissing the Actions with prejudice, substantially in the form attached hereto as Exhibits "A" and "B."

21.    "Long Form Notice" means the long form notice of settlement, substantially in the form attached hereto as Exhibit "E."

22.    "Notice and Administration Costs" means the costs and/or expenses incurred by the Settlement Administrator in preparing and disseminating Notice and completing the claims administration process set forth in this Stipulation of Settlement.

23.    "Notice Date" means the first date upon which the Class Notice is disseminated by the Settlement Administrator.

24.    "Opt-Out and Objection Deadline" means one hundred and twenty (120) days after the Notice Date.

25.     "Parties" means Plaintiffs and Artsana, collectively, as each of those terms is defined in this Stipulation of Settlement.

26.     "Plaintiff(s)" means Mashayila Sayers, Brittney Tinker, Jennifer Monachino, Kimberly Mullins, Hilda Michelle Murphree, and Amanda Jimenez.

27.     "Preliminary Approval Order" means the order preliminarily approving the Settlement and proposed Class Notice and notice plan, substantially in the form attached hereto as Exhibit "D."

28.     "Release" means the release and waiver set forth in Paragraphs 72 to 77 of this Stipulation of Settlement and in the Final Order and Final Judgment.

29.     "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action under common law or statutory law (federal, state, or local) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described in Paragraph 74 below) as of the Notice Date by all of the Plaintiffs and all Class Members (and Plaintiffs' and Class Members' respective heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that: were asserted or that could have been reasonably asserted in the Actions against the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or asserted in the Actions including, but not limited to, alleged violations of state consumer protection, unfair competition, and/or false or deceptive advertising statutes (including, but not limited to N.Y. Gen. Bus. Law §§ 349-350); breach of express or implied warranty (including, but not limited to, claims arising under state law and/or the

Magnuson-Moss Warranty Act); unjust enrichment, restitution, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort; and relate in any way to the advertising, labeling, or marketing of the Eligible Products through any medium (*e.g.*, on-label, internet, or otherwise). "Released Claims" shall be construed as broadly as possible to effect complete finality over this litigation involving Artsana advertising, labeling, and/or marketing of the Eligible Products as set forth herein.

30.     "Released Parties" means:

(a)     Artsana, and each of its past, present, and future employees, assigns, attorneys, agents, advertising agencies, consultants, officers, and directors;

(b)     All of Artsana's past, present, and future parents, subsidiaries, divisions, affiliates, predecessors, and successors, and each of their respective employees, assigns, attorneys, agents, resellers, officers, and directors; and

(c)     All persons, entities, or corporations involved in any way in the development, creation, sale, advertising, labeling, and/or marketing of the Eligible Products.

31.     "Releasing Parties" means Plaintiffs and all Class Members, and each of their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns.

32.     "Service Award" or "Incentive Award" means any award sought by application to and approved by the Court that is payable to the Plaintiffs for their role as the class representatives and/or named plaintiffs and for the responsibility and work attendant to those roles.

33.     "Settlement" means the settlement embodied in this Stipulation of Settlement, including all attached Exhibits (which are an integral part of this Stipulation of Settlement and are incorporated in their entirety by reference).

34.     "Settlement Administrator" or "Claims Administrator" means Angeion Group, assuming it agrees to undertake notice and administration in accordance with the Notice Plan and this Agreement or as otherwise ordered by the Court, which shall provide settlement notice, and administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by Claimants, communicating with Claimants, and distributing payments to qualified Claimants.  If the Court refuses to appoint Angeion Group as Settlement Administrator, the Parties will work in good faith to propose an alternative Settlement Administrator.  If the Parties cannot agree on an alternative Settlement Administrator, the Parties will ask the Court to appoint one.

35.     "Settlement Administration Protocol" means the protocol attached hereto as Exhibit "F."

36.     "Settlement Website" means a dedicated website to be established by the Claims Administrator for the purpose of providing Notice, Claim Forms, and other information regarding this Agreement.  The Settlement Website will be activated no later than three (3) business days before the Notice is first disseminated.

37.     "Stipulation of Settlement" or "Settlement Agreement" or "Agreement" means this Stipulation of Settlement and its Exhibits, attached hereto and incorporated herein, including all subsequent amendments agreed to in writing by the Parties and any exhibits to such amendments.

38.     "Summary Notice" means the summary notice of the proposed class action settlement, substantially in the form attached hereto as Exhibit "G."

### III.     SUBMISSION OF SETTLEMENT TO THE COURT FOR APPROVAL

39.     As soon as practicable, but no later than thirty (30) days following the signing of this Stipulation of Settlement, Class Counsel shall apply to the Court for entry of the Preliminary

Approval Order (substantially in the form attached as Exhibit "D"), for the purpose of, among other things:

(a)    Certifying a Settlement Class under Federal Rule of Civil Procedure 23(b)(3), appointing Plaintiffs as the representatives of the Class and Class Counsel as counsel for the Class, and preliminarily approving the Settlement as being within the range of reasonableness such that the Class Notice should be provided pursuant to this Stipulation of Settlement;

(b)    Approving the Settlement Administrator;

(c)    Approving and authorizing the contents and distribution of Class Notice;

(d)    Scheduling the Fairness Hearing on a date ordered by the Court, provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Order and Final Judgment should be entered dismissing the Actions with prejudice;

(e)    Determining that the notice of the Settlement and of the Fairness Hearing as set forth in this Stipulation of Settlement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution;

(f)    Providing that Class Members will have until the Bar Date to submit Claim Forms;

(g)    Providing that any objections by any Class Member to the certification of the Class, the proposed Settlement contained in this Stipulation of Settlement, the entry of the Final Order and Final Judgment, and Class Counsel's motion for Attorneys' Fees and Expenses shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before the date(s) specified in the Class Notice and Preliminary Approval Order, such objector files with the Court, and submits to the Parties' counsel, a written

objection and notice of any intention by the objector to appear at the Fairness Hearing, and otherwise complies with the requirements in Paragraphs 99 to 108 of this Stipulation of Settlement;

(h)     Establishing dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any valid and timely objections, and providing that all Class Members will be bound by the Final Order and Final Judgment dismissing the Actions with prejudice unless such Class Members timely file valid written requests for exclusion or opt out in accordance with this Stipulation of Settlement and the Class Notice;

(i)     Providing that Class Members wishing to exclude themselves from the Settlement will have until the date specified in the Class Notice and the Preliminary Approval Order to submit a valid written request for exclusion or opt out to the Settlement Administrator;

(j)     Providing a procedure for Class Members to request exclusion or opt out from the Settlement;

(k)     Directing the Parties, pursuant to the terms and conditions of this Stipulation of Settlement, to take all necessary and appropriate steps to establish the means necessary to implement the Settlement;

(l)     Pending the Fairness Hearing, staying all proceedings in the Actions (if the Actions are not already stayed), other than proceedings necessary to carry out or enforce the terms and conditions of this Stipulation of Settlement and the Preliminary Approval Order, and unless and until this Agreement is terminated pursuant to its terms and conditions; and

(m)     Pending the Fairness Hearing, enjoining Plaintiffs and Class Members, from commencing or prosecuting, either directly or indirectly, any action in any forum (state or federal) asserting any of the Released Claims.

40.     Following the entry of the Preliminary Approval Order, the Class Notice shall be given and published by the Settlement Administrator in accord with the approved Notice Plan.

41.     Class Counsel shall draft the motion for Final Approval and provide that draft to Artsana's Counsel reasonably in advance of filing such motion with the Court.

42.     At the Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order and Final Judgment in the form substantially similar to Exhibits "A" and "B," respectively. The Final Order and Final Judgment shall, among other things:

(a)     Find that the Court has personal jurisdiction over all Class Members, the Court has subject matter jurisdiction over the claims asserted in the Actions, and that venue is proper;

(b)     Grant final approval of this Stipulation of Settlement and the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c)     Certify the Class for purposes of settlement;

(d)     Find that the notice to the Class complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e)     Incorporate the Release set forth in this Stipulation of Settlement and make the Release effective as of the date of the Final Order and Final Judgment;

(f)     Issue the injunctive relief described in Paragraph 51 of this Stipulation of Settlement;

(g)     Authorize the Parties to implement the terms of the Settlement;

(h)     Dismiss the Actions with prejudice; and

(i)     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of this Stipulation of Settlement, the Final Order, Final Judgment, any final order approving Attorneys' Fees and Expenses, and for any other necessary purpose.

43.     Based upon the Declaration of the Settlement Administrator, attached hereto as Exhibit "H," the Parties agree that the Notice Plan contemplated by this Stipulation of Settlement is valid and effective, that if effectuated, it would provide reasonable notice to the Class, and that it represents the best practicable notice under the circumstances.

## IV.     THE SETTLEMENT CONSIDERATION

**A.     Cash Benefits to Class Members**

44.     Within seven (7) calendar days after the entry of the Preliminary Approval Order, Artsana agrees to pay all reasonable Notice and Administration costs to the Settlement Administrator for the Notice Plan and Settlement administration expenses that will be incurred by the Settlement Administrator.  This deadline may be extended by mutual consent of the Parties.

45.     Class Members shall be eligible for relief provided in this Stipulation of Settlement, provided Class Members complete and timely submit the Claim Form, which shall be included with the Class Notice and available on the Settlement Website described in this Stipulation of Settlement, to the Settlement Administrator by the Bar Date, subject to the terms and conditions of this Stipulation of Settlement and the Settlement Administration Protocol attached hereto as Exhibit "F."

46.     <u>Class Members With Proof of Purchase</u>.  The relief to be provided to each eligible Class Member who submits proof of purchase with a Claim Form pursuant to the terms and conditions of this Stipulation of Settlement shall be fifty dollars ($50) per Eligible Product.  Proof of purchase is defined to include a valid receipt or retail rewards submission from an authorized retailer, product packaging, a picture of the Eligible Product showing a new or recently purchased

product, evidence of the purchase in Artsana's records (either as a result of a direct purchase from Artsana or by registration of the Eligible Product with Defendant or NHTSA), or other physical evidence (*e.g.* a credit card statement or invoice showing the class member's purchase) corroborating the Class Member's purchase claim.

47.     <u>Class Members Without Proof of Purchase</u>.  The relief to be provided to each eligible Class Member who does not have proof of purchase described in Paragraph 46 for the Eligible Products and submits a Claim Form during the Claim Period pursuant to the terms and conditions of this Stipulation of Settlement shall be twenty-five dollars ($25) per Eligible Product purchased during the Class Period.  On the Claim Form, Class Members without proof of purchase will be asked to corroborate their purchase of the Products by satisfying at least two of the below four requirements: (1) identifying the serial number, (2) identifying the model of the Eligible Product they purchased and either the primary and/or secondary colors of the seat, (3) identifying the retailer from which they purchased, as well as the approximate month (or season) and year of purchase, or (4) if the Eligible Product was not purchased online, identifying the municipality and state in which the Eligible Product was purchased and attaching a picture of the Eligible Product. Class Members without proof of purchase can only recover the twenty-five dollar ($25) benefit described above if they accurately answer at least two (2) of these requirements.  An incorrect response to the primary and/or secondary color question will not be counted against the Claimant.

48.     No Class Member shall receive any benefits described in Paragraphs 46 and 47 before the Effective Date.

49.     No later than thirty (30) calendar days after the Effective Date, Artsana shall pay all benefits due to Class Members pursuant to Paragraphs 46 and 47.  The Settlement Administrator shall assist Artsana in directing payments to Class Members.

50.     After Artsana pays all benefits due to Class Members pursuant to Paragraphs 46 and 47, any funds Artsana distributed to the Settlement Administrator for Class Notice and Settlement administration expenses that the Settlement Administrator did not use shall revert back to Artsana.

**B.     Injunctive Relief**

51.     In consideration for the Release contained in this Stipulation of Settlement, and as a result of the efforts of the Plaintiffs and Class Counsel, Artsana agrees to the following injunctive relief:

(a)     Artsana shall include a link to the video titled "Chicco USA Live: Vehicle Boosters," on its consumer-facing website for Chicco USA (https://www.chiccousa.com) enabling consumers to access the informational video currently available at https://www.facebook.com/ChiccoUSA/videos/210182254417323 (the "Facebook Video"). The Facebook Video shall appear on the Chicco USA website on the product video page (currently available at https://www.chiccousa.com/product-video-page/product-videos.html) under the existing heading "KidFit® Booster Car Seat";

(b)     Artsana will add an overlay of text to the Facebook Video, which will appear on the bottom of the video screen or over the video, stating: "The National Highway Traffic Safety Administration (NHTSA) recommends that you keep your child in a forward-facing car seat with a harness and tether until he or she reaches the top height or weight limit allowed by your car seat's manufacturer." Artsana will display such overlay (the "NHTSA Overlay") on the Facebook Video clearly and conspicuously for a reasonable length of time;

(c)     Artsana shall create a new educational video, which discusses the subject of transitioning a child to a booster seat, and has a title reasonably related to the topic of transitioning

or fitting a child to a booster seat, and addresses the minimum requirements for safe use of a booster, including weight, age, height, and child maturity level (the "New Video").  The New Video will appear on the Chicco USA's website on the product video page (currently available at https://www.chiccousa.com/product-video-page/product-videos.html) under the existing heading "KidFit® Booster Car Seat." Artsana will either include an audio message identical to the language utilized in the NHTSA Overlay or display the NHTSA Overlay on the New Video clearly and conspicuously for a reasonable length of time.

52.     Nothing in this Stipulation of Settlement shall prevent Artsana from implementing the changes referenced in Paragraph 51 (or other product changes) prior to the Effective Date.  The terms and requirements of the injunctive relief described in Paragraph 51 shall expire the earliest of the following dates:  (a) three (3) years after the Effective Date; or (b) the date upon which there are such changes in the design or manufacture of Artsana products that would render the marketing and advertising described in Paragraph 51 inaccurate; or (c) the date upon which there are changes to any applicable statute, regulation, or other law that Artsana reasonably believes would require a modification to the labeling, advertising, and/or marketing described in Paragraph 51 to comply with the applicable statute, regulation, or law.

**C.     Confirmatory Discovery**

53.     Prior to the Motion for Preliminary Approval, the Parties will have conducted certain confirmatory discovery, regarding the sale of Eligible Products; Artsana's revenues from the sale of Eligible Products; marketing, advertising, and packaging of Eligible Products; Class Member warranty registration information; the identity of authorized retailers; and Class Member identification.

## V.      NOTICE TO THE CLASS

54.     The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law.

55.     Following the Court's preliminary approval of this Stipulation of Settlement and the Court's appointment of the Settlement Administrator, the Settlement Administrator shall effectuate the Notice Plan and disseminate the Class Notice as provided for in the Declaration of the Settlement Administrator, attached hereto as Exhibit "H," as specified in the Preliminary Approval Order and in this Stipulation of Settlement, and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

56.     Following the dissemination of the Class Notice, the Settlement Administrator shall submit a declaration under the penalty of perjury attesting that the Class Notice has reached at least 80% of the Class Members unless the Parties mutually agree otherwise.

57.     Identification of Class Members within Artsana's records.  Artsana shall conduct a reasonable search of its records to identify the name, email address, and street address of all persons within the Settlement Class.  Within fourteen (14) days of the entry of the Preliminary Approval Order, Artsana shall compile a list with the names, email addresses, mailing or street addresses for Settlement Class Members, and Eligible Product details to the extent available (model number, and/or model name, and/or serial number, and/or manufacturer date) and provide them to the Settlement Administrator.  Artsana shall also provide a summary of the information provided to the Claims Administrator to Class Counsel, including the aforementioned categories and total quantities within each category.

58.     E-mail Notice.  The Settlement Administrator will cause Notice, in the form approved by the Court, to be e-mailed to Settlement Class Members at an e-mail address reflected

in Artsana's reasonably available computerized records, as of the date of entry of the Preliminary Approval Order.  An additional e-mail will be sent within 30 days of the initial e-mail notice.  The Settlement Administrator may also send reminder notices to Settlement Class Members.  The e-mail notice will be substantially in the form of Exhibit G.  To ensure a high degree of deliverability of the email notice and to avoid spam filters, the Claims Administrator must utilize industry-recognized best practices and comply with the Can-Spam Act.  The Email Notice shall have a hyperlink that Class Member recipients may click and be taken to a landing page on the Settlement Website, prepopulated with Class Member data, if practicable.

59.   The Long Form Notice:  The Long Form Notice shall be in a form substantially similar to the document attached to this Stipulation of Settlement as Exhibit "E" and shall comport to the following:

(a)   General Terms:  The Long Form Notice shall contain a plain and concise description of the nature of the Actions and the proposed Settlement, including information on the definition of the Class, the identity of Class Members, how the proposed Settlement would provide relief to Class Members, what claims are released under the proposed Settlement, and other relevant information.

(b)   Opt-Out Rights:  The Long Form Notice shall inform Class Members that they have the right to opt out of the Settlement by the Opt-Out and Objection Deadline.  The Long Form Notice shall provide the deadlines and procedures for exercising this right.

(c)   Objection to Settlement:   The Long Form Notice shall inform Class Members of their right to object to the proposed Settlement by the Opt-Out and Objection Deadline and to appear at the Fairness Hearing.  The Class Notice shall provide the deadlines and procedures for exercising these rights.

(d)     <u>Fees and Expenses</u>:  The Long Form Notice shall inform Class Members about the fees and expenses related to the Settlement Administrator, and shall also explain that the fees and expenses awarded to Class Counsel, the fees and expenses to be paid to the Settlement Administrator, and the amounts being made available for relief to Class Members, will be paid by Artsana.  The Long Form Notice shall also inform Class Members that Class Counsel's Attorney's Fees and Expenses will be in an amount to be determined by the Court.

(e)     <u>Claim Form</u>:  The Long Form Notice shall include the Claim Form, which shall inform the Class Member that he or she must fully complete and timely return the Claim Form by the Bar Date (which shall be printed on the Long Form Notice) to be eligible to obtain relief pursuant to this Stipulation of Settlement.

60.     <u>The Summary Notice</u>:  The Settlement Administrator shall have the publication of the Summary Notice substantially completed pursuant to and as described in the Declaration of the Settlement Administrator, attached hereto as Exhibit "H," and in such additional newspapers, magazines, and/or other media outlets as shall be agreed upon by the Parties.  The form of Summary Notice agreed upon by the Parties is in the form substantially similar to the one attached hereto as Exhibit "G."  If any Summary Notice that has been emailed is returned as undeliverable, the Settlement Administrator shall attempt two other email executions and, if unsuccessful, the Settlement Administrator will send the Summary Notice (in post card form as specified in Paragraph 63(b)) by U.S. mail, postage prepaid, to the extent a current physical mailing address is available.  In addition to the notice required by the Court, the Parties may jointly agree to provide additional notice to the members of the Settlement Class;

61.     <u>Settlement Website</u>:  Before the dissemination of the Class Notice, the Settlement Administrator shall establish and maintain a Settlement Website (established three (3) business

days before Notice is first disseminated), that will: (i) notify the Settlement Class of their rights to opt out or exclude themselves from the Settlement Class; (ii) notify the Settlement Class of their right to object to this Agreement; (iii) notify the Settlement Class that no further notice will be provided to them that the Settlement has been approved; (iv) inform the Settlement Class that they should monitor the Settlement Website for further developments; (v) inform the Settlement Class of their right to attend the Final Approval Hearing conducted by the Court; (vi) include any required notice of any motion(s) made by Class Counsel for any Attorneys' Fees and Expenses or Incentive Award (when available); (vii) include a copy of this Agreement, the Preliminary Approval Order, the Claim Form, and the Notice; (viii) include copies of the material documents that are filed publicly with the Court in connection with the Settlement or any other pertinent case documents; and (ix) include any other information or materials that may be required by the Court and/or agreed to by the Parties.  The Settlement Website shall also maintain a tool to enter a Class Member's name and mailing address (at the time of purchase) which would pre-populate Eligible Product details (model number, and/or model name, and/or serial number, and/or manufacturer date) into the Claim Form with the model number, and/or model name, and/or serial number and/or manufacturer date, if their name and address matches contact information in Artsana's applicable records.  The Parties shall have the right to review and approve the content of the Settlement Website. The Settlement Website will also allow for electronic submission, through the website, of the Claim Form (in addition to Claim Forms being mailed to the Settlement Administrator). The Claims Administrator shall establish the Settlement Website using a website name to be mutually agreed upon by the Parties.

