UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

JIMENEZ, *individually and on behalf of all others similarly situated*,

        Plaintiff,

   v.

ARTSANA USA, INC.,

        Defendant.

--------------------------------------------------------------x

No. 21-cv-7933-VB

# [PROPOSED] AMENDED ORDER
## GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**WHEREAS**, the Named Plaintiffs and Defendant Artsana USA, Inc. entered into a Settlement Agreement (Dkt. No. 42-1) on January 17, 2023, which, together with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this litigation and for its dismissal with prejudice;

**WHEREAS**, this Court has reviewed the settlement agreement entered into by the parties, all exhibits thereto, the record in this case (as well as in *Sayers v. Artsana*, No. 5:21-cv-01876 (E.D. Pa.)), and the parties' arguments;

**WHEREAS**, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Named Plaintiffs and Class Counsel are adequate representatives of the Settlement Class;

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1. All terms and definitions used in this Order have the same meanings as set forth in the settlement agreement.

2. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

**Preliminary Certification of Settlement Class for Purpose of Settlement Only**

3. The settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in paragraph 9 of the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> All persons and entities in the United States, its territories, and/or its possessions who purchased one or more of the Eligible Products (*i.e.*, Artsana booster seats marketed under the "KidFit" branding, which includes the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus) during the Class Period (*i.e.*, April 22, 2015 to December 31, 2021).

2

Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Artsana or its subsidiaries and affiliated companies; (b) persons or entities that purchased the Eligible Products primarily for the purposes of resale; (c) governmental entities; (d) persons and entities that timely and properly exclude themselves from the Class as provided in this settlement; (e) persons and entities that purchased the Eligible Products via the Internet or other remote means while not residing in the United States; and (f) the Court, the Court's immediate family, and Court staff.

4. If the settlement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, this Order (including but not limited to the certification of the class) shall be vacated, null and void, and of no force or effect, and Artsana and Plaintiffs shall be entitled to make any arguments for or against certification for litigation purposes.

5. Class Counsel and the Named Plaintiffs are appointed as adequate representatives of the Settlement Class.

### Notice to the Settlement Class

6. The Court approves the Claim Form, Long Form Notice, and Summary Notice, which are attached to the Settlement Agreement as Exhibits C, E, and G, respectively, and finds that their dissemination substantially in the manner and form set forth in the settlement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed settlement (including the releases contained therein), the anticipated Motion for Attorneys' Fees and/or Expenses and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed settlement.

7. By February 6, 2023, Artsana shall, for the purpose of facilitating the distribution of the Summary Notice, conduct a reasonable search of its records to identify the names, email

addresses, mailing addresses, and serial numbers for the members of the Settlement Class and provide them to the Settlement Administrator.

8. By March 8, 2023, the Settlement Administrator shall complete the distribution of the email and/or postcard notices to the members of the Settlement Class, and establish the Settlement Website which shall contain all documents relating to the settlement, including the settlement, the Class Notice, the Summary Notice, the Claim Form, and all motion papers and Court orders relating to preliminary and final approval of the settlement. The Settlement Administrator will cause notice (in the form of the Long Form Notice or Summary Notice) to be provided, as agreed to by the parties in the settlement and the Exhibits attached thereto.

## SETTLEMENT ADMINISTRATION

9. The Court appoints Angeion Group to serve as the Settlement Administrator. Angeion Group shall supervise and administer the notice procedures, establish and operate the Settlement Website, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the settlement and the Exhibits attached thereto, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement.

10. All reasonable costs of notice and costs of administering the settlement shall be paid by Artsana.

11. Settlement Class Members who wish to make a Claim must do so by submitting a Claim Form by the Bar Date, in accordance with the instructions contained in the settlement. The Settlement Administrator shall determine the eligibility of Claims submitted and distribute payment in accordance with the settlement.

