**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071
Tel 213.229.7000
gibsondunn.com

Christopher Chorba
Direct: +1 213.229.7396
Fax: +1 213.229.6396
CChorba@gibsondunn.com

November 6, 2023

<u>VIA ECF</u>

The Honorable Vincent L. Briccetti
United States District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Jimenez v. Artsana USA, Inc.*, Case No. 21-cv-07933-VB

Dear Judge Briccetti:

I write on behalf of Artsana to bring to the Court's attention the Third Circuit's relevant decision published last week in *In re Wawa, Inc. Data Sec. Litig.*, --- F.4th ---, 2023 WL 7210345 (3d Cir. Nov. 2, 2023). The *Wawa* decision supports three of Artsana's key arguments in response to Plaintiffs' motions for final approval and attorneys' fees.

*First*, and as Artsana argued (ECF No. 78 at 15–20), the Third Circuit held that "courts *must* place greater weight on the claims rate" in claims-made settlements. *Id.* at *7 (emphasis added). Because the district court had only examined the "funds made available to class members rather than the amount actually claimed," the Third Circuit vacated and remanded the fee award to reassess fees in light of "the amounts distributed to and expected to be claimed by the class." *Id.* at *9.

To support its holding, *Wawa* cited Ninth and Seventh Circuit rulings that fees in claims-made settlements can *only* be benchmarked to claims actually made. *Id.* at *6–7 (citing *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 993 (9th Cir. 2023) and *Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014)). The Third Circuit did not cite, and Artsana is not aware of any Circuit Court adopting Plaintiffs' requested approach of solely considering the theoretical 100% claims rate to evaluate attorneys' fees in a claims-made settlement. *See also* ECF No. 78 at 15–18 (examining Second Circuit district court cases).

*Second*, and again as Artsana argued, the Third Circuit in *Wawa* also explained that in a claims-made settlement, it is "sensible" to "delay a final assessment of the fee award and to withhold all or a substantial part of the fee until the distribution process is complete." 2023 WL 7210345, at *9; *see* ECF No. 78 at 11; ECF No. 83 at 16–20.

*Third*, the Third Circuit noted that a district court may view a claims-made settlement as a "constructive common fund" in order to determine if a fee award is reasonable. 2023 WL 7210345, at *1 n.2. In other words, district courts can use the percentage-of-the-fund method

# GIBSON DUNN

The Honorable Vincent L. Briccetti
United States District Court for the Southern District of New York
Page 2

to determine a reasonable amount of fees, even though there is no actual common fund in a claims-made settlement.  *See id.* at *1 n.2, *7.  Artsana contends that this method is an appropriate benchmark, and leads to a fee award of no more than $331,234 (based on 15% of a putative "fund" of $2,209,375, calculated using a reasonable estimate of legitimate claims).  ECF No. 78 at 18–21.

To be clear though, this is just a method of analysis to help determine whether a fee is reasonable; it is not a *legal basis* for the fee award.  As the Second Circuit has held, the common-fund doctrine cannot provide the legal basis for an award of attorneys' fees where, like here, counsel "seek fees and costs from [the defendant], not from any 'fund' or from those persons who purportedly have benefited from [plaintiffs'] lawsuit." *Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 211–12 (2d Cir. 1987)[1]; *see also Savoie v. Merchants Bank*, 84 F.3d 52, 56 (2d Cir. 1996) (cited by Plaintiffs' counsel at ECF No. 92 at 4); ECF No. 78 at 11–12 (explaining Supreme Court authority).

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/   Christopher Chorba*
Christopher Chorba

Enclosure

cc:     All Counsel of Record (via ECF)

---

[1] Undersigned counsel identified *Christensen* while preparing for the upcoming hearing in this matter.