# BURSOR & FISHER
P.A.

1330 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
www.bursor.com

ALEC M. LESLIE
Tel: 646.837.7150
Fax: 212.989.9163
aleslie@bursor.com

September 4, 2024

*Via ECF*

The Honorable Vincent L. Briccetti
United States District Court, Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street, Room 620
White Plains, NY 10601-4150

  Re: *Jimenez v. Artsana USA, Inc.*, No. 7:21-cv-07933-VB

Dear Judge Briccetti:

  The undersigned represent Plaintiffs and the certified Settlement Class in the above-referenced matter. We write to the Court regarding an issue pertaining to the direct notice program implemented pursuant to the Settlement and to ask that the briefing deadlines in the Court's July 9, 2024 scheduling order (ECF No. 115) be stayed and that the fairness hearing scheduled for October 17, 2024 be adjourned. Defendant Artsana USA, Inc. consents to the stay and adjournment. We also understand that Artsana plans to file a letter presenting their view of the issues that still need to be addressed.

  On August 28, 2024, counsel for Artsana notified the Settlement Administrator, Angeion Group, LLC ("Angeion"), and Plaintiffs' counsel that the data file Defendant had provided to Angeion containing information for the class list that would receive direct notice was incomplete. *See* Declaration of Jenny Shawver, dated August 30, 2024, ¶¶ 19-20 (ECF No. 116). Pursuant to the Settlement, the class list should have included data and available contact information for all individuals for whom there was evidence of an Eligible Product purchase in Artsana's records, either as a result of a direct purchase from Artsana's website (ChiccoUSA.com) or by registration of the Eligible Product with Defendant or NHTSA. Instead, apparently, the class list included only individuals who had registered their booster seats and omitted individuals who purchased their booster seats on ChiccoUSA.com but did not register them. The class list provided by Artsana was used by Angeion to deliver direct notice to identified class members, as well as for assessment of claims eligible for $50 for having proof of purchase based on evidence of the purchase in Artsana's records.

  Artsana has informed Plaintiffs' counsel that the total number of Eligible Products purchased on ChiccoUSA.com during the Class Period was 8,074, but that some of these products were registered (and thus included on the original class list that received direct notice). Artsana has not yet shared with Plaintiffs the number of individuals who purchased the 8,074 Eligible Products on ChiccoUSA.com. Plaintiffs believe that the number of Settlement Class Members who purchased these 8,074 booster seats will likely be in the thousands since while some purchasers

might buy multiple booster seats, many would buy only one or two. It is Plaintiffs' understanding that Artsana is currently working to determine the number of individuals that purchased the 8,074 booster seats but did not register them and thus were improperly excluded from the class list.

Under the Settlement, individuals who purchased an Eligible Product through ChiccoUSA.com and did not register their booster seat should have been sent direct notice of the Settlement by email or U.S. mail. If email notice was returned as undeliverable after two other attempts, Angeion would have mailed a summary notice in postcard form to the extent a current physical mailing address was available. Because such individuals were not included in the direct notice process as set forth in the Settlement due to their omission from the class list, the Parties are conferring about a potential process to provide direct notice to such purchasers and to give those purchasers a reasonable amount of time to file a claim for $50, if they have not already done so.

Defendant is in the process of determining which Settlement Class Members purchased an Eligible Product through ChiccoUSA.com but did not register their product and thus did not receive direct notice. Once any notice and claim process is negotiated, the Parties and Angeion will require time to implement that process. Accordingly, the Parties respectfully request time to ascertain the number of individuals impacted so that they can propose a revised schedule to the Court that incorporates time for such individuals to receive notice and an opportunity to respond. Additionally, Angeion will require time to identify and assess any claims previously made for $25 that identified the purchase as having been made directly from Artsana on the Chicco website so that such claimants can receive $50 instead of $25, where evidence of the purchase exists in Artsana's records.

Additionally, pursuant to the Court's July 9, 2024 scheduling order regarding deficiency, rejection, and appeal processes, interim deadlines, and dates of fairness hearing and related briefing schedule ("July 9 Order") (ECF No. 115), the Parties have conferred with each other and with the Settlement Administrator regarding the results of the deficiency, rejection, and appeal processes. As noted in Ms. Shawver's August 30, 2024 declaration, there are unresolved issues resulting from those processes. In particular, Artsana has raised concerns about the validity of the responses Angeion has deemed approved through the deficiency and appeal processes (amounting to 4,327 claims for 7,216 approved products). Angeion is actively assessing those concerns. Any extension of time will also permit the Parties to confer regarding these outstanding disputes, in an effort to avoid bringing such disputes to the Court for resolution.

Given these issues, Plaintiffs and the certified Settlement Class respectfully request a brief stay of the current case deadlines to give the Parties an opportunity to negotiate and propose an appropriate notice and claim process for the Settlement Class Members who purchased an Eligible Product on ChiccoUSA.com and a briefing schedule. Accordingly, Plaintiffs and the certified Settlement Class, through their counsel, seek entry of the Proposed Order Granting Temporary Stay of Fairness Hearing and Related Briefing Schedule, attached hereto as **Exhibit A** ("Proposed Order"). The Parties have previously requested four extensions of the briefing scheduling and continuances of the Fairness Hearing, which were needed to address the uniquely complicated nature of the claims process in this case.

The Proposed Order Modifies the July 9 Order as follows:

- The Parties propose that the deadlines set forth in the Court's July 9 Order regarding the briefing relating to Plaintiffs' renewed Final Approval Motion and Attorneys' Fees Motion (ECF No. 115, ¶¶ 7-9), be stayed (Proposed Order, ¶ 1).
- The Parties propose that the Fairness Hearing scheduled for October 17, 2024 (ECF No. 115, ¶ 10) be adjourned (Proposed Order, ¶ 1).
- The Parties propose that by no later than September 18, 2024, they provide the Court with a status update and/or new proposed scheduling order (Proposed Order, ¶ 2).

The Parties thank the Court for its continued assistance in addressing the issues that have arisen in this matter. If the Court has any questions, we are available at your convenience.

Dated: September 4, 2024          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Alec M. Leslie*

Alec M. Leslie
1330 Avenue of the Americas
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: aleslie@bursor.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Martha A. Geer
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
Email: mgeer@milberg.com

-and-

**VOZZOLO LLC**
Antonio Vozzolo
Andrea Clisura
345 Route 17 South
Upper Saddle River, NJ 07458
Telephone: (201) 630-8820
Facsimile: (201) 604-8400
Email: avozzolo@vozzolo.com
aclisura@vozzolo.com

*Co-Class Counsel*

Encl.