**EXHIBIT D**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASHAYILA SAYERS, BRITTNEY TINKER, JENNIFER MONACHINO, KIMBERLY MULLINS, HILDA MICHELLE MURPHREE, and AMANDA JIMENEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARTSANA USA, INC.,<br><br>Defendant. | Case No. 7:21-cv-07933-VB<br><br>Hon. Vincent L. Briccetti |

**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING ADDITIONAL CLAIMS, OPT-OUT AND OBJECTION PROCESS, REJECTION AND APPEAL PROCESS, INTERIM DEADLINES, AND DATES OF FAIRNESS HEARING AND RELATED BRIEFING SCHEDULE**

Plaintiffs Mashayila Sayers, Brittney Tinker, Jennifer Monachino, Kimberly Mullins, Hilda Michelle Murphree, and Amanda Jimenez, and Defendant Artsana U.S.A., Inc. (collectively, the "Parties") state as follows:

**WHEREAS**, on September 5, 2024, the Court stayed the deadlines set forth in the Court's July 9, 2024 scheduling Order regarding the briefing related to Plaintiffs' renewed Motion for Final Approval of the Class Action Settlement (the "Final Approval Motion") and Motion for Attorneys' Fees, Costs, Expenses and Incentive Awards (the "Attorneys' Fees Motion"), and adjourned the Fairness Hearing (*see* ECF No. 119).

**WHEREAS**, the Parties have advised the Court that they have reached an agreement on the parameters of an additional claims, opt-out, and objection process and rejection-letter-and-appeal process and are working with the settlement administrator, Angeion Group, LLC ("Angeion"), to finalize the forms of notice and web portals relating to those processes;

**WHEREAS**, the Parties agree to certain modifications of the Settlement to provide a direct notice and additional claims, opt-out, and objection process for certain Class Members for whom there is evidence of a direct purchase of an Eligible Product (the "Direct-Purchase Class Members");

**WHEREAS**, the Parties agree to certain modifications of the Settlement to provide direct notice of rejection and an opportunity to appeal to claimants whose claims have been rejected, but who were not previously given an opportunity to appeal the rejection;

**WHEREAS**, pursuant to ¶¶ 112 and 116 of the Stipulation of Settlement (ECF No. 42-1), the Parties agree to modify the terms and provisions of the Settlement (subject to approval of

2

the Court), as specified below, and stipulate, agree, and request that a schedule be entered as follows.[1]

**IT IS HEREBY STIPULATED AND AGREED** by the Parties, subject to the Court's approval, that—

1. On _____, 2024 [*fifteen (15) business days from the entry of this [Proposed] Order*], Angeion shall activate a web portal on the Settlement Website which will enable Direct-Purchase Class Members to file an electronic claim;

2. On _____, 2024 [*fifteen (15) business days from the entry of this [Proposed] Order*], Angeion shall send notice of an opportunity to file a claim, opt-out, or object to the Direct-Purchase Class Members by email;

3. On _____, 2024 [*fifteen (15) business days from the entry of this [Proposed] Order*], Angeion shall send a postcard notice by U.S. mail, postage prepaid, to any Direct-Purchase Class Members for whom the emailed notice is undeliverable, to the extent a physical mailing address is available;

4. On _____, 2024 [*fifteen (15) business days from the entry of this [Proposed] Order*], Angeion shall send rejection notices by email to any claimants who were not previously provided direct or web-based notice of the rejection of their claim;

5. On _____, 2024 [*fifteen (15) business days from the entry of this [Proposed] Order*], Angeion shall activate a web portal on the Settlement Website which will enable claimants who are sent direct notice of rejection pursuant to paragraph 4 above to appeal the rejection of their claim;

---

[1] All capitalized terms in this stipulation that are not otherwise defined have the same meaning as in the Settlement Agreement.

6. On _____, 2024 [*twenty (20) calendar days after Angeion sends notice to Direct-Purchase Class Members as set forth in paragraph 2 above*], Angeion shall send an additional email notice to the Direct-Purchase Class Members;

7. Direct-Purchase Class Members will have until _____, 2024 [*forty-five (45) calendar days after Angeion sends email notice as set forth in paragraph 2 above*] to file a claim form, opt-out, or object to the Settlement.

8. Claimants who are sent direct notice of rejection pursuant to paragraph 4 above will have until _____, 2024 [*ten (10) business days after Angeion sends rejection notices as set forth in paragraph 4 above*] to appeal (10 business days as specified in ¶ 87 of the Stipulation of Settlement).

9. By no later than_____, 2024 [*fifteen (15) business days after the deadline for appeal set forth in paragraph 8 above*], Angeion shall provide the Parties information regarding all appeals submitted, including any supporting documentation submitted.

10. By _____, 2024 [*fourteen (14) business days after Angeion provides information regarding appeals as set forth in paragraph 9 above*], the Parties shall confer about any appeals from rejections submitted pursuant to paragraph 8 above. If the Parties cannot agree on a resolution of a claimant's appeal contesting a rejection, Angeion shall assess, in good faith, the validity of the disputed claim, subject to the Court's review.

11. By no later than_____, 2024 [*fifteen (15) business days after the deadline for Direct-Purchase Class Members to file a claim form, opt-out, or object to the Settlement set forth in paragraph 7 above*], Angeion shall provide the Parties updated information regarding (1) the number of claims submitted by Direct-Purchase Class Members

4

and (2) the number of Direct-Purchase Class Members who have opted out of the Settlement, if any.

12. By no later than _____, 2024 [*fifteen (15) calendar days after the deadline for the Parties to confer on any appeals as set forth in paragraph 10 above*], Angeion shall file with the Court a declaration containing (a) a list of those persons who have opted out or excluded themselves from the settlement, (b) the number of submitted claims and products, (c) the number of claims and products it has determined to be valid and the reasons for those determinations, (d) the number of claims and products it has rejected because of fraud and the reason(s) for those determinations, and (e) the number of claims and products it has determined to be invalid (but not necessarily fraudulent) and the reason(s) for the denials, along with an explanation of the results of any appeals from rejection notices and responses to deficiency notices. Angeion shall also note its assessment of the validity of the claim for any unresolved objections asserted by the Parties pursuant to paragraph 10 above.

13. By _____, 2024 [*fourteen (14) calendar days after Angeion files a declaration with the Court as set forth in paragraph 12 above*], Class Counsel shall file a renewed Final Approval Motion and Attorneys' Fees Motion, and shall indicate in the renewed motions whether they are filed jointly with Defendant.

14. By _____, 2024 [*twenty-one (21) calendar days after Class Counsel files renewed motions as set forth in paragraph 13 above*], Defendant shall file any opposition to the renewed motions.

15. By _____, 2024 [*fourteen (14) calendar days after Defendant files any oppositions as set forth in paragraph 14 above*], Class Counsel shall file any replies in support of the renewed motions.

16. The Court will hold the Fairness Hearing on the renewed Final Approval Motion and Attorneys' Fees Motion on _____, 2024 at _____ [*subject to the Court's availability, fourteen (14) calendar days after Class Counsel files any replies as set forth in paragraph 15 above*].

Dated: _____, 2024

**SO ORDERED**:

_____

**Hon. Vincent L Briccetti
United States District Court Judge**