**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MASHAYILA SAYERS, BRITTNEY TINKER, JENNIFER MONACHINO, KIMBERLY MULLINS, HILDA MICHELLE MURPHREE, and AMANDA JIMENEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARTSANA USA, INC.<br><br>Defendant. | No. 7:21-cv-07933-VB<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 4/17/25 |

**[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, EXPENSES, AND NAMED PLAINTIFF INCENTIVE AWARDS**

1

WHEREAS, the Court held a Final Hearing to consider approval of this class action settlement on April 8, 2025 at 10:00 a.m. The Court has considered the Stipulation of Settlement (Dkt. 42-1) and the parties' arguments and authorities.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1. For purposes of this Order, the Court adopts the terms and definitions set forth in the settlement.

2. The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, the Settlement Class Members, and Defendant Artsana.

3. The Court finds that the Class Notice constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

4. The Court finds that the Settlement Administrator properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5. The Court finds that, for purposes of the settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court certifies the following Settlement Class for purposes of settlement only:

> All persons and entities in the United States, its territories, and/or its possessions who purchased one or more of the Eligible Products (*i.e.*, Artsana booster seats marketed under the "KidFit" branding, which includes the KidFit, KidFit Zip, KidFit Zip Air, KidFit Luxe, KidFit Plus, and KidFit Air Plus) during the Class Period (*i.e.*, April 22, 2015 to December 31, 2021).

Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Artsana or its subsidiaries and affiliated companies; (b) persons or entities that purchased the Eligible Products primarily for the purposes of resale; (c) governmental entities; (d) persons

and entities that timely and properly exclude themselves from the Class as provided in this settlement; (e) persons and entities that purchased the Eligible Products via the Internet or other remote means while not residing in the United States; and (f) the Court, the Court's immediate family, and Court staff.

6. The Court has specifically considered the factors relevant to class action settlement approval, including the factors set forth in Fed. R. Civ. P. 23(e)(2), as well as:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

7. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the settlement and finds that the settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

   a. There is no fraud or collusion underlying this settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and several mediation sessions with a respected mediator, supporting final approval. *See, e.g., Moses v. N.Y. Times Co.*, 79 F.4th 235, 243 (2d Cir. 2023) ("[T]he arms-length quality of the negotiations remain a factor in favor of approv[al.]"); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).

   b. The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise

3

possible—on behalf of the Settlement Class Members. *See, e.g.*, *Blessing v. Sirius XM Radio Inc.*, 507 F. App'x 1, 4 (2d Cir. 2012) (affirming the district court's approval of a settlement where settling was more beneficial to the proposed class than proceeding to trial).

    c.    The support of Defendant, Defense Counsel, Class Counsel, and the Named Plaintiffs, who have participated in this litigation and have evaluated the proposed settlement, also favors final approval. *See In re Sony Corp. SXRD*, 448 F. App'x 85, 87 (2d Cir. 2011).

    d.    The settlement provides meaningful relief to the Class, including cash and injunctive relief, and certainly falls within the range of possible recoveries by the Settlement Class Members.

8. The Court has also considered Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses and Incentive Awards, as well as the supporting memorandum of law and declarations. (Dkt. Nos. 127-130, 136). For the reasons stated on the record during the April 8, 2025 proceedings, the Court hereby awards Class Counsel attorneys' fees, costs, and expenses in the amount of $2,250,000.00, which the Court finds is fair, reasonable, and justified under the circumstances presented. Such payment shall be made by Defendant pursuant to and in the manner provided by the terms of the Settlement Agreement.

9. The Court has also considered Plaintiffs' Motion, memorandum of law, and supporting declarations for incentive awards to the Class Representatives. (Dkt. Nos. 127-130, 136). The Court adjudges that the payment of incentive awards in the amount of $1,500 each to the Class Representatives to compensate them for their efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case. Such payments shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

10. As of the Effective Date, the Releasing Parties (Settlement Agreement ¶ 31) shall have fully, finally, and forever released, relinquished, and discharged all Released Claims (*id.* ¶ 29) against the Released Parties (*id.* ¶ 30). The Released Claims shall be construed as broadly as possible to effect complete finality over this Action involving Artsana advertising, labeling, and/or marketing of the Eligible Products as set forth herein. Accordingly, the settlement shall terminate the Action. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the settlement.

11. The individuals identified in Exhibit 1 hereto timely and validly requested exclusion from the Settlement Class. These individuals shall not share in the monetary benefits of the settlement, and this Order does not affect their legal rights to pursue any claims they may have against Artsana.

12. This Action, including all claims asserted in the actions, is settled and dismissed on the merits with prejudice.

13. Consummation of the settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each party to the settlement with respect to the interpretation and implementation of the settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the settlement or this Order.

14. Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, the Named Plaintiffs, the Settlement Class Members, and Artsana to enforce the terms of the settlement, the Court's amended order preliminarily certifying the class (Dkt. 52), and this Order. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, the Final Judgment applies to and is binding upon the

Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

15. The settlement and this Order shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce the settlement or the rights of the Parties or their counsel. Neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, Artsana, the Released Parties, Plaintiffs, or the Class, or as a waiver by Artsana, the Released Parties, Plaintiffs, or the Class of any applicable privileges, claims or defenses. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

**IT IS SO ORDERED.**

Dated: April 17, 2025
White Plains, NY.

_____
Hon. Vincent L. Briccetti
United States District Court

→ The Clerk is instructed to close this case.

6

# **EXHIBIT 1**

1. Florence Doyle

2. Melissa Helen Maddy

3. Noah Aron Maddy