62.     <u>Toll-Free Telephone Number</u>:  Prior to the dissemination of the Class Notice (in the period beginning three (3) business days before Notice is first disseminated), the Settlement

Administrator shall establish a Toll-Free Interactive Voice Response ("IVR") phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form.  The phone number shall remain open and accessible through the Claim Deadline.  The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by potential Settlement Class Members concerning the Action and/or this Settlement, so that Class Counsel may timely and accurately respond to such inquiries; provided however, the Settlement Administrator shall review the recorded messages before providing them to Class Counsel, and if one or more of the messages requests a blank Claim Form or other similar administrative assistance only, then the Settlement Administrator shall handle such administrative request(s), but the Settlement Administrator shall provide all other messages to Class Counsel for any further response to the Settlement Class Member.

63.     Within thirty (30) days after Artsana identifies Class Members within Artsana's records, as provided in Paragraph 57, the Parties will coordinate with the Settlement Administrator to provide notice to the Class—*i.e.*, this shall constitute the Notice Date—as follows:

(a)     Emailing, in accordance with the Notice Plan set forth in the Declaration of the Settlement Administrator, attached hereto as Exhibit "H," and in Paragraph 58 of this Agreement, a copy of the Notice in the form approved by the Court to all Settlement Class Members for whom an email address has been previously identified from Artsana's reasonably available computerized records, in particular, for all persons who provided an email address when registering an Eligible Product.

(b)     Mailing Summary Notice in post card form to all Settlement Class Members for whom the contact information previously identified from Artsana's records does not contain a

valid email address but does contain a physical mailing address, including for all Settlement Class Members who provided a mailing address when registering an Eligible Product. For any Summary Notice that is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the notice to the forwarding address, if any, provided by the Postal Service or—if no forwarding address is provided on the returned mail—shall re-mail the notice after performing a "skip trace";

(c)      Publishing, on or before the Notice Date as specified in the Preliminary Approval Order, the Long Form Notice on the Settlement Website and the Summary Notice as set forth in the Declaration of the Settlement Administrator, attached hereto as Exhibit "H";

(d)      Providing a link in the Long Form Notice and the Summary Notice to the Settlement Website to be designed and administered by the Settlement Administrator that will contain electronic copies of the settlement documents (including, but not limited to, the Long Form Notice, the Claim Form, the Preliminary Approval Order, this Stipulation of Settlement (including all of its Exhibits), the *Sayers* Complaint filed on April 22, 2021, and the *Jimenez* Complaint filed on September 23, 2021), a list of important dates, and any other information or documents to which the Parties may agree;

(e)      Establishing a toll-free number through which Class Members may obtain information about the Actions and the Settlement and request a mailed copy of the Long Form Notice and/or the Claim Form;

(f)      Providing Internet publication notice though an online media campaign, which will continue for a period of seventy-five (75) calendar days and will include the purchase of Internet banner notice ads, social media ads, and search ads. The advertisements will link directly to the Settlement Website, allowing visitors easy access to relevant information and

documents.  Advertisements will be served nationwide, will run on desktop and mobile devices, and will be targeted to likely Class Members, including but not limited to parents of preschoolers to teens and those with an interest in Chicco and/or child safety seats.  Advertisements will also be placed on social media websites, such as Facebook and Instagram; and

(g)     Publishing the Summary Notice in *People* magazine, in the magazine's nationwide print edition as well as its online digital replica;

(h)     Issuing an informational press release to a national press release service (*e.g.*, PR Newswire) with a reach of approximately 15,000 media outlets, including English and Spanish language outlets.  The press release will include the Settlement Website address so that Settlement Class Members can easily access information about the Actions.

64.     Class Action Fairness Act Notification.  Within ten (10) days after the filing of this Agreement with the Court, the Settlement Administrator shall notify the appropriate state and federal officials of this Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## VI.     ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' SERVICE AWARDS

65.     Class Counsel will make a motion to the Court for an award of Attorneys' Fees and Expenses in the Actions, which shall be the sole compensation paid by Artsana for Plaintiffs' Counsel.  Class Counsel's motion for Attorneys' Fees and Expenses shall be filed no later than ten (10) days before the Opt-Out and Objection Deadline.  Artsana's opposition (if any) to Class Counsel's Motion for Attorneys' Fees and Expenses shall be due no later than twenty-one (21) days after Class Counsel's motion is filed.  And Class Counsel's reply (if any) shall be due no later than fourteen (14) days after filing of Artsana's opposition.

66.     The Parties agree to meet and confer regarding the motion for Attorneys' Fees and Expenses at least forty-five (45) days before Class Counsel files its motion with the Court.  If the

Parties are unable to reach an agreement, the Parties agree to hold a mediation concerning Class Counsel's request for Attorneys' Fees and Expenses at least seven (7) days before Class Counsel files that motion with the Court. If, after the mediation, the Parties do not agree on the amount of Attorneys' Fees and Expenses to be awarded to Class Counsel, the amount of the Attorneys' Fees and Expenses will be determined by the Court, and in no event shall Artsana be obligated to pay any amount in excess of what the Court awards. The Parties also reserve all of their rights to challenge any award of Attorneys' Fees and Expenses via further motion and/or appeal.

67.     Settlement Class Members shall also have ten (10) days from the filing of the motion for Attorneys' Fees and Expenses to object to and oppose Class Counsel's request for Attorneys' Fees and Expenses by filing with the Court and serving on Class Counsel and Defense Counsel any objections relating to Class Counsel's motion for Attorneys' Fees and Expenses.

68.     Any Attorneys' Fees and Expenses awarded by the Court shall be paid directly by Artsana by wire transfer into an account(s) designated by Class Counsel. This amount shall be inclusive of all fees and costs of Class Counsel to be paid by Artsana in the Actions. Plaintiffs and Class Counsel agree that Artsana shall not pay, or be obligated to pay, in excess of any award of Attorneys' Fees and Expenses by the Court.

69.     Any Attorneys' Fees and Expenses awarded by the Court shall be paid by Artsana within three (3) business days after the Effective Date or the date on which Class Counsel provides account details to Artsana, whichever comes later. Class Counsel shall have the sole and absolute discretion to allocate the Attorneys' Fees and Expenses amongst Plaintiffs' Counsel and any other attorneys for Plaintiffs. Artsana shall have no liability or other responsibility for allocation of any such Attorneys' Fees and Expenses awarded, and, in the event that any dispute arises relating to

the allocation of fees, Class Counsel agree to hold Artsana harmless from any and all such liabilities, costs, and expenses of such dispute.

70.     The procedure for and the allowance or disallowance by the Court of any motion for attorneys' fees, costs, expenses, or reimbursement to be paid to Class Counsel are not part of the settlement of the Released Claims as set forth in this Stipulation of Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Stipulation of Settlement. Any such separate order, finding, ruling, holding, or proceeding relating to any such motion for Attorneys' Fees and Expenses, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Stipulation of Settlement or otherwise affect or delay the finality of the Final Order and Final Judgment or the Settlement.

71.     Class Counsel may ask the Court for a Service Award payable to each of the Plaintiffs of $1,500.00.  Any Service Awards approved by the Court shall be paid by Artsana within ten (10) days after the Effective Date.  The Court's award of any Incentive Award shall be separate from its determination of whether to approve the Settlement as set forth in this Agreement.

## VII.    RELEASES AND DISMISSAL OF ACTIONS

72.     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.  The Released Claims shall be construed as broadly as possible to effect complete finality over this litigation involving Artsana advertising, labeling, and/or marketing of the Eligible Products as set forth herein.

73.     Members of the Class who have opted out of the Settlement by the Opt-Out and Objection Deadline do not release their claims and will not obtain any benefits of the Settlement.

74.     The Released Claims include known and unknown claims relating to the Actions, and this Stipulation of Settlement is expressly intended to cover and include all such damages, including all rights of action thereunder.   Plaintiffs and Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, Plaintiffs and Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the Release herein given by Plaintiffs and Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Plaintiffs and Class Members expressly acknowledge

that he/she/they have been advised by his/her/their attorney of the contents and effect of Section 1542, and with knowledge, Plaintiffs and Class Members hereby expressly waive whatever benefits he/she/they may have had pursuant to such section.  Plaintiffs and Class Members are not releasing any claims for Personal Injuries.  Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this Release is a part.

75.     Upon the Effective Date, the Actions shall be dismissed with prejudice.  Plaintiffs and Class Counsel shall have the responsibility for ensuring that the Actions are dismissed with prejudice in accordance with the terms of this Stipulation of Settlement.

76.     The Court shall enter an order retaining jurisdiction over the Parties to this Stipulation of Settlement with respect to their future performance of the terms of this Stipulation of Settlement.  In the event that any applications for relief are made, such applications shall be made to the Court.

77.     Upon the Effective Date:  (a) this Stipulation of Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Class Members; and (b) Plaintiffs and the Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

### VIII.   ADMINISTRATION OF THE SETTLEMENT

78.     Because the names of some Class Members and other personal information about them will be provided to the Settlement Administrator for purposes of providing cash benefits and processing opt out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Artsana and Class Counsel and will take all reasonable steps to ensure

that any information provided to it by Class Members will be used solely for the purpose of effecting this Settlement.

79.    In fulfilling its responsibilities in providing Class Notice, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the notice to the Class via various forms of media, including implementing the Notice Plan set forth in the Declaration of the Settlement Administrator attached as Exhibit "H."  In particular, the Settlement Administrator shall be responsible for: (a) arranging for the publication of the Summary Notice and dissemination of the Class Notice as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "H" and pursuant to the requirements of this Stipulation of Settlement; (b) designing and implementing notice to the Class by various electronic media as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "H" and pursuant to the requirements of this Stipulation of Settlement; (c) responding to requests from Class Counsel and/or Defense Counsel; and (d) otherwise implementing and/or assisting with the dissemination of the notice of the Settlement as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "H" and pursuant to the requirements of this Stipulation of Settlement.

80.    The Settlement Administrator also shall be responsible for, without limitation, dissemination of Class Notice as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "H" and implementing the terms of the claim process and related administrative activities that include communications with Class Members concerning the Settlement, the claim process, and their options thereunder.   In particular, the Settlement Administrator shall be responsible for:  (a) printing, emailing, mailing, or otherwise arranging for the mailing of the Class Notice in response to Class Members' requests; (b) making any mailings

required under the terms of this Stipulation of Settlement; (c) establishing and maintaining the Settlement Website that contains the Claim Form that can be completed and submitted online; (d) establishing a toll-free voice response unit with message and interactive voice response (IVR) capabilities to which Class Members may refer for information about the Actions and the Settlement; (e) receiving and maintaining any Class Member correspondence regarding requests for exclusion and objections to the Settlement; (f) forwarding inquiries from Class Members to Class Counsel or their designee for a response, if warranted; (g) establishing a post office box for the receipt of Claim Forms, exclusion requests, and any correspondence; (h) reviewing Claim Forms according to the review protocols agreed to by the Parties and set forth in this Stipulation of Settlement and the Settlement Administration Protocol, attached hereto as Exhibit "F"; and (i) otherwise implementing and/or assisting with the claim review process and payment of the claims.

81.     The Settlement Administrator shall administer the Settlement in accordance with the terms of this Stipulation of Settlement (including, but not limited to, the Settlement Administration Protocol attached as Exhibit "F") and, without limiting the foregoing, shall:

(a)     Treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Stipulation of Settlement or by court order;

(b)     Receive opt out and other requests and correspondence from Class Members to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt.  If the Settlement Administrator receives any exclusion forms or other requests from Class Members to exclude themselves from the

Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof; and

(c)     Receive and maintain all correspondence from any Class Member regarding the Settlement.

82.     The Settlement Administrator shall be reimbursed up to the amount specified in the Settlement Administration Protocol, attached hereto as Exhibit "F" toward reasonable costs, fees, and expenses of providing notice to the Class and administering the Settlement in accordance with this Stipulation of Settlement.

83.     To be eligible to receive cash benefits under the Settlement Agreement, Settlement Class Members must submit a Claim Form to the Claims Administrator by either: (a) completing, attesting, and postmarking the Claim Form to the Claims Administrator by the Bar Date; or (b) electronically completing, certifying, and submitting the Claim Form on the Settlement Website by the Bar Date.  The Claim Form shall include an attestation, substantially in the following form: "I declare or affirm, under penalty of perjury, that the information in this claim form is true and correct to the best of my knowledge, and that I purchased the product(s) claimed above during the Claim Period.  I understand that my claim form may be subject to audit, verification, or Court review."  Claim Forms will be included on the Settlement Website and designed by the Settlement Administrator, subject to the approval of both Parties.

84.     Any Class Member who, in accordance with the terms and conditions of this Stipulation of Settlement, neither seeks exclusion from the Class nor files a Claim Form, will not be entitled to receive any cash payment pursuant to this Stipulation of Settlement, but will be bound together with all Class Members by all of the terms of this Stipulation of Settlement, including the terms of the Final Order and Final Judgment to be entered in the Actions and the

releases provided for herein, and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning the Released Claims.

85.     Claim Forms that do not meet the requirements set forth in this Stipulation of Settlement and in the Claim Form instructions shall be rejected.  Where a good-faith basis exists, the Settlement Administrator may reject a Class Member's Claim Form for, among other reasons, the following:

(a)     The Class Member purchased products that are not Eligible Products or otherwise covered by the terms of this Stipulation of Settlement;

(b)     Failure to fully complete and/or sign the Claim Form;

(c)     Illegible Claim Form;

(d)     The product(s) purchased by the Class Member is (are) not reasonably identifiable as an Eligible Product from the proof of purchase or other information submitted by the Class Member, as required by Paragraphs 46 and 47;

(e)     The Claim Form appears to be fraudulent;

(f)     The Claim Form appears to be duplicative of another Claim Form;

(g)     The person submitting the Claim Form is not a Class Member;

(h)     The person submitting the Claim Form requests that payment be made to a person or entity other than the Class Member for whom the Claim Form is submitted;

(i)     Failure to submit a Claim Form by the Bar Date (either by electronic submission or postmark); and/or

(j)     The Claim Form otherwise does not meet the requirements of this Stipulation of Settlement.

86.     The Settlement Administrator shall determine whether a Claim Form meets the requirements set forth in this Stipulation of Settlement.  Each Claim Form shall be submitted to and reviewed by the Settlement Administrator within a reasonable time to determine (in accordance with this Stipulation of Settlement and the Settlement Administration Protocol, attached hereto as Exhibit "F") the extent, if any, to which each claim shall be allowed.  The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all cash payments provided to Class Members.

87.     Claim Forms that do not meet the terms and conditions of this Stipulation of Settlement shall be promptly rejected by the Settlement Administrator.   The Settlement Administrator shall have thirty (30) days from the end of the Claim Period to exercise the right of rejection.   The Settlement Administrator shall notify the Class Member using the contact information provided in the Claim Form of the rejection.  Class Counsel and Defense Counsel shall be provided with copies of all such notifications to Class Members.   The Settlement Administrator shall determine, after consultation with Class Counsel and Artsana's Counsel, whether to allow a Class Member an opportunity to cure a deficient Claim Form.  If any Claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the Claimant must, within ten (10) business days from receipt of the rejection, transmit to the Settlement Administrator by email or U.S. mail a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the claim.  If Class Counsel and Defense Counsel cannot agree

on a resolution of the Claimant's notice contesting the rejection, the Settlement Administrator shall have the discretion that it will exercise in good faith to assess the validity of the disputed claim.

88.     No person shall have any claim against Artsana, Artsana's Counsel, Plaintiffs, the Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Stipulation of Settlement.  This provision does not affect or limit in any way the right of review by the Court or Court-appointed referee of any disputed Claim Forms as provided in this Stipulation of Settlement.

89.     Any Class Member who fails to submit a Claim Form by the Bar Date (either by electronic submission or postmark) or whose claim form is rejected by the Settlement Administrator (and not reinstated via the process described in Paragraph 87) shall be forever barred from receiving any benefit pursuant to this Stipulation of Settlement, but shall in all other respects be bound by all of the terms of this Stipulation of Settlement including the terms of the Final Order and Final Judgment to be entered in the Actions and the releases provided for herein, and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning any of the Released Claims.  A Claim Form shall be submitted electronically at the Settlement Website to be designed and administered by the Settlement Administrator.  Where proof of purchase or other information is required to be submitted as part of the Claim Form, the Claim Form will be deemed to have been submitted when the proof of purchase is submitted electronically with the Claim Form or posted, if received with a postmark, or equivalent mark by a courier company indicated on the envelope or mailer and if mailed with pre-paid postage and addressed in accordance with the instructions set out in the Claim Form.  In all other cases, the Claim Form shall be deemed to have been submitted when it is actually received by the Settlement Administrator.

90.     The Settlement Administrator shall provide weekly updates of claims information to the parties.  In addition, at least fifty (50) days before the filing of Class Counsel's motion for Attorneys' Fees and Expenses (*i.e.*, at least sixty (60) days before the Opt-Out and Objection Deadline), the Settlement Administrator shall provide a spreadsheet to Class Counsel and Defense Counsel that contains information sufficient to determine: (a) the number of Settlement Class Members that submitted a claim (without identifying the claimants); (b) the number of submitted Claim Forms that are valid, and which are not; (c) the number of submitted Claim Forms the Settlement Administrator intends to treat as Approved Claims; and (d) the number of submitted Claim Forms the Settlement Administrator has denied and the reason(s) for the denials.  The Settlement Administrator shall provide an updated spreadsheet containing the same categories of information at least ten (10) days before the filing of Class Counsel's motion for Attorneys' Fees and Expenses (*i.e.*, at least twenty (20) days before the Opt-Out and Objection Deadline).  And the Settlement Administrator shall provide another updated spreadsheet containing the same categories of information at least ten (10) days before the Fairness Hearing.  The Settlement Administrator shall provide supplemental spreadsheets with respect to any Claim Forms submitted after the Bar Date, within a reasonable time after receiving such Claim Forms.  Defense Counsel and Class Counsel shall have fourteen (14) days after receiving the spreadsheet(s) and information specified in this Paragraph to contest the Settlement Administrator's determination with respect to any of the submitted Claims.  Defense Counsel and Class Counsel shall begin to meet and confer in good faith within seven (7) days of receiving the spreadsheet(s) to reach resolution of any such disputed Claim(s).

91.     Class Counsel and Defense Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

92.     Not later than seven (7) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court:  (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details regarding the number of valid Claim Forms received and processed by the Settlement Administrator as of the date of the filing.

93.     The Settlement Administrator may retain one or more persons to assist in the completion of its responsibilities.

94.     The Settlement Administrator shall distribute benefits to eligible Class Members on a date that occurs only after the Effective Date.

95.     If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Stipulation of Settlement, except for the costs and expenses of the Settlement Administrator, for which Artsana is solely responsible.

96.     In the event the Settlement Administrator fails to perform its duties, and/or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, Artsana, and/or Defense Counsel, then the party to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator immediately be replaced.  No party shall unreasonably withhold consent to remove the Settlement Administrator.  The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator in good faith, and, if they are unable to do so, will refer the matter to the Court for resolution.

97.     The Settlement Administrator shall coordinate with Defense Counsel to provide notice as required by 28 U.S.C. § 1715.

98.     Artsana and the Released Parties are not obligated to (and will not be obligated to) compute, estimate, or pay any taxes on behalf of any Plaintiff, any Class Member, Class Counsel, and/or the Settlement Administrator.