12. Settlement Class Members who have not timely filed a request for exclusion may object to the settlement. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and must provide: (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing; (e) their signature; (f) the case name and case number (*Jimenez v. Artsana USA, Inc.*, Case No. 7:21-cv-

4

07933-VB); (g) a statement of his or her membership in the Class, including a verification under oath of Eligible Product(s) purchased and, to the extent known, the location, approximate date, and identity of the retailer from which they purchased; (h) the case name and number of any other case in which they have objected in the last five (5) years; (i) the identity of any current or former lawyer who may be entitled to compensation for any reason related to the objection; and (j) a statement of whether the objector or the objector's attorney intends to appear at the Fairness Hearing. The objections must be sent to the following addresses, and received by September 7, 2023:

| Court<br>(by U.S. Mail or ECF) | Settlement Administrator<br>(by U.S. Mail or e-mail) |
|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>300 Quarropas Street<br>White Plains, New York 10601-4150<br><br>OR<br><br>The Court' Case Management/Electronic Case Files ("CM/ECF") system | Chicco Booster Seat Settlement<br>Attn: Objections<br>P.O. Box 58220<br>Philadelphia, PA 19102<br><br>OR<br><br>objections@boosterseatsettlement.com |
| **Class Counsel<br>(by U.S. Mail or email)** | **Defense Counsel (by U.S. Mail or e-mail)** |
| Martha Geer<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>900 W. Morgan Street<br>Raleigh, NC 27603<br><br>OR<br><br>mgeer@milberg.com;<br>sspangenburg@milberg.com | Christopher Chorba<br>Jeremy Smith<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071<br><br>OR<br><br>CChorba@gibsondunn.com;<br>JSSmith@gibsondunn.com |

13. Any putative member of the Settlement Class who seeks to be excluded from the Settlement Class must submit a request for exclusion, in accordance with the procedures set forth in the Settlement Agreement and Notice, to the address below, which must be received by the

Settlement Administrator by September 7, 2023:

| Settlement Administrator |
|---|
| Chicco Booster Seat Settlement<br>Attn: Exclusions<br>P.O. Box 58220<br>Philadelphia, PA 19102 |

Any member of the Settlement Class who does not file a valid and timely request for exclusion shall be bound by the final judgment dismissing the Action on the merits with prejudice.

14.     The Final Hearing shall be held by the Court on October 12, 2023, beginning at 10:00 a.m., to determine whether the requirements for certification of the Settlement Class have been met; whether the proposed settlement of the Action on the terms set forth in the settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Class Counsel's motion or application for Attorneys' Fees and Expenses and application for the Named Plaintiff Service Awards should be approved; and whether final judgment approving the settlement and dismissing the Action on the merits with prejudice against the Named Plaintiffs and all other Settlement Class Members should be entered.  The Final Hearing may, without further notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Hearing), be continued or adjourned by order of the Court.

15.     Objections by any Settlement Class Member to (a) the certification of the Settlement Class; (b) the settlement; and/or (c) the entry of the Final Approval Order and Final Judgment, shall be considered by the Court at the Final Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a Settlement Class Member, states the basis for such objections, and serves copies of the foregoing and any other papers in support of such objections on the Settlement Administrator, as provided in paragraph 12.

16.     By August 28, 2023, at least forty-five (45) days before the date noted in paragraph 14, Class Counsel shall file all papers in support of the application for the Final

Approval Order and Final Judgment, any Motion for Attorneys' Fees and/or Expenses and/or for Named Plaintiff Service Awards, and/or any response to any valid and timely objections with the Court, and shall serve copies of such papers upon Defense Counsel and upon any objectors who have complied with paragraphs 12 and 15 of this Order. All opposition papers shall be filed by September 18, 2023, and any reply papers shall be filed by October 2, 2023.

17. Objections by any Settlement Class Members to Class Counsel's request for Attorneys' Fees and/or Expenses shall be considered by the Court at the Final Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a Settlement Class Member, states the basis for such objections, and serves copies of the foregoing and any other papers in support of such objections on the Settlement Administrator, as provided in paragraph 12, by September 7, 2023.

18. Class Counsel's motion or application for an award of Attorneys' Fees and Expenses, and costs and for the Named Plaintiff Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the settlement. Any appeal from any order relating solely to Class Counsel's Motion for Attorneys' Fees and/or Expenses, and/or for Named Plaintiff Service Awards, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the settlement.

19. Defense Counsel and Class Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 2/3/2023

Hon. Vincent L. Briccetti
United States District Court