## IX.     OBJECTIONS AND OPT-OUTS BY CLASS MEMBERS

99.     Settlement Class Members shall have the right to appear and present Objections as to any reason why the terms of this Agreement should not be given Final Approval.   Members of the Class who fail to file with the Court, through the Court's Case Management/Electronic Case Files ("CM/ECF") system, or through any other method in which the Court will accept filings, if any, and serve upon the Settlement Administrator, Class Counsel, and Defense Counsel timely written objections in the manner specified in this Stipulation of Settlement and the Class Notice shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

100.     Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must, in addition to timely filing a written objection with the Court through the Court's CM/ECF system (or any other method in which the Court will accept filings, if any), send the written objection by U.S. mail (to the following mailing address:  Artsana Booster Seat Settlement, Attn: Objections, P.O. Box 58220, Philadelphia, PA 19102) or e-mail (to the following e-mail address:     objections@boosterseatsettlement.com)   to   the   Settlement Administrator with a copy by U.S. mail or email to Class Counsel and Defense Counsel (at the addresses set forth below) postmarked no later than the Opt-Out and Objection Deadline.  Class Members who object must set forth:  (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to

appear at the Fairness Hearing; (e) their signature; (f) the case name and case number (*Jimenez v. Artsana USA, Inc.*, Case No. 7:21-cv-07933-VB); (g) a statement of his or her membership in the Class, including a verification under oath of Eligible Product(s) purchased and, to the extent known, the location, approximate date, and identity of the retailer from which they purchased; (h) the case name and number of any other case in which they have objected in the last five (5) years; (i) the identity of any current or former lawyer who may be entitled to compensation for any reason related to the objection; and (j) a statement of whether the objector or the objector's attorney intends to appear at the Fairness Hearing.  Objections must be served on Class Counsel and Defense Counsel as follows:

>       Upon Class Counsel at:
>
>               Martha Geer
>               MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
>               900 W. Morgan Street
>               Raleigh, NC 27603
>               Email: mgeer@milberg.com; sspangenburg@milberg.com
>
>
>       Upon Defense Counsel at:
>
>               Christopher Chorba
>               Jeremy Smith
>               GIBSON, DUNN & CRUTCHER LLP
>               333 South Grand Avenue
>               Los Angeles, California 90071
>               Email:  CChorba@gibsondunn.com; JSSmith@gibsondunn.com

101.    Furthermore, any attorney hired by a Settlement Class Member (at the Class Member's expense) for the purpose of objecting to any term or aspect of this Agreement or for purpose of intervening in this Action is required to provide to the Class Administrator (who shall forward it to Class Counsel and Artsana's counsel) and to file with the Court a notice of appearance as directed in this Agreement and Long Form Notice.

102.     No member of the Class shall be entitled to be heard at the Fairness Hearing or object to the Settlement, and no written objections or briefs submitted by any member of the Class shall be received or considered by the Court at the Fairness Hearing unless copies of any written objections and/or briefs and notice of an intent to appear at the Fairness Hearing shall have been filed with the Court pursuant to the Court's CM/ECF system (or any other method in which the Court will accept filings, if any) and served on the Settlement Administrator, Class Counsel, and Defense Counsel on or before the Opt-Out and Objection Deadline.  Objections that are mailed to the Court (and not filed pursuant to the Court's CM/ECF system, or any other method in which the Court will accept filings, if any), or objections that are served on the Parties but not filed with the Court, shall not be received or considered by the Court at the Fairness Hearing.

103.     The Parties shall have the right to respond to or file a reply to any objection, as described in Paragraphs 99 to 100, no later than seven (7) calendar days before the Fairness Hearing, or as the Court may otherwise direct.

104.     Members of the Class may elect to opt out of the Settlement, relinquishing their rights to the benefits hereunder.  Members of the Class who opt out of the Settlement will not release their claims pursuant to this Stipulation of Settlement.  Putative Class Members wishing to opt out of the Settlement must send to the Settlement Administrator by U.S. mail (to the following address:  Artsana Booster Seat Settlement, Attn: Exclusions, P.O. Box 58220, Philadelphia, PA 19102) a personally signed letter including (a) their full name; (b) current address; (c) a clear statement communicating that they elect to be "excluded" from the Settlement; (d) their signature; and (e) the case name and case number (*Jimenez v. Artsana USA, Inc.*, Case No. 7:21-cv-07933-VB).  Any request for exclusion or opt out must be postmarked on or before the Opt-Out and Objection Deadline.  The date of the postmark on the return-mailing envelope shall be the

exclusive means used to determine whether a request for exclusion has been timely submitted. Members of the Class who fail to submit a valid and timely request for exclusion on or before the date specified in the Court's Preliminary Approval Order shall be bound by all terms of this Stipulation of Settlement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the Settlement.

105.    Any Member of the Class who submits a timely request for exclusion or opt out may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Stipulation of Settlement.

106.    The Settlement Administrator shall promptly provide copies of all requests for exclusion, objections, and/or related correspondence from Class Members to Class Counsel and Defense Counsel.  Not later than three (3) business days after the deadline for submission of requests for exclusion or opt out, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete opt out list together with copies of the opt out requests.

107.    Notwithstanding any other provision of this Stipulation of Settlement, if more than five hundred (500) Members of the Class opt out of the Settlement, Artsana, in its sole discretion, may rescind and revoke the entire Settlement and this Stipulation of Settlement, thereby rendering the Settlement null and void in its entirety, by sending written notice that Artsana revokes the settlement pursuant to this paragraph to Class Counsel within ten (10) business days following the date the Settlement Administrator informs Artsana of the number of Class members who have requested to opt out of the Settlement pursuant to the provisions set forth above.  If Artsana rescinds the Settlement pursuant to this paragraph, it shall have no further obligations to make payments or distributions of any kind pursuant to this Stipulation of Settlement, except for the fees

and expenses actually incurred by the Settlement Administrator, for which Plaintiffs and their Counsel are not liable.

108.    On the date set forth in the Preliminary Approval Order, a Fairness Hearing shall be conducted to determine final approval of the Settlement.  Class Counsel's motion for an award of attorneys' fees and expenses shall be filed no later than ten (10) days before the Opt-out and Objection Deadline.  Upon final approval of the Settlement by the Court at or after the Fairness Hearing, the Parties shall present the Final Order and Final Judgment, substantially in the form attached to this Stipulation of Settlement as Exhibits "A" and "B" and a final order approving the Attorneys' Fees and Expenses, if any, to the Court for approval and entry.  Class Members who wish to be heard at the Fairness Hearing (whether individually or through separate counsel) and are objecting to the Settlement shall comply with the provisions of this Stipulation of Settlement (including Paragraphs 99 to 102).  Class Members who wish to be heard at the Fairness Hearing (whether individually or through separate counsel) and are not objecting to the Settlement shall file a notice of appearance with the Court's CM/ECF system or through any other method in which the Court will accept filings, if any, and serve upon Class Counsel and Defense Counsel at the addresses indicated above at least fourteen (14) calendar days before the Fairness Hearing.

## X.    SCOPE AND EFFECT OF CONDITIONAL CERTIFICATION OF THE CLASS SOLELY FOR PURPOSES OF SETTLEMENT

109.    For purposes of settlement only, the Parties agree to seek provisional certification of the Class.  The Parties further agree that the Court should make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "D") granting provisional certification of the Class subject to final findings and ratification in the Final Order and Final Judgment, and appointing the representative Plaintiffs as the representatives of the Class and Class Counsel as counsel for the Class.

110.    Artsana does not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Actions.  Artsana's agreement to conditional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Plaintiffs or any of the putative Class Members.

111.    If this Stipulation of Settlement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Class for purposes of effectuating this Stipulation of Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Actions shall proceed as though the Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been made, and the Actions shall return to the procedural status quo in accordance with this paragraph.  Class Counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement in the event this Stipulation of Settlement is not consummated and the case is later litigated and contested by Artsana under Rule 23 of the Federal Rules of Civil Procedure.

## XI.    <u>MODIFICATION OR TERMINATION OF THE SETTLEMENT</u>

112.    The terms and provisions of this Stipulation of Settlement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Final Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Stipulation of Settlement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not materially alter, reduce or limit the rights of Class Members under this Stipulation of Settlement.

113.     In the event the terms or conditions of this Stipulation of Settlement are materially modified by any court, either party in its sole discretion to be exercised within fourteen (14) days after such a material modification may declare this Stipulation of Settlement null and void.  For purposes of this paragraph, material modifications include but are not limited to any modifications to the definitions of the Class, Class Members, or Released Claims, changes to the notice plan described in Paragraphs 54 to 64 or any Exhibit hereto, and/or any modifications to the terms of the settlement consideration described in Paragraphs 46 to 47.  In the event that a party exercises his/her/their/its option to withdraw from and terminate this Stipulation of Settlement, then the Settlement proposed herein shall become null and void and shall have no force or effect, the Parties shall not be bound by this Stipulation of Settlement, and the Parties will be returned to their respective positions existing immediately before the execution of this Stipulation of Settlement. Notwithstanding the foregoing Paragraph 112, in the event this Stipulation of Settlement is not approved by any court, or the Settlement set forth in this Stipulation of Settlement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any costs of notice and administration associated with this Settlement or this Stipulation of Settlement, except that each Party shall bear its own attorneys' fees and costs and Artsana's future payment obligations under this Stipulation of Settlement shall cease.

## XII.   <u>SETTLEMENT NOT EVIDENCE AGAINST PARTIES</u>

114.     The Parties expressly acknowledge and agree that this Stipulation of Settlement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent state law or rule.  In no event shall this Stipulation of Settlement, any of its provisions or any negotiations, statements or court proceedings

relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Actions, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this Stipulation of Settlement or the rights of the Parties or their counsel.  Without limiting the foregoing, neither this Stipulation of Settlement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, Artsana, the Released Parties, Plaintiffs, or the Class, or as a waiver by Artsana, the Released Parties, Plaintiffs, or the Class of any applicable privileges, claims or defenses.

115.    The provisions contained in this Stipulation of Settlement are not and shall not be deemed a presumption, concession, or admission by Artsana of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Actions, or in any actions or proceedings, nor shall they be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions, or in any other action or proceeding, whether civil, criminal, or administrative.  Artsana expressly denies the allegations in the Actions.  Artsana does not admit that it or any of the Released Parties has engaged in any wrongful activity or that any person has sustained any damage by reason of any of the facts complained of in the Action.  Artsana does not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Actions.

### XIII.   BEST EFFORTS

116.    The Parties (including their counsel, successors, and assigns) agree to cooperate fully and in good faith with one another and to use their best efforts to effectuate the Settlement, including without limitation, providing any information to Counsel to the Parties or the Settlement Administrator reasonably necessary to ensure compliance with and implementation of the

Settlement and the terms of this Settlement Agreement, carrying out the terms of this Stipulation of Settlement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.  In the event that the Court fails to approve the Settlement or fails to issue the Final Order and Final Judgment, the Parties agree to use all reasonable efforts, consistent with this Stipulation of Settlement and subject to Paragraph 120 to cure any defect identified by the Court.

117.    Each Party will cooperate with the other Party in connection with effectuating the Settlement or the administration of claims thereunder.  Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting Party to recommend the Settlement to the Court, and to carry out its terms.

## XIV.  **MISCELLANEOUS PROVISIONS**

118.    The Parties agree that the recitals are contractual in nature and form a material part of this Stipulation of Settlement.

119.    This Stipulation of Settlement and its accompanying Exhibits set forth the entire understanding of the Parties.  No change or termination of this Stipulation of Settlement shall be effective unless in writing and signed by Class Counsel and Defense Counsel.  No extrinsic evidence or parol evidence shall be used to interpret this Stipulation of Settlement.

120.    Any and all previous agreements and understandings between or among the Parties regarding the subject matter of this Stipulation of Settlement, whether written or oral, are superseded and hereby revoked by this Stipulation of Settlement.  The Parties expressly agree that the terms and conditions of this Stipulation of Settlement will control over any other written or oral agreements.

121.    All of the Parties warrant and represent that they are agreeing to the terms of this Stipulation of Settlement based upon the legal advice of their respective attorneys, that they have

been afforded the opportunity to discuss the contents of this Stipulation of Settlement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

122.   The waiver by any Party of a breach of any term of this Stipulation of Settlement shall not operate or be construed as a waiver of any subsequent breach by any party.   The failure of a Party to insist upon strict adherence to any provision of this Stipulation of Settlement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

123.   The headings in this Stipulation of Settlement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

124.   Unless otherwise noted, all references to "days" in this Settlement Agreement shall be to calendar days.   In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal legal holiday, such date shall be on the first business day thereafter.

125.   This Stipulation of Settlement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument.   The date of execution shall be the latest date on which any Party signs this Stipulation of Settlement.

126.   This Stipulation of Settlement has been negotiated among and drafted by Class Counsel and Defense Counsel.   Plaintiffs, Class Members, and Artsana shall not be deemed to be the drafter of this Stipulation of Settlement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter or otherwise resort to the contra proferentem canon of construction.   Accordingly, this Stipulation of Settlement should not be construed in favor of or against one Party as to the drafter, and the Parties agree that the provisions of California Civil Code § 1654 and common law principles of construing ambiguities against the

drafter shall have no application. All Parties agree that counsel for the Parties drafted this Stipulation of Settlement during extensive arms' length negotiations. No parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Stipulation of Settlement was made or executed.

127.   Before Class Counsel applies to the Court for entry of the Preliminary Approval Order, Plaintiffs and Class Counsel will share a draft of any press releases regarding the Settlement or the Actions with Artsana. However, if Plaintiffs or Class Counsel receive an inquiry from any third party, they may decline to comment, refer to the Class Notice, refer to the Complaints, make accurate statements regarding the Settlement or information contained in the public Court record (including the status of the approval process), or defer to the Court file. Plaintiffs and Class Counsel agree not to make disparaging public statements about Artsana, Artsana products, and/or Defense Counsel out-of-court.   Class Counsel are free to (a) communicate with Class Members about this lawsuit and the underlying facts of this lawsuit; and (b) state they served as legal counsel in this lawsuit and discuss the terms and amount of the Settlement on their firm websites, biographies, or similar marketing materials, and in connection with speaking engagements and future applications to serve as interim-class or lead counsel, or as otherwise required by law. Moreover, nothing in this Section or Agreement shall preclude Class Counsel from disclosing information contained in the public Court record,  posting publicly available documents that have been filed with the Court and Court-approved notices. Artsana and Defense Counsel agree not to make disparaging public statements about Plaintiffs, Class Counsel, or the Settlement.

128.   Artsana represents and warrants that the individual(s) executing this Stipulation of Settlement are authorized to enter into this Stipulation of Settlement on behalf of Artsana.

129.    Any disagreement and/or action to enforce this Stipulation of Settlement shall be commenced and maintained only in the Courts in which these Actions are pending.

130.    Whenever this Stipulation of Settlement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Legal Holidays) express delivery service as follows:

Upon Class Counsel at:

Martha Geer
Sarah Spangenburg
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
900 W. Morgan Street
Raleigh, NC 27603
Email: mgeer@milberg.com; sspangenburg@milberg.com

Gregory F. Coleman
Jonathan B. Cohen
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
800 Gay Street, Ste. 1100
Knoxville, TN 37929
Email: gcoleman@milberg.com; jcohen@milberg.com

L. Timothy Fisher
BURSOR & FISHER, P.A.
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Email: ltfisher@bursor.com

Antonio Vozzolo
VOZZOLO LLC
345 Route 17 South
Upper Saddle River, NJ 07458
Email: avozzolo@vozzolo.com

Upon Defense Counsel at:

Christopher Chorba
Jeremy Smith
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Email:  CChorba@gibsondunn.com; JSSmith@gibsondunn.com

131.    The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation of Settlement.

132.    Plaintiffs Sayers, Tinker, Monachino, Mullins, Murphree, and Jimenez expressly affirm that the allegations contained in the complaints filed in the Actions were made in good faith and have a basis in fact, but they consider it desirable for the Actions to be settled and dismissed because of the substantial benefits that the proposed Settlement will provide to Class Members.

133.    This Stipulation of Settlement may be signed with a facsimile signature and in counterparts, each of which shall constitute a duplicate original.

134.    The Parties believe that this Stipulation of Settlement is a fair, adequate, and reasonable settlement of the Actions, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated:  January 13, 2023

_____
Mashayila Sayers
Plaintiff

Dated:  January 13, 2023

_____
Brittney Tinker
Plaintiff

Dated:   January 13, 2023

_Jennifer Monachino_
Jennifer Monachino
Plaintiff

Dated:   January 13, 2023

_Kimberly Mullins_
Kimberly Mullins
Plaintiff

Dated:   January 13, 2023

_Michelle Murphree_
Hilda Michelle Murphree
Plaintiff

Dated:   January ___, 2023

_____
Amanda Jimenez
Plaintiff

## ARTSANA

Dated:   January ___, 2023

_____
Artsana USA, Inc.

By:  Tom Gwiazdowski
       Chief Executive Officer

## PLAINTIFFS' COUNSEL

Dated:   January 13, 2023

_Gregory F. Coleman_
By:  Gregory F. Coleman
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
Attorneys for *Sayers* Plaintiffs and the Class

51

Dated:   January __, 2023

_____
Jennifer Monachino
Plaintiff


Dated:   January __, 2023

_____
Kimberly Mullins
Plaintiff


Dated:   January __, 2023

_____
Hilda Michelle Murphree
Plaintiff


Dated:   January 17 , 2023

_____
Amanda Jimenez
Plaintiff


**ARTSANA**


Dated:   January __, 2023

_____

Artsana USA, Inc.

By:  Tom Gwiazdowski
        Chief Executive Officer


**PLAINTIFFS' COUNSEL**


Dated:   January __, 2023

_____

By:  Gregory F. Coleman
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
Attorneys for *Sayers* Plaintiffs and the Class

Dated:   January ___, 2023

_____
Jennifer Monachino
Plaintiff


Dated:   January ___, 2023

_____
Kimberly Mullins
Plaintiff


Dated:   January ___, 2023

_____
Hilda Michelle Murphree
Plaintiff


Dated:   January ___, 2023

_____
Amanda Jimenez
Plaintiff

**ARTSANA**

Dated:   January 17, 2023

_____
Artsana USA, Inc.

By:  Tom Gwiazdowski
        Chief Executive Officer


**PLAINTIFFS' COUNSEL**


Dated:   January ___, 2023

_____
By:  Gregory F. Coleman
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
Attorneys for *Sayers* Plaintiffs and the Class

Dated:   January 13 , 2023

By:  Martha A. Geer

MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC

Attorneys for *Sayers* Plaintiffs and the Class


Dated:   January __ , 2023

By:  L. Timothy Fisher

Bursor & Fisher, P.A.

Attorneys for Plaintiff Jimenez and the Class


Dated:   January __ , 2023

By:  Antonio Vozzolo

Vozzolo LLC

Attorneys for Plaintiff Jimenez and the Class


**<u>DEFENSE COUNSEL</u>**


Dated:   January __ , 2023

By:  Christopher Chorba

Gibson, Dunn & Crutcher LLP

Attorneys for Artsana USA, Inc.

Dated:   January __, 2023

        _____

By:  Martha A. Geer
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
Attorneys for *Sayers* Plaintiffs and the Class

Dated:   January 17, 2023

        _____

By:  L. Timothy Fisher
Bursor & Fisher, P.A.
Attorneys for Plaintiff Jimenez and the Class

Dated:   January __, 2023

        _____

By:  Antonio Vozzolo
Vozzolo LLC
Attorneys for Plaintiff Jimenez and the Class

**DEFENSE COUNSEL**

Dated:   January __, 2023

        _____

By:  Christopher Chorba
Gibson, Dunn & Crutcher LLP
Attorneys for Artsana USA, Inc.

Dated:   January __, 2023

_____

By:  Martha A. Geer
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
Attorneys for *Sayers* Plaintiffs and the Class

Dated:   January __, 2023

_____

By:  L. Timothy Fisher
Bursor & Fisher, P.A.
Attorneys for Plaintiff Jimenez and the Class

Dated:   January _17_ 2023

_____

By:  Antonio Vozzolo
Vozzolo LLC
Attorneys for Plaintiff Jimenez and the Class

**DEFENSE COUNSEL**

Dated:   January __, 2023

_____

By:  Christopher Chorba
Gibson, Dunn & Crutcher LLP
Attorneys for Artsana USA, Inc.

Dated:   January ___, 2023

_____
By:  Martha A. Geer
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
Attorneys for *Sayers* Plaintiffs and the Class

Dated:   January ___, 2023

_____
By:  L. Timothy Fisher
Bursor & Fisher, P.A.
Attorneys for Plaintiff Jimenez and the Class

Dated:   January ___, 2023

_____
By:  Antonio Vozzolo
Vozzolo LLC
Attorneys for Plaintiff Jimenez and the Class

**DEFENSE COUNSEL**

Dated:   January 17, 2023

_____
By:  Christopher Chorba
Gibson, Dunn & Crutcher LLP
Attorneys for Artsana USA, Inc.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                :
JIMENEZ, *individually and on behalf of all*  :
*others similarly situated*,          :
                :
         Plaintiff,     :
                :  No. 21-cv-7933-VB
      v.          :
                :
ARTSANA USA, INC.,       :
                :
        Defendant.   :
                :
---------------------------------------------------------x

**[PROPOSED] ORDER**
**GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**WHEREAS**, the Court held a Final Hearing to consider approval of this class action settlement on _____, 2023.  The Court has considered the Stipulation of Settlement (Dkt. ___) and the parties' arguments and authorities.

### GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

1.      For purposes of this Order, the Court adopts the terms and definitions set forth in the settlement.

2.      The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, the Settlement Class Members, and Defendant Artsana.

3.      The Court finds that the Class Notice constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

4.      The Court finds that the Settlement Administrator properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5.      The Court finds that, for purposes of the settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied.  The Court certifies the following Settlement Class for purposes of settlement only:

> All persons and entities in the United States, its territories, and/or its possessions who purchased one or more of the Eligible Products (*i.e.*, Artsana booster seats marketed under the "KidFit" branding, which includes the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus) during the Class Period (*i.e.*, April 22, 2015 to December 31, 2021).

Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Artsana or its subsidiaries and affiliated companies; (b) persons or entities that purchased the Eligible Products primarily for the purposes of resale; (c) governmental entities; (d) persons and entities that timely and properly exclude themselves from the Class as provided in this settlement; (e) persons and entities that purchased the Eligible Products via the Internet or

other remote means while not residing in the United States; and (f) the Court, the Court's

immediate family, and Court staff.

6.      The Court has specifically considered the factors relevant to class action

settlement approval, including the factors set forth in Fed. R. Civ. P. 23(e)(2), as well as:

> (1) the complexity, expense and likely duration of the litigation;
> (2) the reaction of the class to the settlement; (3) the stage of the
> proceedings and the amount of discovery completed; (4) the risks
> of establishing liability; (5) the risks of establishing damages; (6)
> the risks of maintaining the class action through trial; (7) the
> ability of defendants to withstand a greater judgment; (8) the range
> of reasonableness of the settlement fund in light of the best
> possible recovery; and (9) the range of reasonableness of the
> settlement fund to a possible recovery in light of all the attendant
> risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

7.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final

approval of the settlement and finds that the settlement is fair, reasonable, and adequate and in

the best interests of the Settlement Class Members based on the following factors, among other

things:

        a.      There is no fraud or collusion underlying this settlement, and it was

reached as a result of extensive arm's-length negotiations, occurring over the course of several

months and several mediation sessions with a respected mediator, warranting a presumption in

favor of approval.  *See, e.g.*, *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001)

(presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).

        b.      The complexity, expense, and likely duration of the litigation favor

settlement—which provides meaningful benefits on a much shorter time frame than otherwise

possible—on behalf of the Settlement Class Members.  *See, e.g.*, *Blessing v. Sirius XM Radio

Inc.*, 507 F. App'x 1, 4 (2d Cir. 2012) (affirming the district court's approval of a settlement

where settling was more beneficial to the proposed class than proceeding to trial).

c.      The support of Defendant, Defense Counsel, Class Counsel, and the Named Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favor final approval.  *See In re Sony Corp. SXRD*, 448 F. App'x 85, 87 (2d Cir. 2011).

d.      The settlement provides meaningful relief to the Class, including cash and injunctive relief, and certainly falls within the range of possible recoveries by the Settlement Class Members.

8.      As of the Effective Date, the Releasing Parties (Settlement Agreement ¶ 31) shall have fully, finally, and forever released, relinquished, and discharged all Released Claims (*id*. ¶ 29) against the Released Parties (*id*. ¶ 30).  The Released Claims shall be construed as broadly as possible to effect complete finality over this Action involving Artsana advertising, labeling, and/or marketing of the Eligible Products as set forth herein.  Accordingly, the settlement shall terminate the Action.  Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the settlement.

9.      The individuals identified in Exhibit __ hereto timely and validly requested exclusion from the Settlement Class.  These individuals shall not share in the monetary benefits of the settlement, and this Order does not affect their legal rights to pursue any claims they may have against Artsana.

10.     The Action, including all claims asserted in the actions, is settled and dismissed on the merits with prejudice.

11.     Consummation of the settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each party to the settlement with respect to the interpretation and implementation of the settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the settlement or this Order.

12.     Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, the Named Plaintiffs, the Settlement Class Members, and Artsana

to enforce the terms of the settlement, the Court's order preliminarily certifying the class (Dkt.

___), and this Order.  In the event that any applications for relief are made, such applications

shall be made to the Court.  To avoid doubt, the Final Judgment applies to and is binding upon

the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

13.     The settlement and this Order shall not be construed as, offered as, received as,

used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial,

administrative, regulatory or other proceeding, except in a proceeding to enforce the settlement

or the rights of the Parties or their counsel.  Neither this Order, nor any of its terms or provisions,

nor any of the negotiations or proceedings connected with it, shall be construed as, offered as,

received as, used as or deemed to be evidence or an admission or concession of any liability or

wrongdoing whatsoever on the part of any person or entity, including, but not limited to,

Artsana, the Released Parties, Plaintiffs, or the Class, or as a waiver by Artsana, the Released

Parties, Plaintiffs, or the Class of any applicable privileges, claims or defenses.  Notwithstanding

the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a

proceeding to consummate or enforce the settlement or this Order, or to defend against the

assertion of released claims in any other proceeding, or as otherwise required by law.

**IT IS SO ORDERED.**


Dated: _____     _____
                                    Hon. Vincent L. Briccetti
                                    United States District Court

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                     :

JIMENEZ, *individually and on behalf of all*   :
*others similarly situated*,                      :

               Plaintiff,        :

         v.                 :   No. 21-cv-7933

ARTSANA USA, INC.,             :

             Defendant.     :

-------------------------------------------------------x

**[PROPOSED] JUDGMENT**

On _____, the Court signed and entered its Order Granting Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Expenses, and Named Plaintiff Service Awards (Dkt. ___) (the "Final Approval Order") in the above-captioned matter as to the following class of persons:

> All persons and entities in the United States, its territories, and/or its possessions who purchased one or more of the Eligible Products (*i.e.*, Artsana booster seats marketed under the "KidFit" branding, which includes the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus) during the Class Period (*i.e.*, April 22, 2015 to December 31, 2021).

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the specified class of persons (excluding the individuals who validly and timely requested exclusion from the Settlement Class, as identified in Exhibit ___ to the Final Approval Order), the Named Plaintiffs, and Defendant Artsana USA, Inc. on the terms and conditions of the Settlement Agreement approved by the Court's Final Approval Order.

1.      For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2.      Payments to Settlement Class Members under the Settlement Agreement shall be made as outlined in the Final Approval Order and Settlement Agreement.

3.      As of the Effective Date,  the Releasing Parties (Settlement Agreement ¶ 31) shall have fully, finally, and forever released, relinquished, and discharged all Released Claims (*id.* ¶ 29) against the Released Parties (*id.* ¶ 30), as set forth in the Settlement Agreement.  The Released Claims shall be construed as broadly as possible to effect complete finality over this Action involving Artsana advertising, labeling, and/or marketing of the Eligible Products as set forth herein.  Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement.

4.      The Action, including all claims asserted, are settled and dismissed on the merits with prejudice.

_____
        Hon. Vincent L. Briccetti
        United States District Court

**JUDGMENT ENTERED**: _____ ___, 2023

By:  CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

# EXHIBIT C
# Electronic Version

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:**
**[BAR DATE]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez, et al. v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM AND INSTRUCTIONS**

**ART**

For you to qualify to receive a payment related to *In re Chicco Booster Seat Litigation*, as described in the Notice of this Settlement (the "Notice"), you must file a Claim Form, as described below.

## REQUIREMENTS FOR FILING A CLAIM FORM

Please review the Notice and have the Notice with you when you complete your Claim Form. A copy of the Notice is available at [WEBSITE URL].

Your claim will only be considered if you comply with all of the following conditions:

1. You must file a Claim Form. You may submit your Claim Form online at [WEBSITE URL] or by U.S. Mail to the following address:

    Chicco Booster Seat Settlement
    c/o Settlement Administrator
    1650 Arch Street, Suite 2210
    Philadelphia, PA 19103.

2. You must accurately complete all required portions of this Claim Form (Sections I, II, and III). Please type or write your responses legibly.

3. You must sign this Claim Form, which includes the Certification. By signing and submitting the Claim Form, you are certifying under penalty of perjury that you purchased a Chicco "KidFit" branded booster seat made by Artsana, including the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus models (an "Eligible Product"), from April 22, 2015 through December 31, 2021.

4. If you are mailing your Claim Form, please make sure to include the completed and signed Claim Form and all supporting materials in one envelope to the address above. If you submit your Claim Form online, you can upload your supporting documentation online.

5. If you submit Proof of Purchase with your Claim Form, you may be eligible to receive a cash payment of fifty dollars ($50.00) per Eligible Product. If you submit a completed Claim Form without Proof of Purchase, you may be eligible to receive a cash payment of twenty-five dollars ($25.00) per Eligible Product.

6. Please keep a copy of your Claim Form and any supporting materials you submit. Do not submit your only copy of the supporting documents. Materials submitted will not be returned. Copies of documentation submitted in support of your claim should be clear and legible. If you submit by mail, it is recommended (but not required) that you use certified mail, return receipt requested, so that you have a record of the date of mailing.

7. If your Claim Form is incomplete or missing information, the Settlement Administrator may contact you for additional information. If you do not respond or do not provide the additional information requested, the Settlement Administrator will be unable to process your claim, and your claim will be rejected.



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**



ART

Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:
**[BAR DATE]**

8.  If you have any questions, please contact the Settlement Administrator by email at [EMAIL ADDRESS], by phone at [(800) XXX-XXXX], or by mail at the address listed above.

9.  **You must notify the Settlement Administrator if your address changes.  If you do not, you may not receive your payment.**

10. **DEADLINE – Your claim must be submitted online by [BAR DATE], while Claim Forms mailed to the Settlement Administrator must be postmarked no later than [BAR DATE].**

Submission of this Claim Form does not guarantee that you will share in the payments related to *In re Chicco Booster Seat Litigation*.  If the Settlement Administrator denies your Claim, you have the right to present information in a dispute resolution process.  For more information about this process, see Paragraph 87 of the Settlement Agreement, which is available for review at [WEBSITE URL].

<table>
<tr><td>

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by: [BAR DATE]**

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

</td><td>

**ART**

</td></tr>
</table>

## I. CONTACT INFORMATION AND MAILING ADDRESS

Provide your name and current contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

**Email Address**

**Telephone Number (optional)**

Note if your name and mailing address at the time of purchase is different from your current name and address, please provide your previous name and mailing address at the time of purchase:

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

3

<table>
<tr><td>

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:**
**[BAR DATE]**

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

</td><td>

**ART**

</td></tr>
</table>

## II. PURCHASE INFORMATION

- To qualify for a cash award, you must have purchased one or more of the Chicco "KidFit" branded booster seats between April 22, 2015 and December 31, 2021, including the: KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus models (the "Eligible Product").

- You may make a claim based on the following options:

    (a) **With Proof of Purchase.** For claimants who either (1) purchased an Eligible Product directly from www.chiccousa.com, (2) registered the Eligible Product with Artsana or the National Highway Traffic Safety Administration (NHTSA), or (3) provide other Proof of Purchase (defined below) with your Claim Form, you may be eligible to receive a cash payment of fifty dollars ($50.00) per Eligible Product.

    Proof of purchase may also include a valid receipt or retail rewards submission from an authorized retailer, product packaging, a picture of the Eligible Product showing a new or recently purchased product, or other physical evidence (for example, a credit card statement or invoice).

    (b) **Without Proof of Purchase.** For claimants without Proof of Purchase but who complete this Claim Form, you may be eligible to receive a cash payment of twenty-five dollars ($25.00) per Eligible Product.

**Please select** one or more **of the following options:**

A. ☐ Check here if you are requesting $50.00 for one or more Eligible Product by **enclosing Proof of Purchase** or if your purchased an Eligible Product from www.chiccousa.com or registered an Eligible Product with Artsana or NHTSA.

B. ☐ Check here if you are requesting $25.00 as you do not have any Proof of Purchase. If you do not have Proof of Purchase, you must complete some additional questions or requirements.

4

<table>
<tr><td>

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:**
**[BAR DATE]**

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

</td><td>

**ART**

</td></tr>
</table>

Internal Instructions:

IF RESPONDENT SELECTS 'I AM ENCLOSING PROOF', **GO TO Q1_1**

IF RESPONDENT SELECTS 'I DO NOT HAVE PROOF OF PURCHASE,' **GO TO Q2_1.**

## IF RESPONDENT SELECTS OPTION 'I AM ENCLOSING PROOF OF PURCHASE'

[SHOW IF RESPONDENT SELECTIONS OPTION:  I AM ENCLOSING PROOF PURCHASE. NOTE, IF EVIDENCE OF RESPONDANT'S PURCHASE APPEARS IN ARTSANA'S RECORDS (EITHER AS A RESULT OF A DIRECT PURCHASE FROM ARTSANA OR BY REGISTRATION OF THE ELIGIBLE PRODUCT WITH DEFENDANT OR NHTSA), RESPONDENTS SHOULD BE DIRECTED TO SECTION III.]

**Q1_1**. If your purchase information appears in Artsana's records (either as a result of a direct purchase on www.chiccousa.com or by registration of the Eligible Product with Artsana or The National Highway Traffic Safety Administration (NHTSA)), this section of the Claim Form will automatically be completed, and you will be directed to the next section.  Please review this information to ensure it is accurate.

If you did not directly purchase from www.chiccousa.com or did not register an Eligible Product, you will have the chance (on the next screen) to attach pictures showing proof of purchase or confirm if your purchase appears in Artsana's records.  For now, please provide the **number** of Eligible Products for which you are providing proof of purchase.

Eligible Products are Chicco "KidFit" branded booster seats, including the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus models purchased between April 22, 2015 and December 31, 2021.

**[ENTER IN NUMBER HERE]** Enter in number of Eligible Products with Proof of Purchase

# CONTINUE

5

<table>
<tr><td>

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:**
**[BAR DATE]**

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

</td><td>

**ART**

</td></tr>
</table>

--------------------------------------------------------------------------------

**Q1_2_** UPLOAD.  The next step is to scan or take a picture of each "Proof of Purchase."  Using your smartphone or other device, please scan or take a picture of the "Proof of Purchase" for each Eligible Product that you purchased.  There are different ways to prove your purchase or purchases.  You can use any of these types of items as Proof of Purchase.

- A valid receipt
- Retail rewards submission from an authorized retailer
- Product packaging
- A picture of the Eligible Product showing a new or recently purchased product
- A credit card statement or invoice
- Evidence of registration of the Eligible Product with Artsana or the National Highway Traffic Safety Administration (NHTSA)
- Other physical evidence (for example, an email purchase confirmation or order history)

Go to the next screen to attach images of your Proof of Purchase.

**CONTINUE**

--------------------------------------------------------------------------------

Please use the **attach** feature to upload images of Proof of Purchase for each Eligible Product.  You can upload more than one picture at a time.

> [Internal Instructions: PROGRAMMER – PUT IN USER-FRIENDLY TOOL SUPPORTING UPLOAD OF MULTIPLE ATTACHMENTS.  THE UPLOADS WILL NEED TO BE TAGGED TO UNIQUE CASE ID OF THE USER.]

Please continue when done uploading all images of Proof of Purchase.

If you determined that you cannot uploaded Proof of Purchase, please <u>click here</u> to try another way.  [Internal Instructions RESPONDENTS THAT 'CLICK HERE' ARE TAKEN TO Q2_1 TO TRY ALTERNATE PATH (i.e., Without Proof of Purchase)]

**CONTINUE**

--------------------------------------------------------------------------------

6

<table>
<tr><td>

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:**
[BAR DATE]

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

</td><td>

**ART**

</td></tr>
</table>

[CONFIRMATION SCREEN IF RESPONDENT SUCCEEDED IN UPLOADING AT LEAST ONE IMAGE]
[CLICK HERE HYPERLINK TAKES USER TO ALTERNATE PATH FOR RESPONDENTS NOT HAVING PROOF OF PURCHASE (Q2)]

Thank you.   We confirm that you uploaded at least one Proof of Purchase.  We will examine it for eligibility.

If you purchased additional Eligible Products for which you do not have Proof of Purchase, please click here. [Internal Instructions RESPONDENTS THAT 'CLICK HERE' ARE TAKEN TO Q2_1 TO COMPLETE ALTERNATE PATH (i.e., Without Proof of Purchase)]


**IF RESPONDENT SELECTS OPTION 'I DO NOT HAVE PROOF OF PURCHASE'**

Q2_1.  Please provide the **number** of Eligible Products you purchased for which you have no Proof of Purchase.

Eligible Products are Chicco "KidFit" branded booster seats, including the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus models purchased between April 22, 2015 and December 31, 2021.

**[ENTER IN NUMBER HERE]   Enter in number of Eligible Products Purchased without Proof of Purchase**

**CONTINUE**

[IF Q2_1 = 2 OR MORE] [QUESTIONNAIRE NEEDS TO BE EDITED TO ACCOMMODATE SINGLE-PURCHASE SCENARIO]

Q2_2_1.  We will ask you separately about each purchase.  Let's start with your most recent purchase.

--------------------------------------------------------------------------------------------------------------

[SINGLE SELECT. DO NOT RANDOMIZE RESPONSE OPTIONS.]

Q2_2_1_2A.  What is the model of the Eligible Product you purchased between April 22, 2015 and December 31, 2021?  Please select one.

   o   Chicco KidFit

7

| Your claim must be submitted online or mailed to the Settlement Administrator postmarked by: **[BAR DATE]** | | **ART** |

o   Chicco KidFit Zip
o   Chicco KidFit Zip Air
o   Chicco KidFit Luxe
o   Chicco KidFit Plus
o   Chicco KidFit Air Plus model
o   None of these

---------------------------------------------------------------------------------------------------------

[ALLOW RESPONDENTS TO SELECT UP TO 2 OPTIONS]

Q_2_1_2B.  What is the PRIMARY and/or SECONDARY color of the seat covers?  Please select up to two.

Add Dropdown menu/ LIST OF COLORS THAT THE PRODUCT CAME IN

---------------------------------------------------------------------------------------------------------

[OPEN ENDED; 50 CHAR TEXT BOX]

Q_2_1_3A.  Please type in the name of the RETAIL STORE where the Eligible Product was purchased.

[                                                              ]

---------------------------------------------------------------------------------------------------------

[SINGLE SELECT]

Q_2_1_3B.  What was the approximate date of purchase of the Eligible Product?

• Don't know

---------------------------------------------------------------------------------------------------------

CREATE DOV 'COUNTER':

INCREMENT UP COUNTER BY 1 FOR EACH INSTANCE WHERE:

• (Q2_2_1_2A NOT EQUALS 'NONE OF THESE') AND (Q_2_1_2B IS NOT NULL)
• (Q_2_1_3A IS NOT NULL) AND (Q_2_1_3B IS NOT NULL OR NOT BEFORE APRIL 2015)

<table>
<tr><td>

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:**
[**BAR DATE**]

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

</td><td>

**ART**

</td></tr>
</table>

AT THIS POINT, MAX VALUE OF 'COUNTER' = 2.


[ASK IF 'COUNTER' LESS THAN 2; IF COUNTER = 2, GO TO END CLOSE OUT]


Q2_1_4A.  In which State did you make the purchase of the Eligible Product?

PUT IN DROP DOWN LIST OF US STATES + DISTRICT OF COLUMBIA

- Don't know

-----------------------------------------------------------------------------------------------------

[OPEN END. 50 CHARS OE]

Q2_1_4B.  Please type in the city or metropolitan area where you made the purchase of the Eligible Product.

[                                                    ]

-----------------------------------------------------------------------------------------------------

Q2_1_4C.  Please use your smartphone to take a picture of the Eligible Product and attach it here.

[PROGRAMMER – PUT IN USER-FRIENDLY TOOL SUPPORTING UPLOAD OF ATTACHMENT. THE UPLOAD WILL NEED TO BE TAGGED TO UNIQUE CASE ID OF THE USER.]


CREATE DOV 'COUNTER':

INCREMENT UP COUNTER BY 1 FOR EACH INSTANCE WHERE:

- (Q_2_1_4A IS NOT NULL) AND (Q_2_1_4B IS NOT NULL) AND (Q_2_1_4C INDICATES UPLOADED IMAGE)

AT THIS POINT, MAX VALUE OF 'COUNTER' = 2.


-----------------------------------------------------------------------------------------------------

[IF COUNTER < 2, ASK THIS Q.  OPEN ENDED – 12 CHARS]


Q2_1_1_SERIAL.   Please fill in the SERIAL NUMBER of the Eligible Product below.  The serial number is printed on the registration card or can be found on a white label sticker on the back of the booster seat.

9

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:**
**[BAR DATE]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

**ART**

[                    ]

INCREMENT UP COUNTER BY 1 IF Q2_1_1_SERIAL IS NOT NULL

AT THIS POINT, MAX VALUE OF 'COUNTER' = 2.

IF THE ABOVE LOGIC IS APPROVED, THEN I WILL EXTEND THE LOGIC TO WORK FOR MULTIPLE ELIGIBLE PRODUCTS.  THIS IS EASILY DONE BY ASKING THE RESPONDENT AFTER EACH ELIGIBLE PRODUCT IF THEY HAVE ANOTHER ONE TO CLAIM, AND THEN REPLICATE THE ENTIRE QUESTION BATTERY (CHANGING VARIABLE NAMES BY INCREMENTING UP THE FOURTH CHARACTER OF THE VAR NAME (E.G. FROM Q2_1_4C TO Q2_2_4C).  THE PROCESS ENDS WHENEVER THE RESPONDENT NO LONGER HAS ANY MORE ELIGIBLE PRODUCTS TO CLAIM.

---

**III.  VERIFICATION AND ATTESTATION UNDER PENALTY OF PERJURY**

---

I declare or affirm, under penalty of perjury, that the information in this claim form is true and correct to the best of my knowledge, and that I purchased the product(s) claimed above from April 22, 2015 through December 31, 2021. I understand that my claim form may be subject to audit, verification, or Court review.

10

ART

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

> **Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:**
> **[BAR DATE]**

_____       Date: _____
Your signature                                                    MM          DD          YYYY

_____
Your name

**REMINDER**:  Submit your completed Claim Form online at [WEBSITE URL] by **[BAR DATE]** or mail your completed Claim Form and/or supporting documentation **postmarked no later than [BAR DATE]** to:

Chicco Booster Seat Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

# EXHIBIT C
# Paper Version

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by: [BAR DATE]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez, et al., v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM AND INSTRUCTIONS**

**ART**

For you to qualify to receive a payment related to *In re Chicco Booster Seat Litigation*, as described in the Notice of this Settlement (the "Notice"), you must file a Claim Form, as described below.

<u>**REQUIREMENTS FOR FILING A CLAIM FORM**</u>

Please review the Notice and have the Notice with you when you complete your Claim Form. A copy of the Notice is available at [WEBSITE URL].

Your claim will only be considered if you comply with all of the following conditions:

1.  You must file a Claim Form. You may submit your Claim Form online at [WEBSITE URL] or by U.S. Mail to the following address:

    Chicco Booster Seat Settlement
    c/o Settlement Administrator
    1650 Arch Street, Suite 2210
    Philadelphia, PA 19103.

2.  You must accurately complete all required portions of this Claim Form (Sections I, II, and III). Please type or write your responses legibly.

3.  You must sign this Claim Form, which includes the Certification. By signing and submitting the Claim Form, you are certifying under penalty of perjury that you purchased a Chicco "KidFit" branded booster seat made by Artsana, including the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus models (an "Eligible Product") from April 22, 2015 through December 31, 2021.

4.  If you are mailing your Claim Form, please make sure to include the completed and signed Claim Form and all supporting materials in one envelope. If you submit your Claim Form online, you can upload your supporting documentation online.

5.  If you submit Proof of Purchase with your Claim Form, you may be eligible to receive a cash payment of fifty dollars ($50.00) per Eligible Product. If you submit a completed Claim Form without Proof of Purchase, you may be eligible to receive a cash payment of twenty-five dollars ($25.00) per Eligible Product.

6.  Please keep a copy of your Claim Form and any supporting materials you submit. Do not submit your only copy of the supporting documents. Materials submitted will not be returned. Copies of documentation submitted in support of your claim should be clear and legible. If you submit by mail, it is recommended (but not required) that you use certified mail, return receipt requested so that you have a record of the date of mailing.

7.  If your Claim Form is incomplete or missing information, the Settlement Administrator may contact you for additional information. If you do not respond or do not provide the additional information requested, the Settlement Administrator will be unable to process your claim, and your claim will be rejected.



**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:**
**[BAR DATE]**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

**ART**

8. If you have any questions, please contact the Settlement Administrator by email at [EMAIL ADDRESS], by phone at [(800) XXX-XXXX], or by mail at the address listed above.

9. **You must notify the Settlement Administrator if your address changes. If you do not, you may not receive your payment.**

10. **DEADLINE – Your claim must be submitted online by [BAR DATE], while Claim Forms mailed to the Settlement Administrator must be postmarked no later than [BAR DATE].**

Submission of this Claim Form does not guarantee that you will share in the payments related to *In re Chicco Booster Seat Litigation*. If the Settlement Administrator denies your Claim, you have the right to present information in a dispute resolution process. For more information about this process, see Paragraph 87 of the Settlement Agreement, which is available for review at [WEBSITE URL].

<table>
<tr><td>

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by: [BAR DATE]**

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

</td><td>

**ART**

</td></tr>
</table>

## I.  CONTACT INFORMATION AND MAILING ADDRESS

Provide your name and current contact information below.  You must notify the Settlement Administrator if your contact information changes after you submit this form.

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

**Email Address**

**Telephone Number (optional)**

Note if your name and mailing address at the time of purchase are different from your current name and address, please provide your previous name and mailing address at the time of purchase:

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

3

<table>
<tr>
<td>

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:**
**[BAR DATE]**

</td>
<td>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

</td>
<td>

**ART**

</td>
</tr>
</table>

## II. PURCHASE INFORMATION

- To qualify for a cash award, you must have purchased one or more of the Chicco "KidFit" branded booster seats between April 22, 2015 and December 31, 2021, including the: KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus models (the "Eligible Product").

- You may make a claim based on the following options:

   (a) **With Proof of Purchase.** For claimants who either (1) purchased an Eligible Product directly from www.chiccousa.com, (2) registered the Eligible Product with Artsana or the National Highway Traffic Safety Administration (NHTSA), or (3) provide other Proof of Purchase (defined below) with your Claim Form, you may be eligible to receive a cash payment of fifty dollars ($50.00) per Eligible Product.

   Proof of purchase may also include a valid receipt or retail rewards submission from an authorized retailer, product packaging, a picture of the Eligible Product showing a new or recently purchased product, or other physical evidence (for example, a credit card statement or invoice).

   (b) **Without Proof of Purchase.** For claimants without Proof of Purchase, but who complete this Claim Form, you may be eligible to receive a cash payment of twenty-five dollars ($25.00) per Eligible Product.

**Please select one or more of the following options:**

A. ☐  Check here if you are requesting $50.00 for one or more Eligible Product by **enclosing Proof of Purchase** or if your purchased an Eligible Product from www.chiccousa.com or registered an Eligible Product with Artsana or NHTSA.

   Please provide the number of Eligible Products purchased during the Class Period for which you are providing proof of purchase: _____

B. ☐  Check here if you are requesting $25.00 as you do not have any Proof of Purchase. If you do not have Proof of Purchase, you must complete the chart on the following page.

   Please provide the number of Eligible Products purchased during the Class Period for which you do not have proof of purchase: _____

4

<table>
<tr><td>

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by:
[BAR DATE]**

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

</td><td>

**ART**

</td></tr>
</table>

**Please Choose TWO (2) columns to complete.**  Note, please provide the information for each Eligible Product purchased during the Class Period for which you do not have proof of purchase.  You may attach additional sheets if necessary.

| PRODUCT #1 | | | |
|---|---|---|---|
| Column A | Column B | Column C | Column D |
| Provide the **model** of the Eligible Product (for example, KidFit Plus):<br><br>_____<br><br>Provide the **primary and/or secondary seat colors**:<br>_____<br><br>_____ | What is the name of the retail **store** where the Eligible Product was purchased?<br><br>_____<br><br>**When:**  Approximate Date of Purchase (MM/YY)<br>_____ | Provide the **serial number\***:<br><br><br>_____<br><br><br>(\*The serial number can be found on a white sticker on the booster seat.) | What is the **municipality (town/city) and state** where the Eligible Product was purchased (if not purchased online)\*\*<br><br>_____<br><br>_____<br><br>(\*\*Please also include a **photo** of the product if completing column D.) |

| PRODUCT #2 | | | |
|---|---|---|---|
| Column A | Column B | Column C | Column D |
| Provide the **model** of the Eligible Product (for example, KidFit Plus):<br><br>_____<br><br>Provide the **primary and/or secondary seat colors**:<br>_____<br><br>_____ | What is the name of the retail **store** where the Eligible Product was purchased?<br><br>_____<br><br>**When:**  Approximate Date of Purchase (MM/YY)<br>_____ | Provide the **serial number\***:<br><br><br>_____<br><br><br>(\*The serial number can be found on a white sticker on the booster seat.) | What is the **municipality (town/city) and state** where the Eligible Product was purchased (if not purchased online)\*\*<br><br>_____<br><br>_____<br><br>(\*\*Please also include a **photo** of the product if completing column D.) |

<table>
<tr><td>

**Your claim must be submitted online or mailed to the Settlement Administrator postmarked by: [BAR DATE]**

</td><td>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*Jimenez v. Artsana USA, Inc.*
Case No. 7:21-cv-07933-VB

**CLAIM FORM**

</td><td>

**ART**

</td></tr>
</table>

---

## III.  VERIFICATION AND ATTESTATION UNDER PENALTY OF PERJURY

I declare or affirm, under penalty of perjury, that the information in this Claim Form is true and correct to the best of my knowledge, and that I purchased the product(s) claimed above from April 22, 2015 through December 31, 2021.  I understand that my Claim Form may be subject to audit, verification, and/or Court review.


_____          Date: _____
Your signature                                                            MM           DD           YYYY


_____
Your name

  **REMINDER**:  Submit your completed Claim Form online at [WEBSITE URL] by **[BAR DATE]** or mail your completed Claim Form and/or supporting documentation **postmarked no later than [BAR DATE]** to:

Chicco Booster Seat Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

6

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JIMENEZ, *individually and on behalf of all
others similarly situated*,

                    Plaintiff,

         v.

ARTSANA USA, INC.,

               Defendant.

No. 21-cv-7933-VB

------------------------------------------------------------x

**[PROPOSED] ORDER
GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, the Named Plaintiffs and Defendant Artsana USA, Inc. entered into a Settlement Agreement (Dkt. ____) on _____, 2023, which, together with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this litigation and for its dismissal with prejudice;

WHEREAS, this Court has reviewed the settlement entered into by the parties, all exhibits thereto, the record in this case (as well as in *Sayers v. Artsana*, No. 5:21-cv-01876 (E.D. Pa.)), and the parties' arguments;

WHEREAS, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Named Plaintiffs and Class Counsel are adequate representatives of the Settlement Class;

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      All terms and definitions used in this Order have the same meanings as set forth in the settlement.

2.      This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

**Preliminary Certification of Settlement Class for Purpose of Settlement Only**

3.      The settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class.  Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in paragraph 9 of the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> All persons and entities in the United States, its territories, and/or its possessions who purchased one or more of the Eligible Products (*i.e.*, Artsana booster seats marketed under the "KidFit" branding, which includes the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus) during the Class Period (*i.e.*, April 22, 2015 to December 31, 2021).

Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Artsana or its subsidiaries and affiliated companies; (b) persons or entities that purchased the Eligible Products primarily for the purposes of resale; (c) governmental entities; (d) persons and entities that timely and properly exclude themselves from the Class as provided in this settlement; (e) persons and entities that purchased the Eligible Products via the Internet or other remote means while not residing in the United States; and (f) the Court, the Court's immediate family, and Court staff.

4.      If the settlement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, this Order (including but not limited to the certification of the class) shall be vacated, null and void, and of no force or effect, and Artsana and Plaintiffs shall be entitled to make any arguments for or against certification for litigation purposes.

5.      Class Counsel and the Named Plaintiffs are appointed as adequate representatives of the Settlement Class.

### Notice to the Settlement Class

6.      The Court approves the Claim Form, Long Form Notice, and Summary Notice, which are attached to the Settlement Agreement as Exhibits C, E, and G, respectively, and finds that their dissemination substantially in the manner and form set forth in the settlement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed settlement (including the releases contained therein), the anticipated Motion for Attorneys' Fees and/or Expenses and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed settlement.

7.      By _____, 2023 [*fourteen (14) days from the entry of this Preliminary Approval Order*], Artsana shall, for the purpose of facilitating the distribution of the Summary Notice, conduct a reasonable search of its records to identify the names, email

addresses, mailing addresses, and serial numbers for the members of the Settlement Class and provide them to the Settlement Administrator.

8.      By _____, 2023 [*thirty (30) days after Artsana identifies Class Members within its records and provides that information to the Settlement Administrator*], the Settlement Administrator shall complete the distribution of the email and/or postcard notices to the members of the Settlement Class, and establish the Settlement Website which shall contain all documents relating to the settlement, including the settlement, the Class Notice, the Summary Notice, the Claim Form, and all motion papers and Court orders relating to preliminary and final approval of the settlement.  The Settlement Administrator will cause notice (in the form of the Long Form Notice or Summary Notice) to be provided, as agreed to by the parties in the settlement and the Exhibits attached thereto.

<u>**SETTLEMENT ADMINISTRATION**</u>

9.      The Court appoints Angeion Group to serve as the Settlement Administrator. Angeion Group shall supervise and administer the notice procedures, establish and operate the Settlement Website, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the settlement and the Exhibits attached thereto, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement.

10.     All reasonable costs of notice and costs of administering the settlement shall be paid by Artsana.

11.     Settlement Class Members who wish to make a Claim must do so by submitting a Claim Form by the Bar Date, in accordance with the instructions contained in the settlement. The Settlement Administrator shall determine the eligibility of Claims submitted and distribute payment in accordance with the settlement.

12.     Settlement Class Members who have not timely filed a request for exclusion may object to the settlement.  To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and must provide:  (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each

objection; (d) a statement of whether they intend to appear at the Fairness Hearing; (e) their signature; (f) the case name and case number (*Jimenez v. Artsana USA, Inc.*, Case No. 7:21-cv-07933-VB); (g) a statement of his or her membership in the Class, including a verification under oath of Eligible Product(s) purchased and, to the extent known, the location, approximate date, and identity of the retailer from which they purchased; (h) the case name and number of any other case in which they have objected in the last five (5) years; (i) the identity of any current or former lawyer who may be entitled to compensation for any reason related to the objection; and (j) a statement of whether the objector or the objector's attorney intends to appear at the Fairness Hearing. The objections must be sent to the following addresses, and received by

_____, 2023 [*one hundred and twenty (120) days from the Notice Date*]:

| Court (by U.S. Mail or ECF) | Settlement Administrator (by U.S. Mail or e-mail) |
|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl Street<br>New York, New York 10007<br><br>OR<br><br>The Court' Case Management/Electronic Case Files ("CM/ECF") system | Chicco Booster Seat Settlement<br>Attn: Objections<br>P.O. Box 58220<br>Philadelphia, PA 19102<br><br>OR<br><br>objections@boosterseatsettlement.com |
| **Class Counsel (by U.S. Mail or email)** | **Defense Counsel (by U.S. Mail or e-mail)** |
| Martha Geer<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>900 W. Morgan Street<br>Raleigh, NC 27603<br><br>OR<br><br>mgeer@milberg.com;<br>sspangenburg@milberg.com | Christopher Chorba<br>Jeremy Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071<br><br>OR<br><br>CChorba@gibsondunn.com;<br>JSSmith@gibsondunn.com |

13.     Any putative member of the Settlement Class who seeks to be excluded from the Settlement Class must submit a request for exclusion, in accordance with the procedures set forth in the Settlement Agreement and Notice, to the address below, which must be received by the Settlement Administrator by _____, 2023 [*one hundred and twenty (120) days from the Notice Date*]:

| Settlement Administrator |
|---|
| Chicco Booster Seat Settlement<br>Attn: Exclusions<br>P.O. Box 58220<br>Philadelphia, PA 19102 |

Any member of the Settlement Class who does not file a valid and timely request for exclusion shall be bound by the final judgment dismissing the Action on the merits with prejudice.

14.     The Final Hearing shall be held by the Court on _____, 2023,

beginning at ___:____ __.m., to determine whether the requirements for certification of the

Settlement Class have been met; whether the proposed settlement of the Action on the terms set

forth in the settlement should be approved as fair, reasonable, adequate, and in the best interests

of the Settlement Class Members; whether Class Counsel's motion or application for Attorneys'

Fees and Expenses and application for the Named Plaintiff Service Awards should be approved;

and whether final judgment approving the settlement and dismissing the Action on the merits

with prejudice against the Named Plaintiffs and all other Settlement Class Members should be

entered.  The Final Hearing may, without further notice to the Settlement Class Members (except

those who have filed timely and valid objections and requested to speak at the Final Hearing), be

continued or adjourned by order of the Court.

15.     Objections by any Settlement Class Member to (a) the certification of the

Settlement Class; (b) the settlement; and/or (c) the entry of the Final Approval Order and Final

Judgment, shall be considered by the Court at the Final Hearing only if such Settlement Class

Member files with the Court a notice of his or her objections, submits documentary proof that he

or she is a Settlement Class Member, states the basis for such objections, and serves copies of the

foregoing and any other papers in support of such objections on the Settlement Administrator, as

provided in paragraph 11.

16.     By _____, 2023, at least forty-five (45) days before the date noted

in paragraph 13, Class Counsel shall file all papers in support of the application for the Final

Approval Order and Final Judgment, any Motion for Attorneys' Fees and/or Expenses and/or for

Named Plaintiff Service Awards, and/or any response to any valid and timely objections with the

Court, and shall serve copies of such papers upon Defense Counsel and upon any objectors who

have complied with paragraphs 11 and 14 of this Order.  All opposition papers shall be filed by

_____, 2023 [*not more than twenty-one (21) days from when Class Counsel file*

*their Motion for Attorneys' Fees and/or Expenses*], and any reply papers shall be filed by

_____, 2023 [*not more than fourteen (14) days after the filing of Artsana's*

*opposition*].

17.     Objections by any Settlement Class Members to Class Counsel's request for Attorneys' Fees and/or Expenses shall be considered by the Court at the Final Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a Settlement Class Member, states the basis for such objections, and serves copies of the foregoing and any other papers in support of such objections on the Settlement Administrator, as provided in paragraph 11, by _____, 2023 [*not more than ten (10) days from when Class Counsel file their Motion for Attorneys' Fees and/or Expenses, as specified in paragraph 15 above*].

18.     Class Counsel's motion or application for an award of Attorneys' Fees and Expenses, and costs and for the Named Plaintiff Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the settlement.  Any appeal from any order relating solely to Class Counsel's Motion for Attorneys' Fees and/or Expenses, and/or for Named Plaintiff Service Awards, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the settlement.

19.     Defense Counsel and Class Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the Settlement Agreement.


**IT IS SO ORDERED.**


Dated: _____     _____
                                        Hon. Vincent L. Briccetti
                                        United States District Court

# EXHIBIT E

# United States District Court
# Southern District of New York

## If You Purchased a Chicco "KidFit" Booster Seat Between April 22, 2015 and December 31, 2021, You May Be Eligible for a Payment of Up to $50 Under a Class Action Settlement

**The United States District Court for the Southern District of New York has preliminarily approved a class action settlement that may affect your legal rights.**

*A court has authorized this notice.  This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit involving Artsana USA, Inc.'s ("Defendant") Chicco-branded "KidFit" booster seats.

- You are eligible to participate in the Settlement if you purchased a Chicco "KidFit" branded booster seat, including the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus models, between April 22, 2015 and December 31, 2021.  To receive payment under the Settlement, you must submit a Claim Form.

- The Settlement provides for cash payments of $25 or $50.

### Please read this Notice carefully and in its entirety.

### Your rights may be affected by the Settlement of this Lawsuit, and you have a choice to make now about how to act:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a cash payment provided under the Settlement. | Claims must be submitted by **Bar Date**. |
| **EXCLUDE YOURSELF** | Write to the Settlement Administrator to opt out of the Settlement.  If you opt out of the settlement, you will not be eligible to receive the Settlement Benefits, but you will keep your right to be part of any other lawsuit or to sue on your own regarding any claims that are part of the settlement. | Requests for Exclusion must be postmarked by **Opt-Out and Objection Deadline**. |

**QUESTIONS?  VISIT WEBSITE URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

| OBJECT | You may write to the Court about why you do not like the Settlement. | Objections must be submitted to the Court and copies mailed postmarked by **Opt-Out and Objection Deadline.** |
|---|---|---|
| **APPEAR IN THE LAWSUIT OR ATTEND A HEARING** | You may ask to speak in Court about the fairness of the Settlement. You may appear in Court yourself or appear through an attorney at your own expense if you so desire. Written notice of your intent to appear in the Lawsuit must be filed with the Court and served on the Parties by [Date]. | The Court's Fairness Hearing is currently scheduled for **Date.** |
| **DO NOTHING** | If you do nothing, you will receive no reimbursement. You also give up your right to be part of any other lawsuit against the Defendant about the same legal claims in this lawsuit. | . |

• These rights and options -- *and the deadlines to exercise them* -- are explained in this notice.

• The Court in charge of this case still must decide whether to approve the Settlement before any benefits can be distributed. The Settlement Benefits will be made available if the Court approves the settlement and after any appeals are resolved. Please be patient.

• If you have any questions, please read on and/or visit [Website URL].

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**…………………………………………………………………. 4
    1.    Why is there a notice?
    2.    What is the lawsuit about?
    3.    Why is this a class action and who is involved?
    4.    Why is there a Settlement?

**WHO IS IN THE SETTLEMENT**……………………………………………………... 4
    5.    How do I know if I am part of the Settlement?

**THE BENEFITS: WHAT YOU GET**……………………………………………………. 5
    6.    What are the benefits of the Settlement?
    7.    What am I giving up in exchange for the Settlement Benefits?

**HOW TO GET A PAYMENT: SUBMITTING A CLAIM FORM**………………………. 6
    8.    How do I get a monetary payment from this Settlement?

**QUESTIONS?  VISIT WEBSITE URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

9.      When will I get the Settlement benefits?

**YOUR RIGHTS AND CHOICES: EXCLUDING YOURSELF FROM THE SETTLEMENT.. 7**
10.      Can I exclude myself from this Settlement?
11.      If I exclude myself, can I get anything from this Settlement?
12.      If I don't exclude myself, can I sue later?
13.      How do I exclude myself from the Settlement?

**YOUR RIGHTS AND CHOICES: OBJECTING TO THE SETTLEMENT........................ 7**
14.      How do I tell the Court if I don't like the Settlement?
15.      What's the difference between objecting and excluding myself?

**YOUR RIGHTS AND CHOICES: APPEARING IN THE LAWSUIT.............................. 8**
16.      Can I appear in this lawsuit or speak in Court about the Proposed Settlement?
17.      How can I appear in this lawsuit

**WHAT IF I DO NOTHING?.......................................................................................... 8**
18.      What happens if I do nothing?

**THE LAWYERS REPRESENTING YOU................................................................. 10**
19.      Do I have a lawyer in the case?
20.      How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING.................................................................... 10**
21.      When and where will the Court decide whether to approve the Settlement?
22.      Do I need to go to the hearing?
23.      May I speak at the hearing?

**GETTING MORE INFORMATION........................................................................... 11**
24.      Are there more details about the Settlement?

**QUESTIONS?  VISIT WEBSITE URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

## BASIC INFORMATION

| **1.** | **Why is there a notice?** |
|---|---|

A Court has authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit, and your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Honorable Vincent L. Briccetti of the United States District Court, Southern District of New York, is overseeing this class action lawsuit, known as *Jimenez v. Artsana USA, Inc.*, Case No. 7:21-cv-07933-VB (the "Action"). Mashayila Sayers, Brittney Tinker, Jennifer Monachino, Kimberly Mullins, Hilda Michelle Murphree, and Amanda Jimenez, the people who filed this lawsuit, are called the "Plaintiffs" or "Class Representatives," and the company they sued, Artsana, is called the "Defendant."

| **2.** | **What is the lawsuit about?** |
|---|---|

This lawsuit involves Artsana's Chicco-branded booster seats marketed under the "KidFit" branding, which includes the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus (the "Eligible Products"). The lawsuit alleges that Artsana misrepresented the minimum weight requirement for and side-impact collision protection provided by its Chicco-branded "KidFit" booster seats. Defendant denies these allegations.

| **3.** | **Why is this a class action and who is involved?** |
|---|---|

In a class action, one or more people called "Class Representatives" assert claims on behalf of people who have similar claims. All of these people are the "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who timely exclude themselves from (or "opt out" of) the Class. The Class Representatives in the lawsuit are the Plaintiffs identified above. The company sued is called the Defendant, Artsana.

| **4.** | **Why is there a Settlement?** |
|---|---|

All parties have agreed to a Settlement to avoid further cost and the risk of a trial, and so that the people affected can begin getting benefits in exchange for releasing the Defendant from liability for the claims that were raised or could have been raised in the lawsuit involving Chicco branded "KidFit" booster seats. The Court did not decide which side was right. The Class Representatives and their attorneys assert that the settlement is in the best interests of the Class because it provides an appropriate recovery at an early stage while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

## WHO IS IN THE SETTLEMENT

To see if you will be entitled to the Settlement Benefits from this Settlement, you first have to decide if you are a Class Member.

| **5.** | **How do I know if I am part of the Settlement?** |
|---|---|

You are a Class Member if you purchased one or more of the Chicco "KidFit" branded booster seats, including the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus models, in the United States,

its territories, and/or its possessions between April 22, 2015 and December 31, 2021.

Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of Artsana or its subsidiaries and affiliated companies; (b) persons or entities that purchased the Eligible Products primarily for the purposes of resale; (c) governmental entities; (d) persons and entities that timely and properly exclude themselves from the Class as provided in this Stipulation of Settlement; (e) persons and entities that purchased the Eligible Products via the Internet or other remote means while not residing in the United States; and (f) the Court, the Court's immediate family, and Court staff.

If you are still not sure whether you are included in the Settlement Class, you can go to [Website URL], or you can call (800) XXX-XXXX, and ask for free help.

# THE BENEFITS: WHAT YOU GET

| 6. | What are the benefits of the Settlement? |
|---|---|

The Settlement provides the following benefits to Class Members who complete and send in a valid Claim Form:

**Cash Benefits to Class Members**
(1)     Class Members who submit a timely Claim Form and either (1) purchased an Eligible Product directly from www.chiccousa.com, (2) registered an Eligible Product with Artsana or the National Highway Traffic Safety Administration (NHTSA), or (3) provide other proof of purchase will receive fifty dollars ($50) per Eligible Product purchased between April 22, 2015 and December 31, 2021.

Proof of purchase is defined to include a valid receipt or retail rewards submission from an authorized retailer, product packaging, a picture of the Eligible Product showing a new or recently purchased product, or other physical evidence corroborating the Class Member's purchase claim (e.g., a credit card statement or invoice showing the Class Member's purchase).  For Class Members who directly purchased the Product from Artsana or registered their booster seat with Artsana or the National Highway Traffic Safety Administration (NHTSA), [Website URL] will maintain a tool that will pre-populate the Claim Form with the requisite Eligible Product details.

(2)     Class Members who submit a Claim Form without proof of purchase will receive twenty-five dollars ($25) per Eligible Product purchased between April 22, 2015 and December 31, 2021.

On the Claim Form, Class Members without proof of purchase will be asked to corroborate their purchase of the Eligible Product by satisfying at least two of the below four requirements: (1) identifying the serial number, (2) identifying the model of the Eligible Product they purchased and either the primary and/or secondary colors of the seat, (3) identifying the retailer from which they purchased, as well as the approximate month (or season) and year of purchase, or (4) if the Eligible Product was not purchased online, identifying the municipality and state in which the Eligible Product was purchased and attaching a picture of the Eligible Product.

**Injunctive Relief**
In consideration for the Release contained in the Stipulation of Settlement, and as a result of the efforts of the Plaintiffs and Class Counsel, Artsana agrees to the following injunctive relief:

(1)     Artsana shall include a link to the video titled "Chicco USA Live: Vehicle Boosters," on its consumer-facing website for Chicco USA (https://www.chiccousa.com) enabling consumers to access the informational

**QUESTIONS?  VISIT WEBSITE URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

video currently available at https://www.facebook.com/ChiccoUSA/videos/210182254417323 (the "Facebook Video"). The Facebook Video shall appear on the Chicco USA website on (i) the product video page (currently available at https://www.chiccousa.com/product-video-page/product-videos.html) under the existing heading "KidFit® Booster Car Seat";

(2)       Artsana will add an overlay of text to the Facebook Video, which will appear on the bottom of the video screen or over the video, stating: "The National Highway Traffic Safety Administration (NHTSA) recommends that you keep your child in a forward-facing car seat with a harness and tether until he or she reaches the top height or weight limit allowed by your car seat's manufacturer." Artsana will display such overlay (the "NHTSA Overlay") on the Facebook Video clearly and conspicuously for a reasonable length of time;

(3)       Artsana shall create a new educational video, which discusses the subject of transitioning a child to a booster seat, and has a title reasonably related to the topic of transitioning or fitting a child to a booster seat, and addresses the minimum requirements for safe use of a booster, including weight, age, height, and child maturity level (the "New Video"). The New Video will appear on the Chicco USA's website on the product video page (currently available at https://www.chiccousa.com/product-video-page/product-videos.html) under the existing heading "KidFit® Booster Car Seat." Artsana will either include an audio message identical to the language utilized in the NHTSA Overlay or display the NHTSA Overlay on the New Video clearly and conspicuously for a reasonable length of time.

In addition, Artsana will pay for Notice to the Class and administration costs of the settlement. Subject to Court approval, Artsana will also pay an incentive award not to exceed $1,500 to each of the six Class Representatives in this lawsuit.

| 7. | What am I giving up in exchange for the Settlement Benefits? |
|---|---|

If the Settlement becomes final, Class Members will be releasing the Defendant and the Released Parties from all of the claims described and identified in the Stipulation of Settlement. Please visit [Website URL] to view the Stipulation of Settlement and Released Claims.

## HOW TO GET A PAYMENT: SUBMITTING A CLAIM FORM

| 8. | How do I get a monetary payment from this Settlement? |
|---|---|

If you are a Class Member and would like to receive a cash benefit, you need to complete and submit a Claim Form. Claims Forms may be found and submitted online via the Settlement Website at URL. You may also download a Claim Form from the Settlement Website at [Website URL] and mail your completed Claim Form to the Settlement Administrator to the following address: _____.

To be valid, Claim Forms must be postmarked or submitted online no later than Bar Date.

| 9. | When will I get the Settlement Benefits? |
|---|---|

The Court will hold a hearing on DATE at TIME, to decide whether to grant final approval to the Settlement. If the Court approves the Settlement, there may be objections. It is always uncertain whether objections will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed to Class Members who have submitted timely and valid Claim Forms as soon as possible, if and when the Court grants final approval to the Settlement and all objections (if any) have been resolved.

**QUESTIONS?  VISIT WEBSITE URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

# YOUR RIGHTS AND CHOICES: EXCLUDING YOURSELF FROM THE SETTLEMENT

| **10.    Can I exclude myself from this Settlement?** |
|---|

Yes.  If you want to keep the right to sue or if you are already suing the Defendant in another action over the legal issues in this case, then you must take steps to exclude yourself from this Settlement.  This is sometimes called "opting out" of the Settlement.

| **11.    If I exclude myself, can I get anything from this Settlement?** |
|---|

No.  If you ask to be excluded, you cannot object to the Settlement, and you will not receive any of the benefits of the Settlement.  But you may sue, continue to sue, or be part of a different lawsuit against the Defendant in the future, including for claims that this Settlement resolves.  You will not be bound by anything that happens in this lawsuit.

| **12.    If I don't exclude myself, can I sue later?** |
|---|

No.  If you do not properly and timely submit a request for exclusion, you give up the right to sue the Defendant for the claims that this Settlement resolves.  If you have a pending lawsuit against Artsana, other than this class action, speak to your lawyer in that lawsuit immediately.

| **13.    How do I exclude myself from the Settlement?** |
|---|

Class Members wishing to opt out of the Settlement must send to the Settlement Administrator by U.S. mail a personally signed letter including (a) their full name; (b) current address; (c) a clear statement communicating that they elect to be "excluded" from the Settlement; (d) their signature; and (e) the case name and case number (*Jimenez v. Artsana USA, Inc.*, Case No. 7:21-cv-07933-VB).

Requests for exclusion must be mailed to the Settlement Administrator at the address below, postmarked on or before **Opt-Out and Objection Deadline**.

Chicco Booster Seat Settlement Administrator
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19102

You cannot exclude yourself on the phone or by e-mail.  Failure to comply with any of these requirements for excluding yourself may result in you being bound by this Settlement.

# YOUR RIGHTS AND CHOICES: OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| **14.    How do I tell the Court if I don't like the Settlement?** |
|---|

Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must, in addition to timely filing a written objection with the Court through the Court's CM/ECF system (or any other

**QUESTIONS?  VISIT WEBSITE URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

method in which the Court will accept filings, if any), send a copy of the written objection by U.S. mail or email to the Settlement Administrator, Class Counsel, and Defense Counsel (at the addresses set forth below) postmarked no later than **Opt-Out and Objection Deadline**.

Class Members who object must set forth:  (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing; (e) their signature; (f) the case name and case number (*Jimenez v. Artsana USA, Inc.*, Case No. 7:21-cv-07933-VB); (g) a statement of his or her membership in the Class, including a verification under oath of Eligible Product(s) purchased and, to the extent known, the location, approximate date, and identity of the retailer from which they purchased; (h) the case name and number of any other case in which they have objected in the last five (5) years; (i) the identity of any current or former lawyer who may be entitled to compensation for any reason related to the objection; and (j) a statement of whether the objector or the objector's attorney intends to appear at the Fairness Hearing.

| | |
|---|---|
| COURT | The Hon. Charles L. Brieant Jr.<br>Federal Building and United States Courthouse<br>300 Quarropas St.<br>White Plains, NY 10601-4150 |
| CLASS COUNSEL | Martha Geer<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>Email: mgeer@milberg.com; sspangenburg@milberg.com |
| DEFENDANTS' COUNSEL | Christopher Chorba<br>Jeremy Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Email:  CChorba@gibsondunn.com; JSSmith@gibsondunn.com |
| SETTLEMENT ADMINISTRATOR | Chicco Booster Seat Settlement Administrator<br>Attn: Objections<br>P.O. Box 58220<br>Philadelphia, PA 19102<br>Email: objections@boosterseatsettlement.com |

**QUESTIONS?  VISIT WEBSITE URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

| 15. | What's the Difference between Objecting and Excluding Myself? |
|---|---|

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement.  Excluding yourself is telling the Court that you don't want to be part of the Settlement, and thus do not want to receive any benefits from the Settlement.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## YOUR RIGHTS AND CHOICES: APPEARING IN THE LAWSUIT

| 16. | Can I appear in this lawsuit or Speak in Court about the Proposed Settlement? |
|---|---|

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Proposed Settlement.  This is called making an appearance.  You can also have your own lawyer appear in court and speak for you, but you will have to pay for the lawyer yourself.

| 17. | How can I appear in this lawsuit? |
|---|---|

If you want yourself or your own lawyer (instead of Class Counsel) to participate or speak for you in this lawsuit, you must give the Court a paper that is titled a "Notice of Appearance."  The Notice of Appearance must contain the title of the lawsuit (*Jimenez v. Artsana USA, Inc.,* Case No. 7:21-cv-07933-VB), a statement that you wish to appear at the Fairness Hearing (discussed below), and the signature of you or your lawyer.

Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Fairness Hearing on the Proposed Settlement.  If you submit an objection (see question 14 above) and would like to speak about the objection at the Court's Fairness Hearing, both your Notice of Appearance and your objection should include that information.

Your Notice of Appearance must be signed, mailed, and ***postmarked by*** **OPT-OUT AND OBJECTION DEADLINE** and mailed to the Court at:

Clerk of Court
U.S. District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Copies of your Notice of Appearance must also be mailed to the same addresses appearing on page 8 of this Notice, in question 14.

## IF YOU DO NOTHING

| 18. | What if I do nothing? |
|---|---|

If you do nothing, you will give up the right to be part of any other lawsuit against the Defendant about the legal claims released by the Settlement.  **You will not receive a Settlement payment unless you timely submit a Claim Form**.

**QUESTIONS?  VISIT WEBSITE URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

## THE LAWYERS REPRESENTING YOU

| 19. | Do I have a lawyer in the case? |
|---|---|

Yes, the Court has appointed the following law firms as Class Counsel:

| L. Timothy Fisher BURSOR & FISHER, P.A. 1990 N. California Blvd., Suite 940 Walnut Creek, CA 94596 | Martha Geer Sarah Spangenburg MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC 900 W. Morgan Street Raleigh, NC 27603 | Gregory F. Coleman Arthur Stock Jonathan B. Cohen MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC 800 Gay Street, Ste. 1100 Knoxville, TN 37929 | Antonio Vozzolo VOZZOLO LLC 345 Route 17 South Upper Saddle River, NJ 07458 |
|---|---|---|---|

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

| 20. | How will the lawyers be paid? |
|---|---|

Class Counsel will make a motion to the Court for an award of Attorneys' Fees and Expenses in the Actions, not to exceed $2,250,000, which shall be the sole compensation paid by Artsana for Plaintiffs' Counsel.

The Parties agree to meet and confer regarding the motion for Attorneys' Fees and Expenses. If the Parties are unable to reach an agreement, the Parties agree to hold a mediation concerning Class Counsel's request for Attorneys' Fees and Expenses. If, after the mediation, the Parties do not agree on the amount of Attorneys' Fees and Expenses to be awarded to Class Counsel, the amount of the Attorneys' Fees and Expenses will be determined by the Court.

Class Counsel may also ask the Court for a Service Award payable to each of the Plaintiffs of $1,500.

## THE COURT'S FAIRNESS HEARING

| 21. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a "Fairness Hearing" to decide whether to approve the Settlement on DATE at TIME in Courtroom 620 located at The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150. At this Hearing, the Court will determine whether the Settlement is fair, adequate, and reasonable and whether the objections by Class Members, if any, have merit. If you have filed an objection on time, and also filed a Notice of Intention to Appear, as described in Questions 14,16, and 17 you may attend and ask to speak at the Hearing, but you don't have to. However, Judge Briccetti will only listen to people who have asked to speak at the Hearing. At this Hearing, the Court will also consider the Service Awards for the Class Representatives, as well as the Attorneys' Fees and Expenses for Class Counsel. We do not know how long the Court's decision will take.

The hearing may be postponed to a different date or time without notice, so please check [Website URL] or call

**QUESTIONS?  VISIT WEBSITE URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

1-800-XXX-XXXX for updates.  If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the time and date of such hearing.

| 22. | Do I need to go to the hearing? |
|---|---|

No.  Class Counsel will answer any questions the Court may have, but you are welcome to attend at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mail your valid written objection on time, the Court will consider it.  You may also pay another lawyer to attend the Hearing, but that's not required.

| 23. | May I speak at the hearing? |
|---|---|

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must file a "Notice of Intent to Appear" in *Jimenez v. Artsana USA, Inc.,* Case No. 7:21-cv-07933-VB as explained in Questions 14, 16, and 17, by no later than **Opt-Out and Objection Deadline.**  You cannot speak at the Hearing if you have excluded yourself from the Settlement.

# GETTING MORE INFORMATION

| 24. | Are there more details about the Settlement? |
|---|---|

This notice summarizes the proposed Settlement.  You may obtain the complete text of the settlement in the Stipulation of Settlement a copy of which is located at [Website URL] or from the court file, which is available for your inspection during regular business hours at the Office of the Clerk of the United States District Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St. White Plains, NY 10601-4150, under the Civil Action Number 7:21-cv-07933-VB. In addition, you can access the Court docket in this case, for a fee, through the Court's PACER site at https://ecf.cand.uscourts.gov.  You may also contact the Settlement Administrator by mail, email, or phone:

Mail: Chicco Booster Seat Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103
Email: **EMAIL ADDRESS**
Phone: **(XXX) XXX-XXXX**

**PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT.**

**QUESTIONS?  VISIT WEBSITE URL OR CALL TOLL-FREE (XXX) XXX-XXXX**

# EXHIBIT F

## SETTLEMENT ADMINISTRATOR PROTOCOL

This Settlement Administration Protocol is a part of the Stipulation of Settlement ("Agreement") and shall be used by the Settlement Administrator to review, address, implement, and process those claims submitted pursuant to the Agreement and otherwise implement the terms of the claim process in the Agreement.  All capitalized terms used in this Protocol shall have the same meaning given in the Agreement.  To the extent there is any conflict between the Agreement and this Protocol, the Agreement shall govern.

### 1. Settlement Administrator's Role and Duties

a)   The Settlement Administrator shall abide by the obligations of the Agreement, this Protocol, and the orders issued by the Court.

b)   The Settlement Administrator agrees to effectuate Class Notice and administration in accordance with the Notice Plan and the Agreement or as otherwise ordered by the Court. The Settlement Administrator shall provide settlement notice, and administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by Claimants, communicating with Claimants, and distributing payments to Claimants in connection with Approved Claims.

c)   In fulfilling its responsibilities in providing Class Notice, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the Notice to the Class via various forms of media, including implementing the Notice Plan set forth in the Declaration of the Settlement Administrator attached as Exhibit "H" to the Agreement.  In particular, the Settlement Administrator shall be responsible for: (a) arranging for Notice under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, the publication of the Summary Notice, and dissemination of the Class Notice as set forth in the Declaration of the Settlement Administrator attached to the Agreement as Exhibit "H" and pursuant to the requirements of the Agreement; (b) designing and implementing Notice to the Class by various electronic media as set forth in the Declaration of the Settlement Administrator attached to the Agreement as Exhibit "H" and pursuant to the requirements of the Agreement; (c) responding to requests from Class Counsel and/or Defense Counsel; and (d) otherwise implementing and/or assisting with the dissemination of the Notice of the Settlement as set forth in the Declaration of the Settlement Administrator attached as Exhibit "H" to the Agreement and pursuant to the requirements of the Agreement.

d)   The Settlement Administrator also shall be responsible for, without limitation, dissemination of Class Notice as set forth in the Declaration of the Settlement Administrator attached to the Agreement as Exhibit "H" and implementing the terms of the claim process and related administrative activities that include communications with Class Members concerning the Settlement, the claims process, and their options thereunder.  In particular, the Settlement Administrator shall be responsible for: (a) printing, emailing, mailing, or otherwise arranging for the mailing of the Class Notice in response to Class

Members' requests; (b) making any mailings required under the terms of the Agreement; (c) establishing and maintaining the Settlement Website that contains, *inter alia*, the Claim Form that can be completed and electronically submitted through the Settlement Website; (d) establishing a toll-free voice response unit with message and interactive voice response (IVR) capabilities to which Class Members may refer for information about the Actions and the Settlement; (e) receiving and maintaining any correspondence from Class Members regarding requests for exclusion and objections to the Settlement; (f) forwarding inquiries from Class Members to Class Counsel or their designee for a response, if warranted; (g) establishing a post office box for the receipt of Claim Forms, exclusion requests, and any correspondence; (h) reviewing Claim Forms according to the review protocols agreed to by the Parties and set forth in the Agreement and this Protocol; and (i) otherwise implementing and/or assisting with the claims review process and payment of Approved Claims.

e) The Settlement Administrator shall administer the Settlement in accordance with the terms of the Agreement and, without limiting the foregoing, shall:

    i.    Treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in the Agreement or by court order;

    ii.    Receive opt out and other requests and correspondence from Class Members to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt. If the Settlement Administrator receives any requests for exclusion from Class Members after the Opt-Out and Objection Deadline, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof; and

    iii.    Receive and maintain records of communications with and all correspondence from any Class Member regarding the Settlement.

f) The Settlement Administrator warrants that it knows of no reason why it cannot fairly and impartially administer the claims process set forth in the Agreement. The Settlement Administrator shall not process the claim of any Settlement Class Member if the Settlement Administrator, Artsana, Defense Counsel, or Class Counsel determines that there is a conflict of interest with respect to that claim. In the event that the Settlement Administrator, Artsana, Defense Counsel, or Class Counsel learns of a conflict of interest as to a claim, that Party or counsel shall give written notice to the other Parties, who shall address the conflict by further written agreement.

g) The Parties are entitled to observe and monitor the performance of the Settlement Administrator to assure compliance with the Agreement and this Protocol. The Settlement

Administrator shall promptly respond to all inquiries and requests for information made by Artsana, Defense Counsel, or Class Counsel.

h) The Settlement Administrator shall be reimbursed up to a maximum of Five Hundred Thousand Dollars ($500,000.00) toward reasonable and actual costs, fees, and expenses of providing Notice to the Class and administering the Settlement in accordance with the Agreement and this Protocol.

i) The costs of the Settlement Administrator shall be paid by Artsana pursuant to the terms of the Agreement.

## 2. Locating, Obtaining, and Submitting Claim Forms

a) The Claim Form, which is substantially similar to the form attached as Exhibit C to the Agreement, shall be available as part of the Class Notice on the Settlement Website, in response to requests through the toll-free voice response unit with message and interactive voice response (IVR), and also in response to requests made to the Settlement Administrator via email, U.S. mail, or other similar service. The Claim Form on the Settlement Website and the hard copy Claim Form shall be consistent in all substantive respects.

b) If the Settlement Class Member does not timely comply with the requirements of section VIII of the Agreement and/or is unable to produce documents to substantiate and/or verify the information on the Claim Form or the claim is otherwise not approved, the claim may be denied subject to the terms herein and in the Agreement.

c) Settlement Class Members may submit claims to the Settlement Administrator during the Claims Period in accord with the terms of the Agreement. As part of the claims process, Settlement Class Members shall be eligible for the relief provided in the Agreement if the Settlement Class Member completes and timely submits the Claim Form to the Settlement Administrator by the Bar Date, subject to the terms herein and in the Agreement.

d) Claim Forms may be submitted to the Settlement Administrator through U.S. mail or electronically through a web-based form via the Settlement Website.

e) The Settlement Administrator shall establish and maintain the Settlement Website, which shall be easily accessible through commonly used Internet Service Providers for the submission of Claim Forms. The Long Form Notice, Summary Notice, Claim Form, Stipulation of Settlement and its exhibits, Complaints, and all Court filings and orders relating to the Settlement (including relating to any requests for attorneys' fees and expenses) shall be available on the Settlement Website. The Settlement Website shall be designed to permit Settlement Class Members to readily and easily submit Claim Forms and obtain information about their rights and options under the Agreement. The Settlement Website shall be maintained continuously pursuant to the terms of the Agreement.

f) The Settlement Website shall also maintain a tool to enter a Settlement Class Member's name and mailing address (at the time of purchase), which would pre-populate Eligible Product details (model number, and/or model name, and/or serial number, and/or manufacturer date) into the Claim Form for Class Members whose name and address matches contact information in Artsana's applicable records.

g) The Settlement Administrator also shall establish a toll-free telephone number that will have recorded information answering frequently asked questions about certain terms of the Agreement, including, but not limited to, the claims process and instructions about how to request a Claim Form, Long-Form Notice, and/or Summary Notice.

**3. Claim Form Review and Processing**

a) The Settlement Administrator shall begin the claims process so that it is completed within the time period specified in the Agreement.  Settlement Class Members must submit their Claim Forms so that they are received (if submitted online) or mailed to the Settlement Administrator with a postmark date no later than the Bar Date. Claim Forms submitted by mail without a postmark date will be deemed to have been submitted when they are actually received by the Settlement Administrator.

b) Claim Forms that do not meet the requirements set forth in the Agreement and in the Claim Form instructions shall be rejected.  Where a good faith basis exists, the Settlement Administrator may reject a Settlement Class Member's Claim Form for, among other reasons, the following:

  i. The Class Member purchased products that are not Eligible Products or otherwise covered by the terms of the Agreement;

  ii. Failure to fully complete and/or sign the Claim Form;

  iii. Illegible Claim Form;

  iv. The product(s) purchased by the Class Member is (are) not reasonably identifiable as an Eligible Product from the proof of purchase or other information submitted by the Class Member, as required by Paragraphs 46 and 47 of the Agreement;

  v. The Claim Form appears to be fraudulent;

  vi. The Claim Form appears to be duplicative of another Claim Form;

  vii. The person submitting the Claim Form is not a Class Member;

viii.    The person submitting the Claim Form requests that payment be made to a person or entity other than the Class Member for whom the Claim Form is submitted;

ix.    Failure to submit a Claim Form by the Bar Date (either by electronic submission or postmark); and/or

x.    The Claim Form otherwise does not meet the requirements of the Agreement.

c)    The Settlement Administrator shall determine whether a Claim Form meets the requirements set forth in the Agreement.  Each Claim Form shall be submitted to and reviewed by the Settlement Administrator within a reasonable time to determine (in accordance with the Agreement and this Protocol) the extent, if any, to which each claim shall be allowed.  The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all cash payments provided to Class Members.

d)    Claim Forms that do not meet the terms and conditions of the Agreement shall be promptly rejected by the Settlement Administrator.  The Settlement Administrator shall have thirty (30) days from the end of the Claim Period to exercise the right of rejection.  The Settlement Administrator shall notify the Class Member using the contact information provided in the Claim Form of the rejection.  Class Counsel and Defense Counsel shall be provided with copies of all such notifications to Class Members.

e)    The Settlement Administrator shall determine, after consultation with Class Counsel and Defense Counsel, whether to allow a Class Member an opportunity to cure a deficient Claim Form and/or to provide additional information and/or documentation to validate the claim and have it submitted for approval and payment.  In the event the Class Member timely and adequately addresses a deficient Claim Form or provides the requested information and/or documentation, the claim shall be deemed valid and shall be processed by the Settlement Administrator for payment.

f)    If any Claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the Claimant must, within ten (10) business days from receipt of the rejection, transmit to the Settlement Administrator by email or U.S. mail a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the claim.  The Settlement Administrator shall provide to Class Counsel or Defense Counsel, upon request, all information gathered in investigating claims, including, but not limited to, copies of all correspondence and email.  If Class Counsel and Defense Counsel cannot agree on a resolution of the Claimant's notice contesting the rejection, the

Settlement Administrator shall have the discretion to assess, in good faith, the validity of the disputed claim.

g) The Settlement Administrator shall provide weekly updates of claims information to the Parties.  In addition, at least fifty (50) days before the filing of Class Counsel's Motion for Attorneys' Fees and Expenses (*i.e.*, at least sixty (60) days before the Opt-Out and Objection Deadline), the Settlement Administrator shall provide a spreadsheet to Class Counsel and Defense Counsel that contains information sufficient to determine:  (a) the number of Settlement Class Members who submitted Claim Forms (without identifying the Claimants); (b) the number of submitted Claim Forms that are valid, and which were rejected; (c) the number of submitted Claim Forms that the Settlement Administrator intends to treat as Approved Claims; and (d) the number of submitted Claim Forms that the Settlement Administrator has denied and the reason(s) for the denials.  The Settlement Administrator shall provide an updated spreadsheet containing the same categories of information at least ten (10) days before the filing of Class Counsel's Motion for Attorneys' Fees and Expenses (*i.e.*, at least twenty (20) days before the Opt-Out and Objection Deadline).  The Settlement Administrator shall provide another updated spreadsheet containing the same categories of information at least ten (10) days before the Fairness Hearing.  The Settlement Administrator shall provide supplemental spreadsheets with respect to any Claim Forms submitted after the Bar Date, within a reasonable time after receiving such Claim Forms.  Defense Counsel and Class Counsel shall have fourteen (14) days after receiving the spreadsheet(s) and information specified in this Paragraph to contest the Settlement Administrator's determination with respect to any of the submitted Claim Forms.  Defense Counsel and Class Counsel shall begin to meet and confer in good faith within seven (7) days of receiving the spreadsheet(s) to reach resolution of any such disputed claim(s).

h) Class Counsel and Defense Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

## 4. Claim Calculation and Payment of Valid Claims

a) The relief to be provided to eligible Settlement Class Members shall be as set forth in the Agreement.

b) As specified in the Agreement, the Settlement Administrator shall select the timely, valid, and Approved Claims submitted pursuant to the claims process to be paid, pursuant to the terms of the Agreement.

c) No later than thirty (30) calendar days after the Effective Date, Artsana shall pay all benefits due to Class Members pursuant to Paragraphs 46 and 47 of the Agreement.  The Settlement Administrator shall assist Artsana in directing payments to Class Members, which shall be issued predominantly through electronic distribution, or if necessary in the

form of checks that are mailed to the addresses provided on the submitted Claim Forms to those Class Members for which electronic distribution is not available.  The checks shall have a stale date of XXXX (XX) days, during which period the checks must be cashed.

d)  The Settlement Administrator shall distribute benefits to eligible Class Members on a date that occurs only after the Effective Date.

e)  If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to the Agreement, except for the costs and expenses of the Settlement Administrator, for which Artsana is solely responsible.

## 5. Notification of Settlement Payments

a)  Upon the completion of the Settlement claims process, Claimants shall be able to go to the Settlement Website or otherwise contact the Settlement Administrator for information about their individual settlement payments.

# EXHIBIT G

To:      [Settlement Class Member Email Address]
From:    Chicco Booster Seat Settlement Administrator
Subject: Notice of Proposed Class Action Settlement

**Notice ID:**
**Confirmation Code:**

You are receiving this notice because records show that you purchased a Chicco "Kid Fit" booster seat or you may have registered the booster seat with Chicco or the National Highway Traffic Safety Administration (NHTSA), and you may be eligible for a settlement payment under the terms of a recent class action settlement.

## <u>LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

### If You Purchased a Chicco "KidFit" Booster Seat Between April 22, 2015 and December 31, 2021, You May Be Eligible for a Payment of Up to $50 from a Class Action Settlement

*A court has authorized this notice. This is not a solicitation from a lawyer.*

**What Is This Notice About?**   A Settlement has been reached with Artsana USA, Inc. ("Artsana") in a class action lawsuit about Artsana's Chicco-branded "KidFit" booster seats.   The lawsuit alleges that Artsana misrepresented the minimum weight requirement for and side-impact collision protection provided by its Chicco "KidFit" booster seats.   Artsana denies these allegations.   The Court did not rule in favor of Plaintiffs or Defendant.   Instead, the parties agreed to a settlement to avoid the expense and risks of continuing the lawsuit. The settlement is *not* an admission of wrongdoing by Artsana.

**Am I a Class Member?**   You are a Class Member if you purchased a Chicco "KidFit" branded booster seat, which includes the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus models, between April 22, 2015 and December 31, 2021 (the "Eligible Product(s)").

**What Benefit Can I Get from the Settlement?**   Class Members who submit a timely and valid Claim Form will receive a cash benefit as set forth below.   Class Members who submit a valid Claim Form and either (1) purchased an Eligible Product directly from www.chiccousa.com, (2) registered an Eligible Product with Artsana or the National Highway Traffic Safety Administration (NHTSA), or (3) provide other proof of purchase will receive a cash payment of $50.   Class Members who submit a valid Claim Form without proof of purchase will receive a cash payment of $25.   Visit [Website URL] for more information about the cash benefits.

**What are My Options?**

- **You Can Accept the Settlement.**   If you wish to receive the benefits under the Settlement, you must complete and submit a Claim Form by **Bar Date**.   Claim Forms may be submitted online at [Website URL] or printed from the Settlement Website and mailed to the Settlement Administrator postmarked no later than **Bar Date**.   You can obtain a Claim Form:   (1) on the Internet at [Website URL]; or (2) by calling the Settlement Administrator at 1-800-XXX-XXXX; or (3) by mailing a written request for a Claim Form, including your name and mailing address, by regular mail to: _____ . If you fail to timely submit a Claim Form and do not exclude yourself from the Settlement, then you will be bound by the Settlement but will not receive any benefits of the Settlement.

- **You Can Ask to be Excluded from the Class?**   If you do not wish to participate in this Settlement, you

must provide written notice so indicating.  Such notice must include your name, address, and telephone number.  The written request to be excluded must be **mailed postmarked no later than Opt-Out and Objection Deadline**, or you will not be able to sue, or continue to sue, Artsana about the claims and allegations in this case.  Refer to the Settlement Website and the Long Form Notice for information and instructions on how to exclude yourself.

- **You Can Object to the Settlement.**  If you want to stay in the Settlement Class, but don't like any part of it, you can object to the Settlement.  To object, you must file a written objection with the Clerk of the Court for the United States District Court for the Southern District of New York and send copies to the attorneys representing the Class and Artsana **no later than Opt-Out and Objection Deadline**.  Refer to the Settlement Website and the Long Form Notice (available at [Website URL]) for information and instructions on how to object.

**The Court's Fairness Hearing.**  The Court will hold a "Fairness Hearing" to decide whether to approve the Settlement on **DATE** at **TIME** in Courtroom 620**,** located at The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150.  At this hearing, the Court will decide whether it will finally approve all terms of the settlement, including attorneys' fees, costs and expenses, and service awards for Plaintiffs.  The motion for attorneys' fees, costs and expenses will be posted on the [Website URL] after they are filed.  The Court will also review any objections to the Settlement at the hearing.  You may appear at the Fairness Hearing at your own expense but aren't required to do so.  The date of the hearing may change without further notice so please visit [Website URL] for updated information.

**To File a Claim or to Get More Information,** please visit the Settlement Website at [Website URL] or call toll free **1-800-XXX-XXXX.**  You may also contact Class Counsel by emailing: XXXX@XXXXX.com, or by writing to: Chicco KidFit Booster Class Action Settlement, c/o Angeion Group, 1650 Arch St #2210, Philadelphia, PA 19103.  In addition, you can access the Court docket in this case, for a fee, through the Court's PACER site at https://ecf.cand.uscourts.gov. Please do not contact the Court or Clerk for information.

**By order of the United States District Court for the Southern District of New York**

*Unsubscribe*

# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
JIMENEZ, *individually and on behalf of all*                :
*others similarly situated*,                                :
                                                            :
                        Plaintiff,                          :
                                                            :
            v.                          : No. 21-cv-7933
                                                            :
ARTSANA USA, INC.,                                          :
                                                            :
                        Defendant.                          :
                                                            :


**DECLARATION OF STEVEN WEISBROT, ESQ. REGARDING
ANGEION GROUP, LLC'S QUALIFICATIONS AND IMPLEMENTATION
OF THE NOTICE PLAN**

I, Steven Weisbrot, hereby declare as follows:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion").   Angeion specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

2.      I have personal knowledge of the facts and matters stated herein.   In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history.   I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, and Claims Administration, generally.   I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB"), and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.

5.      I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.      Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement

2

administrator.  Prior to my notice and claims administration experience, I was employed in private law practice.

7.      My notice work comprises a wide range of class actions that include data breach, mass disasters, product defect, false advertising, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.      I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs.  Accordingly, courts have repeatedly recognized my work in the design of class action notice programs.  A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.      By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies.  Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members.  The executive profiles as well as the company overview are available at https://www.angeiongroup.com/our_team.php.

10.     As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

11.     This declaration will describe the Notice Plan for the Class that, if approved by the Court, Angeion will implement in this matter, including the considerations that informed the development of the plan and why we believe it will provide due process to Class Members.  In my professional opinion, the proposed Notice Plan described herein is the best practicable notice under the circumstances and fulfills all due process requirements, fully comporting with Fed. R. Civ. P. 23.

## OVERVIEW OF THE NOTICE PLAN

12.     The proposed Notice Plan provides for direct notice combined with a robust media campaign consisting of publication notice, state-of-the-art targeted internet notice, social media notice, search engine marketing, and a press release.  The Notice Plan further provides for the implementation of a dedicated settlement website and toll-free telephone line where Class Members can learn more about their rights and options pursuant to the terms of the Settlement.

13.     As discussed in greater detail below, the media campaign component of the Notice Plan is designed to deliver an approximate 85.33% reach with an average frequency of 4.73 times.  This number is calculated using objective syndicated advertising data relied upon by most advertising agencies and brand advertisers.  It is further verified by sophisticated media software and calculation engines that cross reference which media is being purchased with the media habits of our specific Target Audience.  What this means in practice is that 85.33% of our Target Audience will see a digital advertisement concerning the Settlement an average of 4.73 times each.  The 85.33% reach is separate and apart from the direct notice efforts, press release, dedicated website and toll-free telephone line, which are difficult to measure in terms of reach percentage but will nonetheless provide awareness and further diffuse news of the Settlement to Class Members.

14.     The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm."  Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide or Judges," at 27 (3d Ed. 2010).

## DIRECT NOTICE

**Email Notice**

15.     As part of the Notice Plan, Angeion will send direct email notice to Class Members who have valid email addresses obtained from Defendant's internal records, including Class Members who purchased Eligible Products from Artsana or registered their booster seat with

Artsana or the National Highway Traffic Safety Administration (NHTSA). Angeion designs the email notice to avoid many common "red flags" that might otherwise cause a Class Members' spam filter to block or identify the email notice as spam. For example, Angeion does not include attachments like the Long Form Notice to the email notice, because attachments are often interpreted by various Internet Service Providers ("ISP") as spam.

16.      Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt. Therefore, after the initial noticing campaign is complete, Angeion, after an approximate 24- to 72-hour rest period (which allows any temporary block at the ISP level to expire) causes a second round of email noticing to continue to any email addresses that were previously identified as soft bounces and not delivered. In our experience, this minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

17.      At the completion of the email campaign, Angeion will report to the Court concerning the rate of delivered emails accounting for any emails that are blocked at the ISP level. In short, the Court will possess a detailed, verified account of the success rate of the entire direct email notice campaign.

**Mailed Notice**

18.      As part of the Notice Plan, Angeion will send notice, via first class U.S. Mail, postage pre-paid, to Class Members who have mailing address information provided on the Class List.

19.      In administering the Notice Plan in this action, Angeion will employ the following best practices to increase the deliverability rate of the mailed Notices. Angeion will cause the mailing address information for members of the Class to be updated utilizing the National Change of Address ("NCOA") database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the United States Postal Service ("USPS").

20.      Notices returned to Angeion by the USPS with a forwarding address will be re-

mailed to the new address provided by the USPS and the class member database will be updated accordingly.

21.     Notices returned to Angeion by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses.

22.     For any Class Members where a new address is identified through the skip trace process, the class member database will be updated with the new address information and a Notice will be re-mailed to that address.

## **MEDIA NOTICE**

**Programmatic Display Advertising**

23.     Angeion will utilize a form of internet advertising known as Programmatic Display Advertising,[1] which is the leading method of buying digital advertisements in the United States, to provide notice of the Settlement to Class Members.   In laymen's terms, programmatic advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones, and tablets).   The media notice outlined below is strategically designed to provide notice of the Settlement to these individuals by driving them to the dedicated website where they can learn more about the Settlement, including their rights and options.

24.     To develop the media notice campaign and to verify its effectiveness, our media team analyzed data from 2021 comScore Multi-Platform//GfK MRI Media + Fusion[2] to profile the

---

[1] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences.  It has been reported that U.S. advertisers spent nearly $105.99 billion on programmatic display advertising in 2021, and it is estimated that approximately $123.22 billion will be spent on programmatic display advertising 2022.  *See* https://www.emarketer.com/content/us-programmatic-digital-display-ad-spending-2022.

[2] GfK MediaMark Research and Intelligence LLC ("GfK MRI") provides demographic, brand preference, and media-use habits, and captures in-depth information on consumer media choices, attitudes, and consumption of products and services in nearly 600 categories.  comSCORE, Inc. ("comSCORE") is a leading cross-platform measurement and analytics company that precisely measures audiences, brands, and consumer behavior, capturing 1.9 trillion global

class and arrive at an appropriate Target Audience based on criteria pertinent to this Settlement. Specifically, the following syndicated research definition was used to profile potential Class Members: **Baby Furniture & Equipment – Bought: Jump Seat Now Owns**.

25.     Based on the target definition used, the size of the Target Audience for the media notice campaign is approximately 5,553,000 individuals.  It is important to note that the Target Audience is distinct from the class definition, as is commonplace in class action notice plans. Utilizing an overinclusive proxy audience maximizes the efficacy of the notice plan and is considered a best practice among media planners and class action notice experts alike.  Using proxy audiences is also commonplace in both class action litigation and advertising generally.[3]

26.     Additionally, the Target Audience is based on objective syndicated data, which is routinely used by advertising agencies and experts to understand the demographics, shopping habits, and attitudes of the consumers that they are seeking to reach.[4]  Using this form of objective data will allow the parties to report the reach and frequency to the Court, with the confidence that the reach percentage and the number of exposure opportunities complies with due process and exceeds the Federal Judicial Center's threshold as to reasonableness in notification programs. Virtually all professional advertising agencies and commercial media departments use objective syndicated data tools, like the ones described above, to quantify net reach.  Sources like these guarantee that advertising placements can be measured against an objective basis and confirm that reporting statistics are not overstated.  They are ubiquitous tools in a media planner's arsenal and are regularly accepted by courts in evaluating the efficacy of a media plan, or its component parts.

---

interactions monthly.  comSCORE's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reach more effectively.  comSCORE operates in more than 75 countries, including the United States, serving over 3,200 clients worldwide.

[3] If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number.  The percentage of the population reached by supporting media can then be established.  Duke Law School, GUIDELINES AND BEST PRACTICES IMPLEMENTING 2018 AMENDMENTS TO RULE 23 CLASS ACTION SETTLEMENT PROVISIONS, at 56.

[4] The notice plan should include an analysis of the makeup of the class.  The target audience should be defined and quantified.  This can be established through using a known group of customers, or it can be based on a proxy-media definition.  Both methods have been accepted by the courts and, more generally, by the advertising industry, to determine a population base.  *Id.*

Understanding the socio-economic characteristics, interests, and practices of a target group aids in the proper selection of media to reach that target.  Here, the Target Audience has been reported to have the following characteristics:

- 73.63% are ages 25-44, with a median age of 32.9 years old

- 54.61% are female

- 74.45% are now married

- 90.77% have children

- 39.68% have received a bachelor's or post-graduate degree

- 55.57% are currently employed full time

- The average household income is $88,085

- 92.86% have used social media in the last 30 days

27.     To identify the best vehicles to deliver messaging to the Target Audience, the media quintiles, which measure the degree to which an audience uses media relative to the general population, were reviewed.  Here, the objective syndicated data shows that members of the Target Audience spend an average of approximately 31.7 hours per month on the internet.

28.     Given the strength of digital advertising, as well as our Target Audience's consistent internet use, we recommend utilizing a robust internet advertising campaign to reach Class Members.  This media schedule will allow us to deliver an effective reach level and a vigorous frequency, which will provide due and proper notice to the Class.

29.     Multiple targeting layers will be implemented into the programmatic campaign to help ensure delivery to the most appropriate users, inclusive of the following tactics:

- <u>Look-a-like Modeling</u>:  This technique utilizes data methods to build a look-a-like audience against known Class Members.

- <u>Predictive Targeting</u>:  This technique allows technology to "predict" which users will be served the advertisement about the settlement.

- <u>Audience Targeting</u>:  This technique utilizes technology and data to serve the impressions to the intended audience based on demographics, purchase behaviors,

8

and interests.

- <u>Site Retargeting</u>: This technique is a targeting method used to reach potential Class Members who have already visited the dedicated case website while they browse other pages. This allows Angeion to provide a potential Class Member sufficient exposure to an advertisement about the Settlement.

- <u>Geotargeting</u>: The campaign will be targeted nationwide. If sufficient data is available, the campaign will leverage a weighted delivery based on the geographic spread of the Target Audience throughout the country.

- <u>Site Targeting</u>: The campaign will target parents of teenagers, whose children might have been affected by the Class. We will look at parent focused placements, such as "Mommy Blog" sites.

30.     To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, Angeion employs Oracle's BlueKai, Adobe's Audience Manger and/or Lotame, which are demand management platforms ("DMP").  DMPs allow Angeion to learn more about the online audiences that are being reached.  Further, online ad verification and security providers such as Comscore Content Activation, DoubleVerify, Grapeshot, Peer39, and Moat will be deployed to provide a higher quality of service to ad performance.

**Social Media Notice**

31.     Angeion's proposal includes a social media advertising campaign, which will utilize Facebook and Instagram, two of the leading social media platforms in the United States. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on the social media platforms, capitalizing on the Target Audience's propensity to engage in social media (92.86% of the Target Audience have used social media in the last 30 days).

32.     The social media campaign will utilize specific tactics to further qualify and deliver impressions to the Target Audience.  We will use Facebook Marketing platform and its technology

9

to serve ads on both Facebook and Instagram against the Target Audience.  Look-a-like modeling allows the use of consumer characteristics to serve ads.  Based on these characteristics, we can build different consumer profile segments to ensure the notice plan messaging is delivered to the proper audience.  Conquesting, a means to deploy digital advertising, allows ads to be served in relevant placements to further alert prospective Class Members.  The social media ads will be targeted nationwide.  If sufficient data is available, the campaign will leverage a weighted delivery based on the geographic spread of the Target Audience throughout the country.

33.     The social media campaign will utilize banner ads on Facebook and Instagram desktop sites, mobile sites, and mobile apps.

**Search Engine Marketing**

34.     The Notice Plan also includes a paid search campaign on Google to help drive Class Members who are actively searching for information about the Settlement to the dedicated Settlement Website.  Paid search ads will complement the programmatic and social media campaigns, as search engines are frequently used to locate a specific website, rather than a person typing in the URL.  Search terms would relate to not only the Settlement itself but also the subject-matter of the litigation.  In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the Settlement, litigation, or other terms related to the Settlement, that individual could be served with an advertisement directing them to the Settlement Website.

**Publication**

35.     The Notice Plan also includes publication in *People* magazine.  Notice of the litigation would be published in a half page, black and white ad.  A chart showing the circulation of *People* and its circulation amongst the target audience is below:

| Publication | Circulation | Target Audience |
|---|---|---|
| *People* | 3.4 million | 36.2 million |

10

**Press Release**

36.    Angeion will cause a press release to be distributed over the national circuit on PR Newswire to further diffuse news of the Settlement.   This press release, with a reach of approximately 15,000 media outlets (including English and Spanish language outlets), will help garner "earned media" (*i.e.*, other media outlets and/or publications will report the story) to supplement the direct notice and media notice efforts outlined herein, which will lead to increased awareness and participation amongst members of the Settlement Class.

## SETTLEMENT WEBSITE & TOLL-FREE TELEPHONE SUPPORT

37.    The Notice Plan will also implement the creation of a case-specific website, where Class Members can easily view general information about this class action Settlement, find answers to frequently asked questions ("FAQs"), review relevant Court documents, and view important dates and deadlines pertinent to the Settlement.   The Settlement Website will be designed to be user-friendly and make it easy for Class Members to find information about the case.   The Settlement Website will also have a "Contact Us" page whereby Class Members can send an email with any additional questions to a dedicated email address.   Likewise, Class Members will also be able to complete and submit a claim form online via the Settlement Website.

38.    A toll-free hotline devoted to this case will be implemented to further apprise Class Members of their rights and options pursuant to the terms of the Settlement.   The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Class Members with responses to frequently asked questions and provide essential information regarding the Settlement.   This hotline will be accessible 24 hours a day, 7 days a week.   Additionally, Class Members will be able to request a copy of the Notice or Claim Form via the toll-free hotline.

## REACH AND FREQUENCY

39.    This declaration describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy.   The reach percentage exceeds the guidelines as set forth in the Federal Judicial Center's Judges' Class

Action Notice and Claims Process Checklist and Plain Language Guide to effectuate a notice program which reaches a high degree of class members.

40.     Specifically, the media portions of the Notice Plan are designed to deliver an approximate 85.33% reach with an average frequency of 4.73 times each.  The 85.33% reach does not include the direct notice efforts, press release, dedicated settlement website, or toll-free hotline, which are not calculable in reach percentage but will nonetheless aid in informing Class Members of their rights and options under the Settlement.

## CONCLUSION

41.     The Notice Plan outlined above includes direct notice combined with state-of-the-art internet advertising, a comprehensive social media campaign, search engine marketing campaign, and print publication.  Further, the Notice Plan provides for the implementation of a dedicated settlement website and toll-free hotline to further inform Class Members of their rights and options in the Settlement.

42.     In my professional opinion, the Notice Plan described herein will provide full and proper notice to Class Members before the claims, opt-out, and objection deadlines.  Moreover, it is my opinion that the Notice Plan is the best notice that is practicable under the circumstances, and fully comports with due process and Fed. R. Civ. P. 23.  After the Notice Plan has concluded, Angeion will provide a final report verifying its effective implementation to this Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.


Dated:  January 5, 2023

STEVEN WEISBROT

12

# Exhibit A



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support



# Judicial Recognition

© Angeion Group, LLC



*IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION*

**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021):  Angeion undertook a comprehensive notice campaign…The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

*IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION*

**Case No. 1:20-cv-04699**

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (October 1, 2021):  The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Steven Weisbrot on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23, and due process.

*IN RE: GOOGLE PLUS PROFILE LITIGATION*

**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members…

*IN RE: FACEBOOK INTERNET TRACKING LITIGATION*

**Case No. 5:12-md-02314**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 31, 2022): The Court approves the Notice Plan, Notice of Proposed Class Action Settlement, Claim Form, and Opt-Out Form, which are attached to the Settlement Agreement as Exhibits B-E, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee and Expense Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

# JUDICIAL RECOGNITION



*CITY OF LONG BEACH v. MONSANTO COMPANY*
**Case No. 2:16-cv-03493**

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

*STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC*
**Case No. 3:20-cv-00903**

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice…Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

*WILLIAMS v. APPLE INC.*
**Case No. 3:19-cv-0400**

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

*CLEVELAND v. WHIRLPOOL CORPORATION*
**Case No. 0:20-cv-01906**

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances…The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

*RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.*
**Case No. 5:19-cv-04596**

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

*CAMERON v. APPLE INC.*
**Case No. 4:19-cv-03074**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

*RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS*
**Case No. 2:18-cv-07241**

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website...The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)...

*JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.*
**Case No. 2:15-cv-01219**

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish),

and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### NELLIS v. VIVID SEATS, LLC
**Case No. 1:20-cv-02486**

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation…(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### PELLETIER v. ENDO INTERNATIONAL PLC
**Case No. 2:17-cv-05114**

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### BIEGEL v. BLUE DIAMOND GROWERS
**Case No. 7:20-cv-03032**

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action…and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

# JUDICIAL RECOGNITION



### *QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS*
### Case No. 37-2019-00017834-CU-NP-CTL

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### *HOLVE v. MCCORMICK & COMPANY, INC.*
### Case No. 6:16-cv-06702

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021):  The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### *CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
### Case No. 1:20-cv-03962

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021):  The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### *PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC*
### Case No. 3:19-cv-00167

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021):  Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

*IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)*
**Case No. 6:20-md-02977**

The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021): The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan…The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

*ROBERT ET AL. v. AT&T MOBILITY, LLC*
**Case No. 3:15-cv-03418**

The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021): The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action …(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

*PYGIN v. BOMBAS, LLC*
**Case No. 4:20-cv-04412**

The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021): The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

*WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.*
**Case No. 1:20-cv-23564**

The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021): The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices

substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

### NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION
**Case No. CV03-20-00831, CV03-20-03221**
The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it...The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

### IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION
**Case No. 3:20-cv-00812**
The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

### IN RE: PEANUT FARMERS ANTITRUST LITIGATION
**Case No. 2:19-cv-00463**
The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

### BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.
**Case No. 2:19-cv-13554**
The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

### IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION
**Case No. 2:19-mn-02886**
The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020):  The proposed Notice provides the best notice practicable under the

circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

## ADKINS ET AL. v. FACEBOOK, INC.
**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020):  Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

## IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION
**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020):  The Court finds and determines that mailing the Summary Notice  and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

## MARINO ET AL. v. COACH INC.
**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

# JUDICIAL RECOGNITION



**BROWN v. DIRECTV, LLC**

**Case No. 2:13-cv-01170**

The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.


*IN RE: SSA BONDS ANTITRUST LITIGATION*

**Case No. 1:16-cv-03711**

The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.


*KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.*

**Case No. 4:18-cv-00430**

The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020):  The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.


*HESTER ET AL. v. WALMART, INC.*

**Case No. 5:18-cv-05225**

The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.


*CLAY ET AL. v. CYTOSPORT INC.*

**Case No. 3:15-cv-00165**

The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

*GROGAN v. AARON'S INC.*

**Case No. 1:18-cv-02821**

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

*CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*

**Case No. D-202-CV-2001-00579**

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

*SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*

**Case No. 4:16-cv-02200**

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness

website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### *HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC*
### Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### *CORCORAN, ET AL. v. CVS HEALTH, ET AL.*
### Case No. 4:15-cv-03504

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):   Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

### PATORA v. TARTE, INC.
**Case No. 7:18-cv-11760**

The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019): The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.
**Case No. 2:16-cv-00633**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019): The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

### CORZINE v. MAYTAG CORPORATION, ET AL.
**Case No. 5:15-cv-05764**

The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019): The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

### MEDNICK v. PRECOR, INC.
**Case No. 1:14-cv-03624**

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019): Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified

through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

### GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.
### Case No. 1:18-cv-20048

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### ANDREWS ET AL. v. THE GAP, INC., ET AL.
### Case No. CGC-18-567237

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### COLE, ET AL. v. NIBCO, INC.
### Case No. 3:13-cv-07871

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this..., (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

### DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.
### Case No. 1:14-cv-14744

The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the

requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
### Case No. 3:17-md-02777

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice…practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### *RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY*
### Case No. 1:15-cv-04519

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### *MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.*
### Case No. 7:16-cv-06981

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr.

Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

### IN RE: OUTER BANKS POWER OUTAGE LITIGATION
**Case No. 4:17-cv-00141**

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

### GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.
**Case No. 7:13-cv-03073**

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### HALVORSON v. TALENTBIN, INC.
**Case No. 3:15-cv-05166**

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation;

of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

### *IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION*
### MDL No. 2669/Case No. 4:15-md-02669

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.


The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.


### *TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.*
### Case No. 1:15-cv-00912

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*
**Case No. 1:14-md-02583**

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

*ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC*
**Case No. 384003V**

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].

*IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION*
**Case No. 2:08-cv-00051**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

*FENLEY v. APPLIED CONSULTANTS, INC.*

**Case No. 2:15-cv-00259**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of *the efforts of Angeion were highly successful and fulfilled all of those requirements* [emphasis added].

*FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.*

**Case No. 1:15-cv-08372**

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

*IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION*

**MDL No. 2001/Case No. 1:08-wp-65000**

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

*SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.*

**Case No. 2:09-cv-08394**

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to

the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### *FERRERA, ET AL. v. SNYDER'S-LANCE, INC.*
### Case No. 0:13-cv-62496
The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016):  The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

### *IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION*
### MDL No. 2328/Case No. 2:12-md-02328
The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014):  To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### *SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.*
### Case No. 0:13-cv-61747
The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall

Case 7:21-cv-07532-VB   Document 42-1   Filed 01/17/23   Page 156 of 156

constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

*OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*
**Case No. 3:14-cv-00645**
The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.